CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
*crainey@hamricklaw.com*
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LHF PRODUCTIONS, INC., a Nevada Corporation,<br><br>Plaintiff,<br>vs.<br><br>MARIA GONZALEZ, an individual; BRIAN KABALA, an individual; JOHN KOEHLY, an individual; DANIEL O'CONNELL, an individual; DONALD PLAIN, an individual; ANTE SODA, an individual; MATTHEW STEWART, an individual; and JOHN AND JANE DOES, 1-10<br><br>Defendants | Case No.: 2:16-cv-02028-APG-CWH |

**PLAINTIFF'S RESPONSE TO DEFENDANT ANTE SODA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff LHF PRODUCTIONS, INC. ("PLAINTIFF"), by and through its counsel, Charles Rainey, Esq. of Rainey Legal Group, PLLC, hereby responds in opposition to the Motion to Dismiss the Plaintiff's Complaint, as filed herein by Defendant ANTE SODA (hereinafter referred to as the "Pending Motion"):

**INTRODUCTION**

The Pending Motion should be denied. As demonstrated below, the Pending Motion fails to raise any issue of fact or law that would warrant the dismissal of



HAMRICK & EVANS, LLP

the present case or any part thereof. The entire argument of the Pending Motion hinges upon the Defendant's bare assertion that the Defendant did not do what the complaint alleges. If this court were to adopt the legal standard argued for in the Pending Motion, then any civil defendant would be immune from liability by merely saying "I didn't do it." Of course, this is not the legal standard for a 12(b)(6) motion.

Furthermore, the Defendant's arguments defy the prevailing case law governing Internet piracy cases, such as the one at hand. While it is true that many courts have recognized the possibility that multiple persons may make use of the same IP address, and that a person identified as the subscriber associated with a given IP address may not be the party directly responsible for infringement occurring at that IP address, Plaintiff is not aware of any court that has relied upon that mere possibility as grounds for a 12(b)(6) dismissal. On the contrary, most, if not all, of the jurisdictions that have taken up this issue have roundly rejected the Defendant's arguments within a 12(b)(6) context.[1] Indeed, granting a 12(b)(6) dismissal on such grounds would contravene long established case law requiring that the court accept the facts as pled within the Complaint as true and view them in the light most favorable to the non-movant party.

Meanwhile, as demonstrated below, the Plaintiff has amply satisfied the pleading requirements necessary to overcome a 12(b)(6) motion in this matter. The Plaintiff has pled a strong *prima facie* case of copyright infringement, alleging that the Defendant, and co-defendants, intentionally made use of bittorrent software for the express purpose of illegally downloading and sharing the Plaintiff's motion

---

[1] *See e.g. Patrick Collins, Inc. v. Doe*, 945 F.Supp.2d 367 (E.D.N.Y., 2013); *Malibu Media, LLC v. Does 1*, No. 12 Civ. 2078, 2013 WL 30648, at *4 (E.D.Pa., January 3, 2013); *John Wiley & Sons, Inc. v. Doe Nos. 1–30*, 284 F.R.D. 185, 189 (S.D.N.Y.2012); *Malibu Media, LLC v. Pelizzo*, No. 12 Civ. 22768, 2012 WL 6680387, at *3 (S.D.Fla.2012); *Braun v. Primary Distributor Doe No. 1*, Nos. C 12–5786 MEJ, 12–5814 MEJ, 12–5812 MEJ, 12–5813 MEJ, 2012 WL 6087179, at *3 (N.D.Cal. Dec. 6, 2012); *Sunlust Pictures, LLC v. Does 1–75*, No. 12 Civ. 1546, 2012 WL 3717768, at *4 (N.D.Ill.2012); *Malibu Media v. Sanchez*, No. 13 Civ. 12168 (E.D. Mich., Jan 15, 2014); *Malibu Media v. Michael Harris*, No. 12 Civ. 1117-WTL-MJD (S.D. Ind., July 18, 2013); *Malibu Media v. Lowry*, No. 13 Civ. 01560-MEH (D. Colo., Nov. 14, 2013); *Cobbler Nevada v. Hellman*, No. 15 Civ. 00909 (D. Or., Dec. 14, 2015); *Malibu Media v. John Doe*, No. 15 Civ. 3185 (D. Md., Sep. 12, 2016); *Countrymen Nevada v. Amanda Pitts*, No. 14 Civ. 493-Orl-40GJK (M.D. Fla., Dec. 16, 2014).

picture. The mere fact that the Defendant claims he didn't directly commit the acts alleged in the complaint is an insufficient basis for dismissal of the case.

Accordingly, the Plaintiff respectfully requests that this Court DENY the Pending Motion and allow this case to move forward into the discovery phase.

Respectfully submitted March 26, 2017.

/s/ Charles C. Rainey
CHARLES C. RAINEY, ESQ./MBA/LLM
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff is the lawful owner of the copyright for the motion picture LONDON HAS FALLEN," a feature-length film distributed in the United States and markets abroad (hereinafter referred to as the "Work"). *See* Plaintiff's First Amended Complaint at Ex. 2 [Dkt. No. 7-2](hereafter referred to as "FAC"). As also noted in the FAC, the Defendant retained the services of a third party expert, MAVERICKEYE UG ("Maverickeye"), to identify IP addresses of Internet users engaged in the illegal and unauthorized copying of the Work via the Internet. *See* FAC at p. 8. In this specific case, Maverickeye identified IP Address 72.193.59.93 as one of the IP Addresses engaged in the unlawful download and sharing of the Work. *See* FAC at p. 9, Ex. 1. Defendant's Pending Motion does not question the validity of the Plaintiff's copyright in the Work, nor does it question the technical accuracy or validity of the methods used by Maverickeye to identify the subject IP Address.

Using the information collected from Maverickeye, the Plaintiff filed the present case, identifying the Defendant by her IP Address. *See* Plaintiff's Complaint [Dkt. No. 1]. Then, pursuant to prevailing precedent, the Plaintiff moved this court for an order to open limited discovery for the purpose of identifying the individual associated with the subject IP address. [Dkt No. 3]. This Court granted that motion on August 30, 2016 [Doc. No. 5], and the Plaintiff immediately served a subpoena upon the Defendant's Internet Service Provider ("ISP"), in which Plaintiff requested from the ISP the name and contact information of the individual subscriber for each IP address identified within the Complaint.

The ISP then, after conducting its own internal investigation of the matter, identified IP Address 72.193.59.93 as belonging to Defendant ANTE SODA,

residing at 9028 Winthrop Springs Road, Las Vegas, Nevada 89139-7475 *See* **ISP SUBPOENA RESPONSE AND INVOICE**, attached hereto as Exhibit "**1**" and incorporated herein by reference. A further search of the public county records associated with the foregoing address shows it to be a single-family residence, wholly owned by Defendant ANTE SODA.

Again, the Pending Motion makes no challenge, nor offers any evidence to challenge, the methods or techniques used by the ISP to identify the Defendant as the individual accountholder associated with IP Address 72.193.59.93. Moreover, the Defendant does not appear to even question that an infringement of the Plaintiff's Work occurred using the subject IP Address. Indeed, the Defendant's entire argument appears to be that some unknown third party must have used the Defendant's Internet service to illegally infringe upon the Plaintiff's Work. In short, the Defendant's argument is "I didn't do it."

At this point, the Plaintiff has demonstrated the following uncontroverted facts:

1. The Plaintiff is the lawful owner of the Copyright in the Work;
2. The Work was infringed upon; and
3. The infringement occurred at the Defendant's address, using the Defendant's Internet service.

None of the foregoing facts are in dispute. Moreover, based on the foregoing facts, out of the universe of possible suspects responsible for the infringement, the Defendant is far and away the must likely culprit. As further explained in the legal analysis below, and based upon prevailing case law, the foregoing uncontroverted facts provide a clear *prima facie* case of copyright infringement against the Defendant, which cannot be overcome in a 12(b)(6) setting by merely asserting one's innocence. The court must DENY the Defendant's Pending Motion.

HAMRICK & EVANS, LLP

## II.

## ARGUMENT

### A. LEGAL STANDARD

In order to survive a motion to dismiss under FRCP 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), *citing Bell Atl. Corp. v. Twombly*, 550 US 544, 570 (2007). A claim is facially plausible when the complaint alleges facts that allow the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged. *Id.* When ruling on a motion to dismiss, the court must accept as true all factual allegations in the complaint and construe the pleadings in the light most favorable to the non-moving party. *Native Village of Kivalina v. ExxonMobile Corp.*, 696 F3d 849, 867 (9th Cir 2012), *cert. denied*, 133 SCt 2390 (2013) (citation omitted); *see also NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The relevant question is, not whether a complaint's factual allegations are true, but whether the complaint contains sufficient factual matter accepted as true to state a complaint for relief that is plausible on its face. *Id.* It is only under extraordinary circumstances that dismissal is proper under FRCP 12(b)(6). *United States v. City of Redwood City*, 640 F2d 963, 966 (9th Cir 1981).

Meanwhile, to establish a claim of copyright infringement, a plaintiff must allege: (1) it owned a valid copyright, and (2) the defendant copied constituent elements of the work that are original without authorization. *Rice v. Fox Broad. Corp.*, 330 F.3d 1170, 1174 (9th Cir. 2003) (citing *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

### B. PLAINTIFF PROPERLY PLED A CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST THE DEFENDANT.

In the present case, there is no dispute as to whether the Plaintiff is the lawful owner of the copyright in the subject Work. Consequently, the Defendant



HAMRICK & EVANS, LLP

appears to center her argument upon the second element of a copyright claim – arguing that the Plaintiff somehow failed to allege that the Defendant copied constituent elements of the Work. However, that argument contradicts the plain language of the FAC.

The FAC specifically identifies ANTE SODA as one of the Defendants responsible for the copyright infringement. FAC at p. 3, para. 9(c). The FAC goes on to state that each Defendant, by reference including ANTE SODA, "installed a BitTorrent Client onto his or her computer." FAC at p. 5, para. 16. The FAC then alleges that each Defendant used that BitTorrent Client to participate in a swarm of infringers, each copying "a piece of the Plaintiff's copyrighted Work." *Id* at p. 9, paras. 39 and 47. The FAC makes clear that this copying was in no way authorized, permitted or consented to by the Plaintiff. *Id* at p. 10, para. 40. The FAC even goes into a detailed explanation of how BitTorrent Client software works, and how the Plaintiff, using a third party expert, identified and tracked the infringing activity to the Defendant's IP address. *Id* at pp. 5-9.

Indeed, the Defendant appears to accept as true all of the following facts:

1. The Plaintiff holds a valid copyright in the Work.
2. The use of torrent software to download and share the Work without the Plaintiff's consent constitutes copyright infringement.
3. The Plaintiff's experts identified a computer using the IP Address 72.193.59.93 as having engaged in the unauthorized downloading and sharing of the Work using a Torrent client.
4. The Defendant's ISP identified the Defendant as the Internet service subscriber associated with IP Address 72.193.59.93.

The Defendant's only argument appears to be that, even though the infringing activity occurred over the Defendant's Internet account, the Defendant's mere assertion of innocence is somehow sufficient grounds to entirely dismiss the Complaint. Even though the Complaint specifically alleges that the Defendant



HAMRICK & EVANS, LLP

infringed upon the Plaintiff's copyright, and even though that allegation is supported by evidence from a third party expert and the Defendant's own ISP, the Defendant seems to believe that he can dismiss this case based purely upon his unsupported assertion of innocence.

This is not the standard for a 12(b)(6) motion and flies in the face of well-established precedent, which requires that the Court accept the facts asserted in the Complaint as true and construe all inferences in favor of the non-moving party. *See Native Village of Kivalina v. ExxonMobile Corp.*, 696 F3d 849, 867 (9th Cir 2012), *cert. denied*, 133 SCt 2390 (2013) (citation omitted); *see also NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

Meanwhile, the prevailing case law in Internet Piracy cases, such as the one at hand, resoundingly disagrees with the Defendant's position. While it is true that many courts have recognized the possibility that multiple persons may make use of the same IP address, and that, as a result, the subscriber of a specific IP address may not be the party directly responsible for the infringement, the Courts have roundly rejected the notion that that a party may seek dismissal under 12(b)(6) based purely upon the assertion that someone else may have used his or her IP Address.

In fact, in a strikingly similar case in the Eastern District of New York, *Patrick Collins, Inc. v. Doe* [945 F.Supp.2d 367 (E.D.N.Y., 2013)], the Court directly addresses the very orders and opinions referenced by the Defendant in her Pending Motion, but ultimately denies the defendant's motion to dismiss, noting that "the difficulty that the Plaintiff will ultimately have in proving that the individual John Doe Defendant was the one who actually utilized the IP address to commit the accused copyright infringement is not relevant in the context of a motion to dismiss." *Patrick Collins* 945 F.Supp.2d at 375.

In that case, just like here:

> [t]he core of the Defendant's motion to dismiss is that '[t]he mere fact that an individual pays for internet service with an ISP and is issued



HAMRICK & EVANS, LLP

> an IP address is simply not sufficient factual information to support the leap from sheer possibility to plausible.' In other words, the Defendant argues that IP subscribers are not necessarily copyright infringers, but only possibly may be, and that this is insufficiently plausible to state a claim for copyright infringement.

*Id* at 373.

However, the Court ultimately found that the facts alleged in the Complaint (facts nearly identical to those alleged in this case) were sufficient to overcome a motion to dismiss. The Court wrote:

> It is true that the Defendant is identified only by his IP address, as it was the IP address he subscribed to that was connected to the investigative server to transmit a full copy or portion of the protected media file at issue. Further, as both Magistrate Judge Gary R. Brown and this Court have observed, there are doubts that the subscribers of IP addresses are actually the individuals who carried out the complained of acts. However, the difficulty that the Plaintiff will ultimately have in proving that the individual John Doe Defendant was the one who actually utilized the IP address to commit the accused copyright infringement is not relevant in the context of a motion to dismiss. Instead, at this time, the Plaintiff merely has to state a plausible claim. Thus, while it is a reasonable possibility that the Defendant here did not commit any copyright infringement because another individual did so using his IP address, such as a different family member, visitor, neighbor, or passerby, it is an equally reasonable possibility that the Defendant committed the accused of act.

*Id* at 375.

The Court went on to note "every court to have addressed this issue has found a sufficiently alleged copyright infringement claim based on BitTorrent technology, even when the defendant was merely identified with an IP address." *Id* at 375, *citing Malibu Media, LLC v. Does 1*, No. 12 Civ. 2078, 2013 WL 30648, at *4 (E.D.Pa. January 3, 2013); *John Wiley & Sons, Inc. v. Doe Nos. 1–30*, 284 F.R.D. 185, 189 (S.D.N.Y.2012); *Malibu Media, LLC v. Pelizzo*, No. 12 Civ. 22768, 2012 WL 6680387, at *3 (S.D.Fla.2012) (finding a similar complaint sufficient where a plaintiff "simply alleged that a computer using the IP address assigned to Defendant participated in the alleged infringing activity" despite the fact that the Defendant argue[d] that the allegations [were] too speculative and conclusory to adequately allege a plausible copyright infringement claim against an individual person, specifically Defendant ... because they d[id] not explain how his

condominium unit was associated with the IP address at issue"); *Braun v. Primary Distributor Doe No. 1*, Nos. C 12–5786 MEJ, 12–5814 MEJ, 12–5812 MEJ, 12–5813 MEJ, 2012 WL 6087179, at *3 (N.D.Cal. Dec. 6, 2012) (concluding that the plaintiff had adequately asserted a federal copyright infringement claim because the plaintiff alleged that "Defendants actively engaged in or directly caused the copying by completing each of the steps in the BitTorrent filesharing protocol, including intentionally downloading a torrent file particular to Star Wars XXX. A Porn Parody, loading that torrent file into the BitTorrent client, entering a BitTorrent swarm particular to Star Wars XXX. A Porn Parody, and ultimately, downloading and uploading pieces of a Star Wars XXX. A Porn Parody file to eventually obtain a whole copy of the file."); *Sunlust Pictures, LLC v. Does 1–75*, No. 12 Civ. 1546, 2012 WL 3717768, at *4 (N.D.Ill.2012) ("It is plausible, based on these allegations, that Doe shared copyrighted data with others in the swarm including some or all of the other defendants.").

Meanwhile, federal Courts across the United States have continued to follow the foregoing pattern in the intervening years since the above-referenced *Patrick Collins* opinion in the Eastern District of New York. *See e.g., Malibu Media v. Sanchez*, No. 13 Civ. 12168, pp. 4, 6 (E.D. Mich., Jan 15, 2014) (Court denies Defendant Sanchez' motion to dismiss, noting "As the subscriber in control of the IP address being used to distribute Plaintiff's copyrighted movies, Defendant is the most likely infringer."); *Malibu Media v. Michael Harris*, No. 12 Civ. 1117-WTL-MJD (S.D. Ind., July 18, 2013); *Cobbler Nevada v. Hellman*, No. 15 Civ. 00909 (D. Or., Dec. 14, 2015) (Court rejects Defendant's argument that he should be dismissed as merely the subscriber of the Internet service where some infringement occurred, noting that, while it is possible that some other party used the defendant's IP Address to commit the infringing acts, it is equally plausible that the Defendant committed those acts himself). *Malibu Media v. John Doe*, No. 15 Civ. 3185 (D. Md., Sep. 12, 2016) (Court finds that Defendant's mere status as an internet service

subscriber is sufficient to overcome a motion to dismiss); *Tcyk, LLC v. Doe,* No. 13 Civ. 3127 (C.D. Ill, Sep. 29, 2014). *Malibu Media, LLC v. Doe*, No.14 Civ.932 (E.D. Wis., May 21, 2015) ("The complaint alleges that defendant is the IP address subscriber and the infringer, and while it is possible that someone other than the subscriber used the subscriber's internet connection to illegally download plaintiff's copyrighted materials, it is also plausible that the subscriber himself did so. At this stage in the litigation, this is enough").

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court DENY the Pending Motion and allow this case to proceed into discovery.

Respectfully submitted this March 26, 2017.

/s/ Charles C. Rainey
CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
chaz@raineylegal.com
RAINEY LEGAL GROUP, PLLC
9340 W. Martin Avenue, Second Floor
Las Vegas, Nevada 89148
+1.702.425.5100 (ph)
+1.888.867.5734 (fax)
*Attorney for Plaintiff*

HAMRICK & EVANS, LLP