CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
*crainey@hamricklaw.com*
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LHF PRODUCTIONS, INC., a Nevada Corporation,

        Plaintiff,

vs.

MARIA GONZALEZ, an individual; BRIAN KABALA, an individual; JOHN KOEHLY, an individual; DANIEL O'CONNELL, an individual; DONALD PLAIN, an individual; ANTE SODA, an individual; MATTHEW STEWART, an individual; and JOHN AND JANE DOES.

        Defendants

Case No.: 2:16-cv-02028-APG-CWH

## PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS OF DEFENDANT BRIAN KABALA

COMES NOW Plaintiff LHF PRODUCTIONS, INC. ("PLAINTIFF"), by and through its counsel, Charles Rainey, Esq. of HAMRICK & EVANS, LLP, hereby moves to dismiss the counterclaims (the "Counterclaims") raised by Defendant BRIAN KABALA (hereafter referred to as "Defendant Kabala"):

///

///

HAMRICK & EVANS, LLP

### INTRODUCTION:

Defendant Kabala wrongfully asserts two counterclaims against the Plaintiff, the first of which is not a counterclaim at all, but merely a re-stated affirmative defense, and the second of which fails as a matter of law.  The Defendant's only actual, pled counterclaim is a cause of action for abuse of process.  However, Kabala fails to plead a key element of the cause of action.  Specifically, the Counterclaim fails to allege that the Plaintiff engaged in any willful act in the use of the legal process, not proper in the regular conduct of the proceeding.

In fact, Plaintiff's counsel, recognizing the somewhat jaded history of cyber piracy litigation, takes great pains to conduct these proceedings in a highly standardized, professional, and predictable manner, affording defendants every possible opportunity to present and argue their defense.  In identifying the Defendants in this case, Plaintiff's counsel followed the only available mechanism known to exist, which is the use of early, limited ex parte discovery.  Then, once the Plaintiff identified the Defendants, it gave them multiple warnings of the present litigation and afforded each of them ample opportunity to settle the matter or present evidence to contradict those of the Plaintiff's expert.

Accordingly, the Plaintiff respectfully requests that this Court DISMISS the Counterclaims raised by the Defendant/Counterclaimant BRIAN KABALA.

Respectfully submitted March 27, 2017.


/s/ Charles C. Rainey
CHARLES C. RAINEY, ESQ./MBA/LLM
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

HAMRICK & EVANS, LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff is the lawful owner of the copyright for the motion picture LONDON HAS FALLEN," a feature-length film distributed in the United States and markets abroad (hereinafter referred to as the "Work"), having earned over Two Hundred Million dollars (USD$200,000,000) in global box office receipts. *See* Plaintiff's First Amended Complaint at Ex. 2 [Dkt. No. 7-2](hereafter referred to as "FAC"). As also noted in the FAC, the Defendant retained the services of a third party expert, MAVERICKEYE UG ("Maverickeye"), to identify IP addresses of Internet users engaged in the illegal and unauthorized copying of the Work via the Internet. *See* FAC at p. 8.  In this specific case, Maverickeye identified IP Address 68.96.200.163 as one of the IP Addresses engaged in the unlawful download and sharing of the Work. *See* FAC at p. 9, Ex. 1.

Defendant's Counterclaims do not question the validity of the Plaintiff's copyright in the Work, nor do they make any direct assertion challenging the technical accuracy or validity of the methods used by Maverickeye to identify the subject IP Address.  While the Counterclaims reference mistakes and inaccuracies in the work of other experts and investigators in the field, the Counterclaimant makes no direct claim against Maverickeye or its methods.

Using the information collected from Maverickeye, the Plaintiff filed the present case, identifying the Defendant/Counterclaimant by his IP Address. *See* Plaintiff's Complaint [Dkt. No. 1].   Then, pursuant to prevailing precedent, the Plaintiff moved this court for an order to open limited discovery for the purpose of identifying the individual associated with the subject IP address. [Dkt No. 3]. This Court granted that motion on August 30, 2016 [Doc. No. 5], and the Plaintiff immediately served a subpoena upon the Defendant's Internet Service Provider ("ISP"), in which Plaintiff requested from the ISP the name and contact

HAMRICK & EVANS, LLP

3

information of the individual subscriber for each IP address identified within the Complaint.

The ISP then, after conducting its own internal investigation of the matter, identified IP Address 68.96.200.163 as belonging to Defendant BRIAN KABALA, residing at 4920 Holly Grove Drive, Las Vegas, Nevada 89130-2232.

Again, the Counterclaims make no assertion to challenge the methods or techniques used by the ISP to identify the Defendant as the individual accountholder associated with IP Address 68.96.200.163.      Moreover, the Counterclaimant does not appear to even question that an infringement of the Plaintiff's Work occurred using the subject IP Address.

After receiving the identifying information from the Defendant's ISP, the Plaintiff prepared and dispatched an initial demand letter to each of the defendants in this case, notifying each defendant of the pending lawsuit, the claims against them, and affording each an opportunity to either settle the case without the need for further litigation or bring forth evidence to contradict the findings of the Plaintiff's expert.   As explained in the initial demand letters, the Plaintiff's goal in the early stages of these cases is to establish a clear deterrent against future infringement.   To that end, the Plaintiff issued a second, follow up demand letter to each of the defendants and allowed them more than a month of time to address the Plaintiff's concerns before being officially named as a defendant in the present case.

On November 22, 2016, the Plaintiff filed its first amended complaint, identifying Defendant Kabala as one of the defendants in the present case.   The Plaintiff then, through an independent process server, personally served Defendant Kabala on February 14, 2017.  Later, on March 13, 2017, Defendant Kabala filed his answer to the Complaint along with the present Counterclaims.

Defendant Kabala alleges two Counterclaims.  The first counterclaim is a "Declaration of Non-Infringement," which is really just a reiteration of the

HAMRICK & EVANS, LLP

Defendant's previously asserted defense, claiming that he did not directly commit the acts of copyright infringement alleged in the Plaintiff's complaint.  The second counterclaim is for Abuse of Process.    Reviewing the facts alleged within the Counterclaims, Defendant Kabala appears to base his Abuse of Process claim upon the unsupported (and quite frankly illogical) assertion that the Plaintiff "seeded" its own motion picture on the BitTorrent file-sharing network.   Defendant Kabala asserts that the Plaintiff deliberately posted its Copyrighted work on the BitTorrent peer-to-peer file-sharing network for the purpose of building the present litigation.

Kabala's assertions are not only wholly unsupported, they are illogical.  Why would the producer of a Hollywood blockbuster film, costing tens of millions of dollars and set for release in thousands of screens throughout the country and the world, deliberately leak its motion picture over a network where it could be pirated and distributed for free?   The very idea defies logic.  Any monies that the Plaintiff receives from Defendants in these cases would be easily dwarfed by the revenues the Plaintiff could have earned had its film not been illegally distributed over the Internet.

Moreover, as explained below, even if this Court were to accept Kabala's unfounded speculation as fact, it still fails to meet the pleading standards to form the basis of a claim for "abuse of process."

## II.

## ARGUMENT

### A.  LEGAL STANDARD

In order to survive a motion to dismiss under FRCP 12(b)(6) for failure to state a claim, "a complaint [or, in this case, a counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), *citing Bell Atl. Corp. v. Twombly*, 550 US 544, 570 (2007). A claim is facially plausible when the complaint alleges

HAMRICK & EVANS, LLP

facts that allow the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged. *Id.* "To be plausible on its face, a claim must be more than merely possible or conceivable. '[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' *Lehrer v. Connelly* 2:11 Civ. 735 (D. Nev., March 27, 2012) (*quoting Iqbal*, 556 U.S. 570). "Rather, the factual allegations must push the claim 'across the line from conceivable to plausible.'" *Id* (*quoting Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Meanwhile, to state a claim for abuse of process under Nevada law, the complaint, or in this case, the counterclaim, must allege: (1) an ulterior purpose for bringing a lawsuit other than to resolve a legal dispute; and (2) a willful act in the use of the legal process, not proper in the regular conduct of the proceeding. See *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002); *Posadas v. City of Reno*, 851 P.2d 438, 444-45 (Nev. 1993) (internal citations omitted). "As previously noted by this district, 'Nevada follows the rule, as does an overwhelming majority of states, that the mere filing of the complaint is insufficient to establish the tort of abuse of process.' *Lehrer v. Connelly* No. 2:12 Civ.735 (D. Nev., March 27, 2012) (*quoting Laxalt v. McClatchy*, 622 F.Supp. 737, 752 (D.C.Nev.1985)). The mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action"); *Fagin v. Doby Geroge, LLC*, 3:08 Civ. 314 (D. Nev., Aug. 2, 2011) (*quoting Joseph v. Markovitz*, 551 P.2d 571, 575 (Ariz. App. 1976).

**B. DEFENDANT KABALA HAS FAILED TO PLEAD A CASE FOR ABUSE OF PROCESS, BECAUSE HE CANNOT POINT TO ANY IMPROPER WILFULL ACT COMMITTED BY THE PLAINTIFF IN ITS USE OF LEGAL PROCESS.**

HAMRICK & EVANS, LLP

6

Even if this Court were to accept the Counterclaimant's unsupported (and wholly illogical) accusation that the Plaintiff's intent in filing the present suit is not to protect its intellectual property, but rather to "elicit settlement funds," even then, the Counterclaimant fails to allege any improper action in the Plaintiff's use of the legal process.   Kabala's Abuse of Process counterclaim consists of a single paragraph, in which Kabala asserts that the Plaintiff filed the present case, as well as other cases, to "elicit settlement funds" as opposed to protecting its intellectual property rights.   However, at no point within the Counterclaim, or any of the Counterclaimant's alleged facts, does the Counterclaimant allege that the Plaintiff engaged in any improper willful act in its use of the legal process.  "Absent any allegation that [the Plaintiff] has engaged in any improper act in prosecuting his present complaint, the counterclaimant [has] failed to state a claim for abuse of process." *Lehrer v. Connelly*, 2:11 Civ. 735 (D. Nev., March 27, 2012).

III.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court DISMISS Defendant Kabala's Counterclaims.

Respectfully submitted this March 27, 2017.

/s/ Charles C. Rainey
CHARLES C. RAINEY, ESQ./MBA/LLM
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

HAMRICK & EVANS, LLP