1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LHF PRODUCTIONS, INC.,                    )
                                          )        Case No. 2:16-cv-02028-JAD-NJK
                  Plaintiff(s),           )
                                          )        **ORDER**
v.                                        )
                                          )        **REPORT AND RECOMMENDATION**
BRIAN KABALA, et al.,                     )
                                          )
                  Defendant(s).           )
_____)

This is one of several of cases filed by Plaintiff against numerous defendants alleged to have infringed its copyright through the BitTorrent protocol.[1]  The Court issued an order to show cause as to why the defendants should not be severed and all defendants dismissed without prejudice except for the first defendant, as well as why the subpoenas served should not be quashed except to the extent they relate to the first defendant.  Docket No. 33.  Plaintiff filed a response to the order to show cause, and an amended response.  Docket Nos. 53, 59.

Defendant Brian Kabala filed a response.  Docket No. 55.  Defendant Kabala also filed a motion for leave to file an amended response, Docket No. 58, which is hereby **GRANTED**.

---

[1] Plaintiff's counsel represents Plaintiff in this case, as well as Plaintiffs ME2 Productions and WWE Studios Finance Corporation in numerous other cases.  Concurrently herewith, the undersigned is issuing orders and reports and recommendations in several other cases.  *See, e.g.*, *ME2 Prods., Inc. v. Bayu*, Case No. 2:17-cv-724-JCM-NJK; *WWE Studios Finance Corp. v. Busby*, Case No. 2:17-cv-00897-MMD-NJK.

1   The Court finds a hearing unnecessary on this matter.  *See* Local Rule 78-1.  Accordingly, the

2   motion for a hearing at Docket No. 60 is **DENIED**.

3   The undersigned further **RECOMMENDS** that all Defendants except Defendant Brian Kabala be

4   **SEVERED** and **DISMISSED** without prejudice.

5   Plaintiff is **ORDERED** to promptly serve a copy of this order and report and recommendation on

6   any defendant who has not yet appeared, and shall file a proof of service of the same by June 20, 2017.

7   **I.   FACTUAL BACKGROUND**

8   This is one of dozens of cases alleging numerous defendants engaged in copyright infringement

9   through BitTorrent.  Although this type of case is now relatively common in federal courts, it is only

10  recently becoming common in this District.  Plaintiff owns the copyright for the motion picture "London

11  Has Fallen."  Docket No. 1 at ¶ 11.  Plaintiff alleges that each of the defendants is a Nevada resident who

12  infringed that copyright through participation in a BitTorrent swarm.  *See, e.g.*, *id.* at ¶¶ 29-35.  Plaintiff

13  hired a digital forensic investigation service to determine the IP addresses that were involved in that swarm.

14  *See id.* at ¶¶ 36-42.

15  Plaintiff then brought suit against 23 Doe Defendants.  *See* Docket No. 1-1.  Plaintiff moved the

16  Court *ex parte* for an order allowing it to obtain discovery from various Internet Service Providers so that

17  it could identify the Doe Defendants.  Docket No. 3.  The Court granted that motion.  Docket No. 5.  On

18  November 22, 2016, Plaintiff amended the complaint to bring claims against ten named defendants and

19  ten Doe Defendants.  Docket No. 7.  On April 27, 2017, the Court issued the instant order to show cause.

20  Docket No. 33.  At this juncture, four defendants remain in the case.

21  **II.   RECOMMENDATION FOR SEVERANCE AND DISMISSAL WITHOUT PREJUDICE**

22  The central question now before the Court is whether Plaintiff properly joined numerous defendants

23  in this case based on the contention that they participated in the same BitTorrent "swarm."  The majority

24  of courts within the Ninth Circuit have determined that such allegations are insufficient to establish the

25  requirements for joinder under Rule 20(a) of the Federal Rules of Civil Procedure[2] and, even if those

26

27  _____

28  [2] The Court refers hereafter to the Federal Rules of Civil Procedure as simply "Rules."

2

1  requirements had been met, that joinder should nonetheless not be permitted as a discretionary matter. The
2  undersigned agrees with the majority approach on both issues.

3              A.   MERITS OF PERMISSIVE JOINDER

4        Rule 21 provides that the Court may, "on just terms, add or drop a party" from an action or "sever
5  any claim against a party." Courts have broad discretion in determining whether to sever a party. *See, e.g.*,
6  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). Rule 20(a) outlines the requirements
7  for permissive joinder of defendants, providing that joinder is appropriate if (1) a right to relief is asserted
8  relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences, and
9  (2) some question of law or fact is common to all defendants. *See Desert Empire Bank v. Ins. Co. of N.*
10 *Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). The Ninth Circuit has indicated that Rule 20 must be "construed
11 liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby
12 preventing multiple lawsuits." *See, e.g.*, *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558
13 F.2d 914, 917 (9th Cir. 1977); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)
14 (noting the "impulse is toward entertaining the broadest possible scope of action consistent with fairness
15 to the parties; joinder of claims, parties and remedies is strongly encouraged"). At the same time, "[t]he
16 policy favoring broad joinder does not mean that the requirements for permissive joinder should be
17 ignored." *CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 554 (D. Md. 2012).

18       As noted above, a basic prerequisite for joining claims against different defendants is that they must
19 arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P.
20 20(a)(2)(A). Plaintiff alleges that each Defendant participated in a BitTorrent swarm with respect to its
21 copyrighted work and, further, that such participation in that BitTorrent swarm constitutes a transaction or
22 series of transactions. *E.g.*, Docket No. 1 at ¶¶ 10, 33.[3] Plaintiff further alleges that "[e]ach Defendant had
23 copied a piece of the Plaintiff's copyrighted Work identified by the Unique Hash Number; and [t]herefore,
24 each Defendant was part of the same series of transactions." *Id.* at ¶ 39.

25

26       [3] "BitTorrent is a file-sharing protocol that allows users to download files via the [I]nternet. Files
27 are broken into many pieces, and after downloading each piece, a user also becomes a source of that piece
28 for other users, creating a reciprocal, decentralized network." 4-20 MOORES'S FEDERAL PRACTICE – Civil
   § 20.05 (2017).

Generally speaking, whether a situation constitutes a single transaction, occurrence, or series of transactions or occurrences for purposes of Rule 20 depends on a case-specific analysis.  7 Wright, Miller, & Kane, FEDERAL PRACTICE AND PROCEDURE, § 1653 (3d ed. 2014).  The factual scenario presented here, however, is the same or substantially similar to many other copyright cases alleging infringement through BitTorrent,[4] and the Court finds that those cases provide significant guidance on whether Plaintiff has shown a transaction, occurrence, or series of transactions or occurrences in this case.

"In most of these cases, the courts have held that the defendants were improperly joined, and have usually ordered severance of all but one defendant.  While the defendants' conduct is parallel, each acts separately so that each instance of downloading is a separate transaction or occurrence."  4-20 MOORE'S FEDERAL PRACTICE – Civil § 20.05 (2017).  Several district court decisions within the Ninth Circuit persuasively articulate the reasons for finding BitTorrent swarm allegations insufficient to establish a transaction, occurrence, or series of transactions or occurrences, as required to satisfy Rule 20(a).  For example, Judge Teilborg succinctly surmised some of the problems with the joinder of BitTorrent claims as follows:

> The Court finds that a user participating in the same swarm is not the same transaction or occurrence or series of transactions or occurrences. The Court bases this finding on the fact that a particular swarm, including the swarm at issue in this case, can last for many months. During those months, the initial participants may never overlap with later participants. Additionally, because pieces and copies of the protected work may be coming from various sources within the swarm, individual users might never use the same sources. Finally, in Plaintiff's effort to ensure this Court's jurisdiction, Plaintiff has included only Arizona IP addresses from this particular swarm. However, the Court presumes many users from many other jurisdictions participated in this swarm. Because of the ease with which all of the various users can be separated, the Court finds it would be inconsistent to find a single transaction or occurrence for joinder based solely on Plaintiff's litigation goals of bringing a single lawsuit against the Arizona defendants. In other words, there is no logic to segregating the Arizona based members of the swarm from the non-Arizona based members, except Plaintiff's convenience. The Court finds this is not a basis for allowing permissive joinder.

*Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 498 (D. Ariz. 2012).

The concerns articulated by Judge Teilborg echo those that had been outlined earlier by Judge Spero in finding that the BitTorrent protocol does not meet Rule 20's transactional requirement:

---

[4] It does not appear that the Ninth Circuit or any judge within this District has addressed this issue.

4

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1–188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1–188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011).

Plaintiff casts these decisions as "riddled with [such] profound errors in logic and judgment" that they have been relegated to "outlier" status. *See, e.g.*, Docket No. 59 at 10.[5] Plaintiff's view of the legal landscape is a distorted one. While there are undoubtedly some judges who have reached the opposite conclusion,[6] the reasoning articulated by Judge Teilborg and Judge Spero is consistent with the majority view adopted by vast numbers of other judges within the Ninth Circuit who have held that BitTorrent swarm allegations are insufficient to meet the transactional requirement in Rule 20(a)(2)(A). *See On the Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 502-03 (N.D. Cal. 2011) (Zimmerman, J.) ("Most recent decisions on this issue have concluded that the use of the BitTorrent protocol does not distinguish these cases from earlier rulings in P2P cases in which courts have found that joining multiple Doe defendants was

---

[5] In citing to Plaintiff's response to the order to show cause, the Court will refer to the page numbers as provided by CM/ECF.

[6] For example, Plaintiff cites *Thompsons Film, LLC v. Does 1-94*, which concluded that, "[i]n the circumstances of this litigation, the Court finds that joint litigation against numerous participants in a single swarm satisfies the specific requirements of Rule 20(a)(2) but that joinder may ultimately create a procedural imbalance which, left unchecked, would not comport with the principles of fundamental fairness." Case No. C13-0560RSL, 2013 U.S. Dist. LEXIS 112129, at *7-8 (W.D. Wash. Aug. 7, 2013). The Court is also aware of other decisions from within the Ninth Circuit finding that BitTorrent swarm allegations suffice to meet Rule 20's transactional requirement. Nonetheless, the undersigned finds the majority approach to be more persuasive.

Plaintiff provides a string citation to orders for the proposition that they represent the "overwhelming majority" of courts that "allow joinder in BitTorrent cases." Docket No. 59 at 20. Most of the orders in this string citation, and all the orders Plaintiff cited from within the Ninth Circuit, are silent regarding joinder, and discuss only whether to allow discovery on the identities of Doe Defendants. *See, e.g.*, Docket Nos. 59-3, 59-9, 59-18. Especially given the abundance of case law explicitly discussing the joinder issues now before the Court, Plaintiff's reliance on these discovery orders is not persuasive.

improper since downloading the same file did not mean that each of the defendants were engaged in the same transaction or occurrence. I agree with the views expressed by these courts and find that plaintiff has not established that joinder would be proper under FRCP 20(a)(2) merely because defendants used BitTorrent to download the same film" (internal collection of cases omitted)); *see also Clear Skies Nevada, LLC v. Doe-98.232.166.89*, Case No. 3:15-cv-02142-AC, 2016 WL 8738173, at *1-2 (D. Or. Apr. 27, 2016) (Acosta, J.) ("A growing number of judges have concluded that grouping defendants together in a single action by their IP addresses is an improper use of Rule 20"), *adopted*, 2016 WL 8738164 (D. Or. May 6, 2016) (Mossman, J.); *Third Degree Films, Inc. v. John Does 1 Through 4*, Case No. 12-cv-1849 BEN (BGS), 2013 WL 3762625, at *1 (S.D. Cal. July 16, 2013) (Benitez, J.) ("The majority of district courts within the Ninth Circuit, however, have held that allegations of 'swarm joinder,' without more, are insufficient for joinder"); *RynoRyder Prods., Inc. v. Does 1-23*, Case No. 6:13-cv-539-TC, 2013 WL 2146456, at *2 (D. Or. May 14, 2013) (Coffin, J.) (agreeing with similar BitTorrent decision finding joinder to be improper), *adopted*, 2013 WL 3146866 (D. Or. June 17, 2013) (Aiken, C.J.); *Riding Films, Inc. v. John Does I-CCL*, Case No. CV 13-00299-PHX-DGC, 2013 WL 2152552, at *3 (D. Ariz. May 16, 2013) (Campbell, J.) ("the rights of action against different participants in the same online swarm do not arise out of the same transaction or series of transactions"); *Voltage Pictures, LLC v. Does 1-198*, Case No. 6:13-cv-290-AA, 2013 WL 1900597, at *2 (D. Or. May 4, 2013) (Aiken, C.J.) ("Many judges have determined that the tactic of suing a large swath of users associated with IP addresses utilized in the BitTorrent cases, improperly joins dozens of defendants into a single action, *i.e.*, swarm joinder. The number of courts holding that swarm joinder is not appropriate is growing" (internal citations omitted)); *Patrick Collins, Inc. v. John Does 1 through 34*, Case No. 3:12-CV-1475-GPC-BGS, 2013 WL 1660673, at *2 (S.D. Cal. Apr. 16, 2013) (Curiel, J.) ("the majority view among district courts within the Ninth Circuit is that allegations of swarm joinder are alone insufficient for joinder"); *808 Holding, LLC v. Collective of December 29, 2011 Sharing Hash E37917C8EE B4585E6421358FF32F29CD63C23C9 1*, Case No. 12-cv-186-MMA (RBB), 2013 WL 12108099, at * 1 & n.1 (S.D. Cal. Mar. 5, 2013) (Anello, J.) ("district courts have increasingly followed cases in favor of severing Doe defendants" and reversing course from prior approach taken in earlier case); *Patrick Collins, Inc. v. Does*, Case No. SACV 12-977 JVS (RNBx), 2012 WL 12893290, at *7 (C.D. Cal. Dec. 14, 2012) (Selna, J.) ("the Court agrees with the many cases in which misjoinder has

6

been found involving 'swarms' of Doe Defendants"); *Malibu Media, LLC v. John Does 1-8*, Case No. 12-cv-1054-LAB-DHB, 2012 WL 12883203, at *1 (S.D. Cal. Nov. 27, 2012) (Burns, J.) ("the majority view among district courts within the Ninth Circuit is that allegations of swarm joinder are alone insufficient for joinder"); *Patrick Collins, Inc. v. John Does 1 Through 9*, Case No. 3:12-cv-01436-H (MDD), 2012 WL 7062535, at *3 (S.D. Cal. Nov. 8, 2012) (Huff, J.) ("the majority view among district courts within the Ninth Circuit is that allegations of swarm joinder are alone insufficient for joinder");  *Malibu Media, LLC v. John Does 1 Through 7*, Case No. 2:12-cv-1514 JAM DAD, 2012 WL 4960795, at *2 (E.D. Cal. Oct. 15, 2012) (Drozd, J.), ("Given the technical complexities of BitTorrent swarm functions, it appears unlikely that the 7 Doe defendants engaged in any coordinated effort or concerted activity"), *adopted*, 2012 WL 6194352 (E.D. Cal. Dec. 12, 2012) (Mendez, J.); *Malibu Media LLC v. Does 1-10*, 2012 WL 12884460, at *4 (C.D. Cal. Oct. 10, 2012) (Klausner, J.) ("being part of the same 'swarm' is insufficient to show that Defendants acted in concert in a single transaction or in the same series of transactions"); *Malibu Media, LLC v. John Does 1-7*, Case No. 2:12-cv-1459-GEB-CKD, 2012 WL 3127352, at *1 (E.D. Cal. July 13, 2012) (Delaney, J.) ("Given the technical complexities of BitTorrent swarm functions, it appears unlikely that the Doe defendants engaged in any coordinated effort or concerted activity"), *adopted*, 2012 WL 3204673 (E.D. Cal. Aug. 3, 2012) (Burrell, J.); *Hard Drive Prods., Inc. v. Does 1-90*, Case No. C 11-03825, 2012 WL 1094653, at *6 (N.D. Cal. Mar. 30, 2012) (Lloyd, J.) ("Although plaintiff argues that the defendants' presence in the same BitTorrent swarm satisfies the standard for joinder, this allegation is insufficient to show that defendants engaged in concerted activity in a single transaction or closely related transactions, and warrants dismissal of improperly joined defendants"); *Patrick Collins, Inc..v. John Does 1-54*, Case No. CV-11-1602-PHX-GMS, 2012 WL 911432, at *5 (D. Ariz. Mar. 19, 2012) (Snow, J.) (agreeing with those "courts [that] have found that participation in the same swarm does not constitute a single transaction or series of transactions"); *AF Holdings, LLC v. Does 1-97*, Case No. C 11-3067 CW, 2011 WL 519227, at *2 (N.D. Cal. Nov. 1, 2011) (Wilken, J.) ("even though Plaintiff has alleged that Doe Defendants entered into the same swarm and were downloading the same seed file, Plaintiff has not alleged that any of the ninety-seven Doe Defendants exchanged any piece of the relevant file with each other or actually acted in concert with one another"); *Pac. Century Int'l Ltd. v. Does 1-101*, Case No. C-11-02533-(DMR), 2011 WL 2690142, at *4 (N.D. Cal. July 8, 2011) (Ryu, J.) ("Because of this fundamental

1   constraint on the collaboration between copyright infringers using the BitTorrent protocol, the court finds

2   that Plaintiff cannot meet the permissive joinder requirement of Rule 20(a)(2)(A)"); *Diabolic Video Prods.,*

3   *Inc. v. Does 1-2099*, Case No. 10-CV-5865-PSG, 2011 WL 3100404, at *3 (N.D. Cal. May 31, 2011)

4   (Grewal, J.) (rejecting argument that engaging in a common "swarm" sufficed because "[t]his court and

5   others . . . have repeatedly held that the mere allegation that defendants used the same peer-to-peer network

6   to infringe a copyrighted work is insufficient to meet the standards for joinder set forth in Rule 20").[7]

7   These are not isolated and rogue decisions, as suggested by Plaintiff, but rather examples of a

8   firmly-established majority approach by district courts within the Ninth Circuit holding that allegations of

9   participation in a BitTorrent swarm are insufficient to satisfy the transactional requirement of Rule 20. The

10   case law is so well developed that judges generally find "it unnecessary to write a lengthy opinion," rather

11   than simply concurring with this body of jurisprudence. *808 Holding*, 2013 WL 12108099, at *1. Indeed,

12   at least one district has even gone so far as to issue a district-wide standing order prohibiting plaintiffs from

13   initiating BitTorrent cases relying on this swarm joinder theory. *See Cobbler Nevada, LLC v. Anonymous*

14   *Users of Popcorn Time: Does 1-11*, Case No. 3:15-cv-1550-SB, 2016 WL 4238639, *1 n.1 (D. Or. Aug.

15   10, 2016) (noting in earlier-filed case that "[t]his district has since prohibited swarm joinder BitTorrent

16   copyright litigation" pursuant to a 2016 standing order).

17   Given the breadth of case law providing detailed analysis on this issue, the undersigned agrees that

18   a lengthy discussion of why the transactional requirement is unsatisfied is not necessary.[8] Quite simply,

---

20   [7] While the Court focuses herein on case law from within the Ninth Circuit, many courts around the country have held that BitTorrent swarm allegations are insufficient to meet Rule 20's transactional requirement. *See, e.g., Voltage Pictures, LLC v. Does 1-31*, 291 F.R.D. 690, 695-97 (S.D. Ga. 2013); *Malibu Media, LLC v. John Does 1-23*, 878 F. Supp. 2d 628, 632 (E.D. Va. 2012); *Malibu Media, LLC v. Does 1-11*, 286 F.R.D. 113, 115-16 (D.D.C. 2012); *CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 551-53 (D. Md. 2012); *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 240 (E.D.N.Y. 2012); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 669, 672 (S.D. Fla. 2011); *LHF Prods., Inc. v. Does 1-10*, 2016 WL 7422657, at *3 (E.D. Va. Dec. 22, 2016).

26   [8] To the extent Plaintiff is attempting to distinguish the instant case because Plaintiff files suit against "10-30 Does per case" rather than hundreds of defendants, *see* Docket No. 59 at 9, such a distinction does not render the transactional requirement of Rule 20 satisfied, *see, e.g., Patrick Collins*, 2012 WL 911432, at *5-6 (ordering severance and dismissal in case with two remaining defendants); *Third Degree Films*, 2013 WL 3762625, at *2 (same in case involving four defendants); *Malibu Media*, 2012 WL 4960795, at *2 (same

8

the undersigned agrees with the majority approach as outlined in the cases above, and similarly finds here that Plaintiff has not established that Defendants engaged in a transaction, occurrence, or series of transactions or occurrences by allegedly participating in the same BitTorrent swarm.  As a result, the requirements for permissive joinder under Rule 20(a) are not met, and all but the first Defendant should be severed and dismissed without prejudice.

B.   DISCRETIONARY SEVERENCE

The failure to establish the transactional requirement for permissive joinder under Rule 20(a) alone warrants severance and dismissal without prejudice.  Nonetheless, the undersigned alternatively concludes that discretionary severance is warranted even if the requirements of Rule 20(a) had been satisfied.  Upon a finding that the requirements for permissive joinder have been met, the Court retains discretion to sever claims or parties. Fed. R. Civ. P. 20.  To that end, the Court "must . . . examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Desert Empire Bank*, 623 F.2d at 1375; *see also Coleman*, 232 F.3d at 1296 (courts must analyze whether joinder comports with the principles of fundamental fairness or would result in prejudice).[9]  The Court also determines whether joinder would confuse and complicate issues rather than making the management of the case more efficient. *Third Degree Films*, 280 F.R.D. at 498.  At bottom, the Court must determine whether severance is "in the interest of justice." *Hard Drive Productions*, 809 F. Supp. 2d at 1164.

---

in case involving seven defendants).  Similarly, to the extent Plaintiff is attempting to distinguish this case because the infringement alleged occurred in a "relatively narrow span of time," *see* Docket No. 59 at 18; *see also id.* at 16, such an argument is not persuasive, *see, e.g.*, *Hard Drive Productions*, 809 F. Supp. 2d at 1164 (finding Rule 20(a) unsatisfied, and noting "that the activity of the different IP addresses occurred on different days and times over a two-week period").

[9] The Ninth Circuit frames the Court's duty in this regard as mandatory. *See, e.g.*, *Desert Empire Bank*, 623 F.2d at 1375 (indicating that the district court "must" analyze these factors); *Coleman*, 232 F.3d at 1296 (same).  Moreover, the Court also has authority to sever parties *sua sponte*. Fed. R. Civ. P. 21. Nonetheless, Plaintiff contends that discretionary severance need not occur because it will not oppose a request by any Defendant to sever if one is made.  Docket No. 59 at 25.  The Court declines to delegate its own duty to defendants appearing predominately without an attorney.

Courts have routinely found that BitTorrent copyright infringement claims like those alleged here should be severed as a discretionary matter, even if the technical requirements of joinder under Rule 20 could be satisfied. *See, e.g.*, *Hard Drive Productions*, 809 F. Supp. 2d at 1164; *On the Cheap*, 280 F.R.D. at 503; *Third Degree Films*, 280 F.R.D. at 493. These courts have noted varied reasons for so finding. For example, prejudice to defendants is possible given the discovery logistics at play, as each defendant would attend the depositions of the other defendants. *See, e.g.*, *Hard Drive Productions*, 809 F. Supp. 2d at 1164. Similarly, service of discovery and other litigation materials would prove unwieldy, especially for *pro se* litigants. *See, e.g.*, *id.* There are also serious case management issues presented in light of the different defenses that each defendant would present, potentially leading to the need for several mini-trials and varied motion practice. *See, e.g.*, *Third Degree Films*, 280 F.R.D. at 498; *Hard Drive Productions*, 809 F. Supp. 2d at 1164. Courts are also reluctant to permit the use of joinder as part of a business model designed to maximize profits by, *inter alia*, evading the payment of hundreds of thousands of dollars in filing fees. *See, e.g.*, *Third Degree Films v. Does 1-178*, Case No. C 12-3858 EMC (MEJ), 2012 WL 12925674, at *5 (N.D. Cal. Dec. 6, 2012); *LHF Prods.*, 2016 WL 7422657, at *4 ("[t]he rationale for the $400 filing fee –revenue -sharing and curbing the filing of frivolous suits–also supports discretionary severance"). Courts have also severed defendants in BitTorrent cases given the risk of inappropriate settlement leverage, resulting in additional possible prejudice to defendants. *See, e.g.*, *id.*; *Malibu Media*, 2012 WL 4960795 at *2 n.2.

The undersigned finds these cases persuasive here, and similarly concludes that severance is proper as a discretionary matter. Plaintiff's attempts to argue otherwise are not persuasive. For example, Plaintiff argues that the manageability concerns noted by these courts would be less pronounced here given that there are fewer defendants. Docket No. 59 at 22. At the same time, however, Plaintiff concedes that such manageability concerns exist sufficient to justify severance at least with respect to Defendant Brian Kabala. Docket No. 59-1 at ¶ 31. While manageability concerns may be lessened to some degree here given the number of defendants involved, they are nonetheless real concerns that militate in favor of severance. *See, e.g.*, *Malibu Media*, 2012 WL 12884460, at *4 (in case involving ten defendants, holding that discretionary severance was proper "[g]iven that it is likely that each defendant will present individual facts and defenses [such that] considerations of fairness and case management render discretionary severance to be appropriate"); *Patrick Collins*, 2012 WL 7062535, at *3 (employing similar reasoning to find discretionary

1  severance appropriate in case involving nine defendants); *LHF Productions*, 2016 WL 7422657, at *4

2  (same in case with ten defendants); *ME2 Prods., Inc. v. Does 1-14*, Case No. 1:16-cv-4055-WSD, 2016 WL

3  6948333, at *3 (N.D. Ga. Nov. 28, 2016) (same in case with 14 defendants).

4      Plaintiff also argues that, while concerns regarding improper settlement practices are "reasonable"

5  ones, the Court can trust that it and its counsel will not exert improper pressure on the defendants because

6  there is no evidence of such conduct in this case. Docket No. 59 at 29. As an initial matter, the undersigned

7  would find discretionary severance appropriate even absent such concerns. *See, e.g.*, *Hard Drive

8  Productions*, 809 F. Supp. 2d at 1164 (finding discretionary severance appropriate without any mention of

9  improper settlement tactics); *Third Degree Films*, 280 F.R.D. at 493 (same). Moreover, at least one court

10  has found the risk of such improper conduct is present <u>with respect to Plaintiff itself</u>, which alone suffices

11  to militate in favor of discretionary severance. *See LHF Productions*, 2016 WL 7422657, at *4 (finding

12  "the potential to coerce unjust settlements" supported discretionary severance).[10]

13      Lastly, Plaintiff asserts that enforcing its copyright will be more difficult if it cannot utilize the

14  Court's joinder mechanism. Plaintiff finds it most cost-effective and manageable to sue many defendants

15  as part of a single case. *See, e.g.*, Docket No. 59 at 23-24. Such protestations are not persuasive.

16  "[P]laintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify

17  perverting the joinder rules to first create the management and logistical problems discussed above and then

18  offer to settle with Doe defendants so that they can avoid digging themselves out of the morass [P]laintiff

19  is creating." *On the Cheap*, 280 F.R.D. at 505.[11]

20      In short, the Court agrees with the many other cases in the Ninth Circuit that have found in similar

21  cases that, even were the technical requirements for joinder under Rule 20 met, discretionary severance

---

24  [10] Given the above analysis, the undersigned declines to evaluate herein whether the litigation tactics

25  taken to date are improper.

26  [11] Plaintiff contends that the defendants would benefit by being joined in a single suit, including that

27  costs and fees assessed may be lessened. *See* Docket No. 59 at 24-27. Such arguments are not persuasive.

28  *See, e.g.*, *Clear Skies Nevada*, 2016 WL 8738173, at *3 (rejecting similar arguments), *adopted*, 2016 WL
8738164 (D. Or. May 6, 2016).

11

1  would be appropriate. As a result, all but the first defendant should be severed and dismissed without
2  prejudice.

3  **III.    ORDER QUASHING SUBPOENAS**

4      Lastly, the Court turns to the subpoenas that were issued to identify the Doe Defendants in this case.
5  Upon finding that joinder is improper, courts routinely quash any subpoenas that have been issued seeking
6  the identity of the Doe Defendants that have been dismissed as improperly joined. *See, e.g.*, *Hard Drive*
7  *Prods.*, 809 F. Supp. 2d at 1165; *Patrick Collins*, 2013 WL 1660673, at *4. In this case, however, it
8  appears that no subpoenas remain outstanding. *See* Docket No. 59-1 at ¶ 25 (declaration that only four
9  defendants remain); Docket No. 39 (voluntarily dismissing remaining Doe Defendants). Accordingly, to
10 the extent it relates to quashing subpoenas, the order to show cause is **DISCHARGED** as moot.

11 **IV.    CONCLUSION**

12     For the reasons discussed more fully above, the undersigned concludes that severance is appropriate
13 both for failing to meet the transactional requirement in Rule 20(a) and, alternatively, as a discretionary
14 severance. Therefore, the undersigned **RECOMMENDS** that all Defendants except Brian Kabala be
15 **SEVERED** and **DISMISSED** without prejudice to the filing of a new case concurrently with the payment
16 of the required filing fee.

17     Plaintiff is **ORDERED** to promptly serve a copy of this order and report and recommendation on
18 any defendant who has not yet appeared, and shall file a proof of service of the same by June 20, 2017.

19     IT IS SO ORDERED
20     Dated: June 13, 2017

21
22                                              _____
                                                NANCY J. KOPPE
23                                              United States Magistrate Judge

24                                      NOTICE
25     Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing
26 and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts
27 of appeal may determine that an appeal has been waived due to the failure to file objections within the
28 specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

12

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).