CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LHF Productions, Inc., a Nevada corporation,<br>　　　　Plaintiff,<br><br>vs.<br><br>BRIAN KABALA; JOHN KOEHLY; DONALD PLAIN<br>　　　　Defendants, | Case No.: 2:16-cv-02028-JAD-NJK |

**MOTION TO VOLUNTARY DISMISS DEFENDANT BRIAN KABALA**

Plaintiff LHF Productions, Inc. ("Plaintiff"), by and through its counsel, Charles Rainey, Esq. of Hamrick & Evans LLP, hereby moves this Court for an order dismissing Defendant BRIAN KABALA pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. This motion is based upon the memorandum of points and authorities attached hereto, and any arguments to be had at the hearing of this matter, if any. A proposed order is attached hereto.

Respectfully submitted this July 18, 2017.

　　　　　　　　　　　　　　　/s/ Charles C. Rainey
　　　　　　　　　　　　　　　CHARLES C. RAINEY, ESQ./MBA/LL.M.
　　　　　　　　　　　　　　　Nevada Bar No. 10723
　　　　　　　　　　　　　　　crainey@hamricklaw.com
　　　　　　　　　　　　　　　HAMRICK & EVANS LLP
　　　　　　　　　　　　　　　7670 W. Lake Mead Blvd., Ste. 140
　　　　　　　　　　　　　　　Las Vegas, Nevada 89128
　　　　　　　　　　　　　　　*Attorney for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

On August 26, 2016, Plaintiff filed the original complaint against twenty three (23) John and Jane Does for violation of the Copyright Act of 1976, 17 U.S.C. §§101, et seq. [Dkt. No. 1]. The DOE defendants were therein identified by their IP addresses that were used to infringe the Plaintiff's copyright. On November 22, 2016, Plaintiff filed the amended complaint, naming ten (10) defendants, including Defendant Brian Kabala, using their true names and identities as discovered from their IP addresses and disclosed by their respective Internet Services Providers. [Dkt. No. 7].

Defendant Kabala answered Plaintiff's First Amended Complaint on March 13, 2017 [Dkt. No. 22]. Plaintiff now moves to dismiss Defendant Brian Kabala from the present case.

## II. LEGAL ARGUMENT

FRCP 41(a)(2) states (in relevant part) as follows:

> Except as provided in Rule 41(a)(1) [where dismissal is by stipulation or prior to a Defendants answer], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

"The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.1987), or unfairly affected by dismissal. *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir.1986); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976); *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir.1989). "A Rule 41(a)(2) motion is addressed to the sound discretion of the district court, and its order is not subject to reversal unless the district court abused its discretion." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980) (*citing Blue Mountain Construction Co. v. Werner*, 270 F.2d 305 (9th Cir. 1959), *cert. denied*, 361 U.S. 931, 80 S.Ct. 371, 4 L.Ed.2d 354 (1960)). Upon granting a motion to voluntarily dismiss any action pursuant to FRCP 41(a)(2), the Court is within its discretion to award the dismissed defendant its reasonable costs and fees. However, the Court is also within its discretion to refuse any award of costs or fees. *Stevedoring*, 889 F.2d 921. Furthermore,

HAMRICK & EVANS LLP

where the Court imposes conditions upon the dismissal, the Plaintiff may "refuse the voluntary dismissal if the conditions imposed are too onerous." *Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 930 (9th Cir.1986).

In the present case, Defendant Kabala filed his answer to the plaintiff's First Amended Complaint on March 13, 2017. As such, the Plaintiff's present request to voluntary dismiss Defendant Kabala must be by court order, pursuant to FRCP 41(a)(2). Furthermore, Kabala represented himself in this action in proper person and is therefore not entitled to any award of attorney's fees. *See Gonzalez v. Kangas*, 814 F.2d 1411 (9th Cir.1987); *Smith v. DeBartoli*, 769 F.2d 451 (7th Cir.1985); *Owens-El v. Robinson*, 694 F.2d 941 (3d Cir.1982).

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that Defendant Brian Kabala be dismissed from the present case without prejudice, with each party to bear their own fees and costs.

Respectfully submitted this July 18, 2017.

　　　　　　　　　　　　　　　　__/s/ Charles Rainey_____
　　　　　　　　　　　　　　　　CHARLES C. RAINEY, ESQ./MBA/LL.M.
　　　　　　　　　　　　　　　　Nevada Bar No. 10723
　　　　　　　　　　　　　　　　crainey@hamricklaw.com
　　　　　　　　　　　　　　　　HAMRICK & EVANS LLP
　　　　　　　　　　　　　　　　7670 W. Lake Mead Blvd., Ste. 140
　　　　　　　　　　　　　　　　Las Vegas, Nevada 89128
　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

HAMRICK & EVANS LLP