Brian Kabala
4920 Holly Grove Drive
Las Vegas, Nevada 89130

```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

           JUL 27 2017

      CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY:_____ DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LHF PRODUCTIONS, INC, | ) CASE NO.: 2:16-CV-02028-JAD-NJK |
| Plaintiff, | ) |
| VS. | ) **Motion and Brief to Deem Facts Admitted** |
| | ) **and Response to ECF No. 72** |
| BRIAN KABALA, et al | ) |
| Defendants | ) |

## MOTION AND BRIEF TO DEEM FACTS ADMITTED AS AGAINST LHF PRODUCTION, INC. FOR FAILURE TO COMPLY WITH FED. R. CIV. PRO. 36

Defendant Brian Kabala "Defendant" hereby moves this Court for an order finding that each request in the Defendant's First Set of Requests for Admission and Second Set of Requests for Admission ("RFA's") to Plaintiff LHF Productions, Inc. "LHF" is deemed admitted as a matter of law.

## FACTS

LHF filed a complaint for copyright infringement on August 26, 2016. The Defendant was added to the amended complaint on November 22, 2016. Defendant filed their response to that complaint on March 13, 2017.

LHF's counsel and the Defendant met in person on March 31, 2017 at 9:00 a.m. to review the Proposed Discovery Plan (Dkt. 40). On May 3, 2017, this Court issued a Scheduling Order directing that the parties conclude discovery on or before September 6, 2017. (Dkt. 41).

After the discovery conference, the Defendant propounded discovery on LHF in the form of a "First Set of Requests for Admission upon Plaintiff LHF Productions" ("RFA #1") pursuant to Fed. R. Civ. Pro. 36. LHF was also served an additional RFA on June 6, 2017 in the form of a "Second Set

1

of Requests for Admission upon Plaintiff LHF Productions" ("RFA #2") pursuant to Fed. R. Civ. Pro. 36. *See* Declaration of Brian Kabala, attached hereto as Exhibit 1 and incorporated by reference. A true and correct copy of both RFA's are attached hereto as Exhibit 2 – RFA #1 and Exhibit 3 – RFA #2 and are incorporated by reference.

Pursuant to Fed. R. Civ. Pro. 36(a)(3) and Rule 6(d), which provides for an additional three (3) days for documents served via mailing pursuant to Rule 5(b)(2)(C), LHF's response to RFA #1 was due on or before June 05, 2017 and July 10, 2017 for RFA #2. As set-forth in the declaration of the undersigned counsel, as of the date of this filing, LHF has failed to respond to both of the RFA's.

## **ARGUMENT**

Federal Rule of Civil Procedure 36(a)(3) clearly sets forth the timeframe for responding to requests for admissions and the penalty for failing to do so – any matter not addressed within the thirty (30) day timeframe is deemed admitted. *See* Lovejoy v. Owens, 86 F.3d 1156, 1996 WL 287261, at *1-3 (6th Cir. 1996); Heller Fin., Inc. v. Pandhi, 888 F.2d 1391, 1989 WL 136091, at *4 (6th Cir. 1981) upholding district court finding that party had forfeited right to challenge assertions of fact by failing to respond to requests for admission in time); West Ky. Coal Co. v. Walling, 153 F.3d 582m 587 (6th Cir. 1946) (matters upon which party had requested admission under Rule 36 were deemed admitted and no further proof was necessary because opposing party "neither specifically denied nor set forth any reasons why it could not truthfully admit or deny the facts concerning which admissions were requested"); Chambers v. Ingram Cook Co., No. 09-14731, 2011 WL 4088681, at *5 (E.D. Mi. Sept. 14, 2011) ("Pursuant to Fed. R. Civ. Pro 36(a)[(3)], a matter is admitted if a party fails to respond to a requesting party's written request to admit within 30 days after being served. A matter admitted is conclusively established in the action at issue."). A matter deemed admitted is conclusively established for all purposes throughout the course of the litigation. Fed. R. Civ. Pro. 36(b); *see also* Chambers, 2011 WL 4088681 at *5.

As set forth in the attached declaration, LHF failed to respond to the Defendants RFA's. Therefore, LHF should be deemed to have admitted each of the facts set forth in the Defendant's RFA's and those facts should be considered conclusively established for the purposes of a motion for summary judgment on both Counterclaims (Dkt. 22) filed by the Defendant.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Court grant the Defendant's Motion and enter an Order finding each request set forth in the First Set of Requests for Admission upon Plaintiff LHF Productions (as attached as Exhibit 2) and Second Set of Requests for Admission upon Plaintiff LHF Productions (as attached as Exhibit 3) is deemed admitted by Plaintiff LHF Productions, Inc. for all purposes, and grant to the Defendant any further and additional relief that the Court deems just and warranted. Defendant also intends to proceed with their counterclaims upon these requests being deemed admitted.

Dated this 27th of July, 2017.

Respectfully submitted,

*Brian Kabala* (signature)
Brian Kabala
4920 Holly Grove Drive
Las Vegas, Nevada 89130
*Defendant Pro Se*

# EXHIBIT #1

Brian Kabala
4920 Holly Grove Drive
Las Vegas, Nevada 89130

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

LHF PRODUCTIONS, INC, ) CASE NO.: 2:16-CV-02028-JAD-NJK
)
        Plaintiff, )
)
VS. )
)
BRIAN KABALA, et al )
)
        Defendants )

### DECLARATION OF BRIAN KABALA IN SUPPORT OF MOTION AND BRIEF TO DEEM FACTS ADMITTED AS AGAINST LHF PRODUCTION, INC. FOR FAILURE TO COMPLY WITH FED. R. CIV. PRO. 36

I, Brian Theodore Kabala, state as follows:

1. I am a Pro Se Defendant of the above captioned case. I am over the age of 21 years and otherwise competent to make this affidavit. I have personal knowledge of each and every fact stated herein. Each and every fact stated herein is true and correct.

2. On May 1, 2017, I served Plaintiff LHF Productions, Inc. "Brian Kabala's First Set of Requests for Admission upon Plaintiff LHF Productions" in proper person as set forth in my Certificate of Service attached thereto.

3. A true and correct copy of "Brian Kabala's First Set of Requests for Admission upon Plaintiff LHF Productions" is attached as Exhibit 2 in Motion And Brief To Deem Facts Admitted As Against LHF Production, Inc. For Failure To Comply With Fed. R. Civ. Pro. 36.

4. On June 6, 2017, I served Plaintiff LHF Productions, Inc. "Brian Kabala's Second Set of Requests for Admission upon Plaintiff LHF Productions" in proper person as set forth in my Certificate of Service attached thereto.

5. A true and correct copy of "Brian Kabala's Second Set of Requests for Admission upon Plaintiff LHF Productions" is attached as Exhibit 3 in Motion And Brief To Deem Facts Admitted As Against LHF Production, Inc. For Failure To Comply With Fed. R. Civ. Pro. 36.

6. As of July 27, 2017, I have not received a response to either Brian Kabala's First Set of Requests for Admission upon Plaintiff LHF Productions or Brian Kabala's Second Set of Requests for Admission upon Plaintiff LHF Productions.

Dated this 27th of July, 2017.

Respectfully submitted,

_____
Brian Kabala
4920 Holly Grove Drive
Las Vegas, Nevada 89130
*Defendant Pro Se*

2

# EXHIBIT #2

Brian Kabala
4920 Holly Grove Drive
Las Vegas, Nevada 89130

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

LHF PRODUCTIONS, INC,

Plaintiff,

VS.

AGUSTIN BERTOLIN, an individual; MARIA GONZALEZ, an individual; BRIAN KABALA, an individual; JOHN KOEHLY, an individual; DANIEL O'CONNELL, an individual; DONALD PLAIN, an individual; DAVID POOR, an individual; ANTE SODA, an individual; MATTHEW STEWART, an individual; AARON TAKAHASHI, an individual; and JOHN AND JANE DOES, 1-10

Defendants

CASE NO.: 2:16-CV-02028-JAD-NJK

**First Set Of Requests For Admission**

## DEFENDANT KABALA'S FIRST SET OF REQUESTS FOR ADMISSION UPON PLAINTIFF LHF PRODUCTIONS

**TO:** LHF Productions, Inc.

**AND TO:** Charles C. Rainey, ESQ.

Defendant Brian Kabala submits the following Requests for Admissions to Plaintiff LHF Productions, Inc. pursuant to FRCP Rule 36.

## INSTRUCTIONS

1. If LHF Productions, Inc. (hereafter the "Plaintiff") fails to respond or object to any request within 30 days of the service of the Requests, the matter shall be deemed admitted under Rule 36.

1

2. As is more fully set out in Rule 36(a), the Plaintiff must admit or deny each request, and where necessary, specify the parts of each request to which it objects or cannot in good faith admit or 2 deny. If the Plaintiff objects to only part of a Request, it must admit or deny the remainder of the Request. In the event that the Plaintiff objects to or denies any Request or portion of a Request, the Plaintiff must state the reasons for its objection or denial.

3. These Requests shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided by FRCP Rule 26(e).

4. Each Request solicits all information obtainable by Plaintiff and from Plaintiff's attorneys, investigators, agents, employees and other representatives. If you respond to a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

## DEFINITIONS

The following are definitions of the terms used in these interrogatories and requests for production. Please read these definitions carefully as some of the words used in these discovery requests may be more expansive than those terms are given in common usage.

1. **You and your** shall refer to and include the party to whom these discovery requests are directed as well as current and former attorneys, agents, investigators, consultants, accountants, officers, directors, employees and all persons acting on the Plaintiff's behalf.

2. **Person** means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons or other association separately identifiable, whether or not such association has a separate juristic existence in its own right.

3. **Document or media** means recorded material in any form, including the original and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including, without limitation, correspondence, memoranda, notes, desk calendar, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, voice

mails, chat rooms, meetings or other communications, bulletins, bulletin boards, magazines, publications, printed matter, photographs, video, computer stored or generated information, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recording transcripts, graphic or aural records or representations of any kind, of which you have knowledge or which are or were formally in your actual or constructive possession, custody, or control.

4.     **Possession, custody or control** includes the joint or several possession, custody or control not only by the person to whom these interrogatories and requests are addressed, but also the joint or several possession, custody or control by each or any other person or entity acting or purporting to act on behalf of the person, whether as employee, attorney, accountant, investigator, agent, sponsor, spokesman or otherwise.

5.     The terms "relate to", "relating to", "pertain to", and "pertaining to" are used in the broadest sense and mean to refer to, discuss, involve, reflect, deal with, consist of, represent, constitute, emanate from, directed at, support, evidence, describe or mention.

6.     **Describe** means to state every material fact and circumstance specifically and completely (including, but not limited to, date, time, location and the identity of all participants) and whether each such fact or circumstance is stated on knowledge, information, or belief, or is alleged without foundation.

7.     **Computer** shall include, but is not limited to, desktop computers (also considered workstations), portable computers (laptops), smartphones and mainframe computers (servers).

8.     **Electronic data** means all information stored in a digital format. Electronic data includes, but is not limited to, electronic mail messages and attachments, contacts, journal entries, calendar entries, word processing documents, spreadsheets, databases including all records and fields and structural information, charts, graphs, and any and all miscellaneous files responsive to the following requests. The responding party is expected to search for any and all information stored on server clouds, hard disks, floppy disks, CDs, DVDs, USB devices, Smart Phones, and in any other device for digital data storage and/or transmittal. The term electronic data also includes the file,

3

folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above.

9. **Evidentiary Image** means a true bit-stream copy of the data requested. "Deleted File" means any electronic data file that has been erased or deleted from the electronic media on which it resided.

10. **Program** means a set of statements, code or instructions to be used directly or indirectly in a computer in order to bring about a certain result; this refers to software as well. Such programs include, but are not limited to, MaverikMonitor.

11. **Application Programming Interface (API)** is a set of subroutine definitions, protocols, and tools for building application software programs.

12. **PCAP file** is a digital data storage container containing packets captured from network traffic. An API is implemented to capture such network traffic.

13. **Unique hash piece** is a file hash with the identifier:

   SHA1: 632613270A1D1F66429CA070C9ED5CB980357471

14. Throughout these discovery requests language should be read in light of the context in which it is used. Consequently, the singular includes the plural and the plural includes the singular, where appropriate. Furthermore, the masculine is intended to also refer to the feminine, where appropriate and vice versa.

### FIRST SET OF ADMISSIONS

**REQUEST NO. 1**

Admit Daniel Arheidt didn't prepare their own declaration.

**REQUEST NO. 2**

Admit no DMCA takedown notice was sent to Defendant Brian Kabala.

**REQUEST NO. 3**

Admit no DMCA takedown notices were sent to any of the Defendants.

**REQUEST NO. 4**

Admit data associated with the unique hash piece was downloaded in full from a BitTorrent network by MaverickEye UG for every Defendant.

4

**REQUEST NO. 5**

Admit data associated with the unique hash piece was uploaded to a BitTorrent network by MaverickEye UG during every download.

**REQUEST NO. 6**

Admit all the Plaintiff's interest parties were not disclosed in ECF No. 2.

**REQUEST NO. 7**

Admit the Plaintiff utilized a third party to identify potential Doe Defendants then decide which ones should be added to the present lawsuit.

**REQUEST NO. 8**

Admit MaverickEye UG is not a licensed investigator in the State of Nevada.

Respectfully submitted,

*/s/ Brian Kabala*
Brian Kabala
4920 Holly Grove Drive
Las Vegas, Nevada 89130
*Defendant Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of May, 2017, a copy of the First Set of Requests for Admission was served on the Plaintiff's attorney, whose name and address are:

> Charles C. Rainey, ESQ.
> Rainey Legal Group PLLC
> 9340 W Martin Ave
> Las Vegas, Nevada 89148

_____
Brian Kabala

# EXHIBIT #3

Brian Kabala
4920 Holly Grove Drive
Las Vegas, Nevada 89130

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LHF PRODUCTIONS, INC, <br><br> Plaintiff, <br><br> VS. <br><br> BRIAN KABALA, an individual <br><br> Defendant | ) CASE NO.: 2:16-CV-02028-JAD-NJK <br> ) <br> ) <br> ) <br> ) **Second Set Of Requests For Admission** <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT KABALA'S SECOND SET OF REQUESTS FOR ADMISSION UPON PLAINTIFF LHF PRODUCTIONS**

**TO:** LHF Productions, Inc.

**AND TO:** Charles C. Rainey, ESQ.

Defendant Brian Kabala "Defendant" submits the following Requests for Admissions to Plaintiff LHF Productions, Inc. pursuant to FRCP Rule 36.

**INSTRUCTIONS**

1. If LHF Productions, Inc. (hereafter the "Plaintiff") fails to respond or object to any request within 30 days of the service of the Requests, the matter shall be deemed admitted under Rule 36.

2. As is more fully set out in Rule 36(a), the Plaintiff must admit or deny each request, and where necessary, specify the parts of each request to which it objects or cannot in good faith admit or deny. If the Plaintiff objects to only part of a Request, it must admit or deny the remainder of the Request. In the event that the Plaintiff objects to or denies any Request or portion of a Request, the Plaintiff must state the reasons for its objection or denial.

1

3. These Requests shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided by FRCP Rule 26(e).

4. Each Request solicits all information obtainable by Plaintiff and from Plaintiff's attorneys, investigators, agents, employees and other representatives. If you respond to a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

## DEFINITIONS

The following are definitions of the terms used in these interrogatories and requests for production. Please read these definitions carefully as some of the words used in these discovery requests may be more expansive than those terms are given in common usage.

1. **You and your** shall refer to and include the party to whom these discovery requests are directed as well as current and former attorneys, agents, investigators, consultants, accountants, officers, directors, employees and all persons acting on the Plaintiff's behalf.

2. **Person** means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons or other association separately identifiable, whether or not such association has a separate juristic existence in its own right.

3. **Document or media** means recorded material in any form, including the original and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including, without limitation, correspondence, memoranda, notes, desk calendar, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, voice mails, chat rooms, meetings or other communications, bulletins, bulletin boards, magazines, publications, printed matter, photographs, video, computer stored or generated information, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recording transcripts, graphic or aural records or

representations of any kind, of which you have knowledge or which are or were formally in your actual or constructive possession, custody, or control.

4.  **Possession, custody or control** includes the joint or several possession, custody or control not only by the person to whom these interrogatories and requests are addressed, but also the joint or several possession, custody or control by each or any other person or entity acting or purporting to act on behalf of the person, whether as employee, attorney, accountant, investigator, agent, sponsor, spokesman or otherwise.

5.  The terms "relate to", "relating to", "pertain to", and "pertaining to" are used in the broadest sense and mean to refer to, discuss, involve, reflect, deal with, consist of, represent, constitute, emanate from, directed at, support, evidence, describe or mention.

6.  **Describe** means to state every material fact and circumstance specifically and completely (including, but not limited to, date, time, location and the identity of all participants) and whether each such fact or circumstance is stated on knowledge, information, or belief, or is alleged without foundation.

7.  **Computer** shall include, but is not limited to, desktop computers (also considered workstations), portable computers (laptops), smartphones and mainframe computers (servers).

8.  **Electronic data** means all information stored in a digital format. Electronic data includes, but is not limited to, electronic mail messages and attachments, contacts, journal entries, calendar entries, word processing documents, spreadsheets, databases including all records and fields and structural information, charts, graphs, and any and all miscellaneous files responsive to the following requests. The responding party is expected to search for any and all information stored on server clouds, hard disks, floppy disks, CDs, DVDs, USB devices, Smart Phones, and in any other device for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above.

9.  Throughout these discovery requests language should be read in light of the context in which it is used. Consequently, the singular includes the plural and the plural includes the singular,

where appropriate. Furthermore, the masculine is intended to also refer to the feminine, where appropriate and vice versa.

## SECOND SET OF ADMISSIONS

**REQUEST NO. 1**

Admit the Plaintiff has used Anti-Piracy Management Company, LLC to facilitate the filing of this case and the others in this district.

**REQUEST NO. 2**

Admit the Plaintiff has used Anti-Piracy Management Company, LLC to facilitate the filing of cases in all other districts in the United States of America.

**REQUEST NO. 3**

Admit that Anti-Piracy Management Company, LLC has obtained a share of the proceeds from the litigation of this case.

**REQUEST NO. 4**

Admit that Anti-Piracy Management Company, LLC has obtained a share of the proceeds from the litigation of all other cases the Plaintiff has filed in the United States of America.

**REQUEST NO. 5**

Admit MaverickEye UG of Germany and Guardaley Ltd of Germany are the same entity.

**REQUEST NO. 6**

Admit Anti-Piracy Management Company, LLC, MaverickEye UG of Germany and Guardaley Ltd of Germany are all a part of the same conglomerate.

**REQUEST NO. 7**

Admit the Defendant didn't infringe the Plaintiff's copyright.

Respectfully submitted,

_Brian Kabala_
Brian Kabala
4920 Holly Grove Drive
Las Vegas, Nevada 89130
*Defendant Pro Se*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June, 2017, a copy of the SECOND SET OF REQUESTS FOR ADMISSION was served on the Plaintiff's attorney, whose name and address are:

>Charles C. Rainey, ESQ.
>Rainey Legal Group PLLC
>9340 W Martin Ave
>Las Vegas, Nevada 89148

_____
Brian Kabala

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of July, 2017, a copy of the MOTION AND BRIEF TO DEEM FACTS ADMITTED AS AGAINST LHF PRODUCTION, INC. FOR FAILURE TO COMPLY WITH FED. R. CIV. PRO. 36 was served on the Plaintiff's attorney, whose name and address are:

Charles C. Rainey, ESQ.
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128

_/s/ Brian Kabala_
Brian Kabala