# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LHF PRODUCTIONS, INC., | Case No. 2:16-cv-02028-JAD-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 75) |
| JOE KOEHLY, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff and Counter–Defendant LHF's motion to strike two filings by *pro se* Counter-Claimant and former Defendant, Brian Kabala. Docket No. 75. The motion to strike lacks merit and is hereby **DENIED**.

The motion seeks to strike Kabala's response to an order issued by United States District Judge Jennifer A. Dorsey and Kabala's discovery motion. *Id.*; *see also* Docket Nos. 73, 74. The legal authority presented in the motion to strike is Rule 12(f) of the Federal Rules of Civil Procedure, which permits the striking of material in "a pleading." Fed. R. Civ. P. 12(f). Because LHF does not seek to strike material in a pleading, however, it "has fallen victim to one of the classic blunders: attempting to extend Rule 12(f)'s striking power beyond pleadings." *United Nat'l Ins. Co. v. Assurance Co. of Am.*, 2014 WL 4960915, at *1 (D. Nev. June 4, 2014) (Dorsey, J.).

Moreover, and more significantly, the motion to strike is premised on an erroneous premise that Kabala "is no longer a party to the case." *Id.* at 3. That representation is wrong. Judge Dorsey dismissed the claims asserted against Kabala, but has not dismissed his counterclaims against LHF. *See*

Docket No. 72.  Indeed, Judge Dorsey expressly ordered that "**Kabala must advise this court by August 14 whether he intends to proceed with his counterclaims**," *id.* (emphasis in original), which the subject filing does, Docket No. 73 at 1 (heading of "**Response to ECF No. 72**" (emphasis in original)); *id.* at 3 ("Defendant also intends to proceed with their [sic] counterclaims upon these requests [for admission] being deemed admitted").  Obviously, the Court will not strike a document that Judge Dorsey ordered to be filed.  Moreover, with respect to the discovery issues presented by Kabala, LHF asserts that the discovery issues are immaterial since Kabala is no longer a defendant, but fails to acknowledge that the counterclaims remain alive at this time.

    IT IS SO ORDERED.

    DATED: July 31, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge