1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

8
9
10

| | | |
|---|---|---|
| LHF PRODUCTIONS, INC., | ) | Case No. 2:16-cv-02028-JAD-NJK |
| Plaintiff(s), | ) | **ORDER** |
| v. | ) | (Docket No. 81) |
| JOHN KOEHLY, et al., | ) | |
| Defendant(s). | ) | |

Pending before the Court is a motion for reconsideration and an alternative motion to withdraw admissions filed by Counter-Defendant LHF Productions, Inc. ("LHF"). Docket No. 81. Counter-Claimant Brian Kabala ("Mr. Kabala") filed a response. Docket No. 85.[1] No reply was filed. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motions are both **DENIED**.

## I.    FACTUAL OVERVIEW

This is a copyright infringement action alleging numerous defendants participated in a BitTorrent swarm involving the downloading of the movie *London Has Fallen*. *See, e.g.*, Docket No. 7. Mr. Kabala, proceeding *pro se*, filed counterclaims for a declaration of non-infringement and abuse of process. *See* Docket No. 22 at 11-12. On July 17, 2017, LHF moved to voluntarily dismiss its claims

---

[1] The Court construes liberally the filings of *pro se* litigants. *See, e.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1    against Mr. Kabala.  Docket No. 70.  On July 26, 2017, United States District Judge Jennifer A. Dorsey

2    granted that motion to voluntarily dismiss, but also noted that Mr. Kabala still had counterclaims in the

3    case.  Docket No. 72.  To that end, Judge Dorsey ordered Mr. Kabala to file a notice indicating whether

4    he still intended to proceed with those counterclaims.  *Id.*  On July 27, 2017, Mr. Kabala responded to

5    that order with a notice that he intends to proceed with his counterclaims.  Docket No. 73 at 3.

6            Concurrently with that notice, on July 27, 2017, Mr. Kabala filed a motion to deem facts

7    admitted based on LHF's failure to provide timely responses to his requests for admission.  Docket No.

8    74.  LHF filed a motion to strike on July 28, 2017, Docket No. 75, which was denied as lacking merit

9    on July 31, 2017, Docket No. 76.  LHF did not file a response to the motion to deem facts admitted by

10   the applicable deadline.  On August 15, 2017, the motion to deem facts admitted was granted as

11   unopposed.  Docket No. 80.  LHF seeks reconsideration of that order or, alternatively, to be permitted

12   to withdraw its admissions.  Docket No. 81.

13   **II.    MOTION FOR RECONSIDERATION**

14           Motions for reconsideration are disfavored.  Local Rule 59-1(b); *see also Koninklijke Philips*

15   *Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) ("Reconsideration is an

16   extraordinary remedy, to be used sparingly" (citation and internal quotations omitted)).  The Local Rules

17   provide the applicable standards in addressing whether the Court should reconsider an interlocutory

18   order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that

19   was not available when the original motion or response was filed, (2) the Court committed clear error

20   or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law.

21   Local Rule 59-1(a).[2]  The party seeking reconsideration bears the burden of establishing appropriate

22   grounds for that relief.  *See ESCO Corp. v. Cashman Equip. Co.*, 158 F. Supp. 3d 1051, 1076 (D. Nev.

23   2016) (the motion must set forth both (1) a "valid reason" for reconsideration and (2) facts or law of a

24

25   _____

26           [2] "The Federal Rules of Civil Procedure do not contain a provision governing the review of
     interlocutory orders."  *Philips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 665 (D. Nev. 2013).  LHF relies on Rule
27   60 of the Federal Rules of Civil Procedure, which establishes the standards for seeking relief from a final
     order or judgment.  Docket No. 81 at 6.  As LHF seeks reconsideration of an interlocutory order, the Court
28   applies Local Rule 59-1(a).

1   "strongly convincing nature to persuade the court to reverse its prior decision" (quoting *Frasure v.*
2   *United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003)); *see also 389 Orange Street Partners v.*
3   *Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (the movant bears the burden of establishing grounds for
4   reconsideration).

5       In seeking reconsideration, LHF makes three overarching arguments: (1) that its counsel was
6   confused as to whether a response to Mr. Kabala's motion was required; (2) that the Court lacked
7   discretion to decide Mr. Kabala's motion without certification of a pre-filing conference; and (3) that
8   Mr. Kabala's motion was factually inaccurate.  The Court addresses each argument in turn below, and
9   finds that none of them warrants reconsideration of the prior order.

10      A.    Purported Confusion Regarding Need for a Response

11      LHF acknowledges that the Court granted Mr. Kabala's motion to deem facts admitted as
12  unopposed when no response had been filed nearly a week after expiration of the applicable deadline.
13  *See* Docket No. 81 at 8.  Nonetheless, LHF argues that reconsideration is appropriate because its counsel
14  was confused as to whether a response was required.  *See, e.g.*, *id.* at 6.  In particular, LHF suggests that
15  its counsel was unclear that an actual "motion" was filed because it "was never docketed as a discovery
16  motion" and, further, that LHF's counsel "was under no clear instruction to file a response" to the
17  motion.  *See, e.g.*, *id.* at 2.[3]  The Court interprets this argument as asserting that there would be manifest
18  injustice in allowing the original order to stand.  *See* Local Rule 59-1(a)(2).  This argument fails.

19      As an initial matter, LHF insinuates that its counsel was confused by the nature of Mr. Kabala's
20  filing and, indeed, whether it was even a "motion" to which a response was required.  *See, e.g.*, Docket
21  No. 81 at 2.  This insinuation is frivolous.  The record is crystal clear that Mr. Kabala filed a motion

22

23
_____

24      [3] The specific reasons provided by counsel regarding his alleged confusion are convoluted, shifting,
    and at times misleading.  For example, LHF states that "[t]he Kabala filing was never docketed as a
25  discovery motion," Docket No. 81 at 2, even though LHF's counsel elsewhere acknowledges that the filing
    was docketed "as a motion," Docket No. 81-1 at ¶ 23.  Similarly, LHF asserts that "the original docket entry
26  for the Kabala Filing made no reference to a specific due date for any response," Docket No. 81 at 5, even
    though the docket entry for the motion clearly provided a courtesy notice with a specific due date for any
27  response, Docket No. 74 (docket text).  At any rate, what is clear as discussed below is that it was obvious
28  that (1) Mr. Kabala filed a motion and (2) a response was required.

1   seeking relief.  The document at issue was docketed twice, as it was both a motion seeking relief and
2   a response to an order issued by Judge Dorsey as to whether Mr. Kabala wished to proceed with his
3   counterclaims.  *See* Docket No. 73 (docketed as "RESPONSE to 72 Order"); Docket No. 74 (docketed
4   as "MOTION for Relief").  The document itself was captioned as "**Motion and Brief to Deem Facts**
5   **Admitted and Response to ECF No. 72**," and thereunder was entitled "**MOTION AND BRIEF TO**
6   **DEEM FACTS ADMITTED AS AGAINST LHF PRODUCTION, INC. FOR FAILURE TO**
7   **COMPLY WITH FED. R. CIV. PRO. 36**."  Docket No. 74 at 1 (emphasis in original).  Although one
8   can presume from the face of the filing that it was clear to counsel that Mr. Kabala was filing a motion,
9   counsel himself dispelled any suggestion otherwise because he immediately responded by filing a
10  motion to strike the "discovery motion[]."  Docket No. 75 at 1, 3.  That motion to strike goes on to
11  identify Mr. Kabala's filing as a "motion" repeatedly.  *Id.* at 1-4.  There was no confusion that Mr.
12  Kabala had filed a "motion," and LHF's counsel now feigning otherwise is not grounds for
13  reconsideration.

14          Notwithstanding its counsel's expressly stated understanding that Mr. Kabala had filed a motion,
15  LHF makes the puzzling contention that its counsel should have been given an instruction to respond
16  or the Court should have issued an order to show cause before granting Mr. Kabala's motion as
17  unopposed.  Docket No. 81 at 8.  This argument is also frivolous.  "[W]e expect an attorney practicing
18  law in federal court to become familiar with and follow rules applicable to practice in this court."  *Dela*
19  *Rosa v. Scottsdale Memorial Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998).  The Local Rules
20  could not be clearer that responses to motions are due within 14 days, and that the failure to file a
21  response may be deemed consent to the granting of the motion.  Local Rule 7-2.  The Court is not
22  obliged to inform counsel that he has failed to comply with this basic requirement before granting a
23  motion as unopposed.  *See* Local Rule 7-2(d).  Moreover, the docket itself provided a courtesy
24  notification that a response was due in relation to Mr. Kabala's motion and the deadline by which it was
25  due.  *See* Docket No. 74 (docket text:  "MOTION for Relief by Counter Claimant Brian Kabala.
26  **Responses due by 8/10/2017**" (emphasis added)); *see also* Docket No. 74 (notice of electronic filing
27  emailed to LHF's counsel providing the same courtesy notice).  Hence, even though the Court has no
28  duty to instruct an attorney to file a response, the docket actually gave LHF's counsel notice that a

response was due.  The Court declines to grant LHF's counsel an exception to complying with the basic rules governing practice here.[4]

Lastly, LHF faults the Court for denying its motion to strike without also identifying for counsel the response deadline to Mr. Kabala's still-pending motion and/or for not "even indicating that a response was necessary."  Docket No. 81 at 5.  This argument is also frivolous.  LHF filed a factually inaccurate motion to strike, which the Court promptly denied as lacking merit.  Docket No. 76.[5]  Nothing in the Court's order remotely suggests that a response to the underlying motion was not required or that the deadline for responding to Mr. Kabala's motion was anything other than the default deadline set by the local rules.  *See id.*[6]

LHF's contention of manifest injustice on this ground is not persuasive.

B.    Meet-and-Confer

LHF next argues that the Court lacked the authority to grant Mr. Kabala's motion to deem facts admitted because a proper meet-and-confer had not been certified and LHF's counsel has "no recollection" of one occurring.  *See, e.g.*, Docket No. 81 at 6-7; Docket No. 81-1 at ¶ 16.  Mr. Kabala

---

[4] LHF's counsel attests that "when [he] logged onto ECF in an effort to see if [he] could attach a response to the 'motion,' neither Doc. Nos. 73 or 74 appeared as available for response."  Docket No. 81-1 at ¶ 23.  Counsel conspicuously omits the date on which he logged onto CM/ECF, *see id.*, and the system would not provide the underlying motion as available for response once the Court granted it on August 15, 2017.  At any rate, a technical glitch as described would not relieve an attorney of his responsibility to comply with clearly established deadlines.

[5] The Court denied LHF's motion to strike because, *inter alia*, (1) it was seeking to strike a notice that Judge Dorsey had ordered to be filed, and (2) it was seeking to strike Mr. Kabala's motion based on the false contention that he "is no longer a party to the case."  Docket No. 76.

[6] LHF contends that in denying its motion to strike, "[t]he Court appeared to acknowledge that Mr. Kabala's Filing was improperly entered as a response to a Court order and not entered as a motion."  Docket No. 81 at 5.  The Court did nothing of the sort.  *See* Docket No. 76.  LHF also appears to argue that it should not have been required to file a response to the motion to deem facts admitted since its substantive position was clear from its motion to strike.  *See* Docket No. 81 at 5.  This contention is nonsensical given that the order denying the motion to strike already addressed and rejected the substantive argument raised therein.  *See* Docket No. 76 at 2 ("with respect to the discovery issues presented by Kabala, LHF asserts that the discovery issues are immaterial since Kabala is no longer a defendant, but fails to acknowledge that the counterclaims remain alive at this time").

1    acknowledges the lack of certification in his motion, but disputes LHF's representation that a pre-filing

2    conference was not conducted.  *See, e.g.*, Docket No. 85 at 1 (Mr. Kabala representing unequivocally

3    that he "did confer with LHF regarding every discovery request prior to filing Dkt. 74"); *id.* at 8 (Mr.

4    Kabala's declaration specifically attesting to telephone discussion regarding second set of requests for

5    admission).  LHF argues that the Court is "outright prohibited from considering any motion that fails

6    to include the necessary declaration," Docket No. 81 at 7 (citing Local Rule 26-7(c)), and similarly that

7    courts have "no discretion" to consider discovery motions without certification of a pre-filing

8    conference, *id.* at 3.  The Court interprets this argument as asserting that the Court committed "clear

9    error."  *See* Local Rule 59-1(a)(2).  This argument fails.

10    LHF is correct that the local rules indicate that "[d]iscovery motions will not be considered"

11    without certification of a pre-filing conference, *see* Local Rule 26-7(c),[7] but LHF fails to acknowledge

12    the numerous decisions that are inconsistent with its wooden interpretation of the rule.  These cases

13    make clear that, notwithstanding the language of the local rule, "the Court ultimately retains discretion

14    to decide discovery motions even where no proper meet and confer has been conducted."  *Mielke v.*

15    *Standard Metals Processing, Inc.*, Case No. 2:14-cv-01763-JCM-NJK, 2015 WL 2152664, at *1 (D.

16    Nev. May 7, 2015) (quoting same language in previous local rule, and collecting cases explaining that

17    courts retain discretion to resolve the motion); *see also Rogers v. Giurbino*, 288 F.R.D. 469, 477 (S.D.

18    Cal. 2012) (holding that "courts can still decide a motion on the merits despite a failure to meet and

19    confer" notwithstanding local rule that "[t]he court shall entertain no motion" without pre-filing

20    conference).[8]  Indeed, LHF's entire premise that the language of this local rule inflexibly binds the Court

21    is directly at odds with the Court's overarching ability to modify or waive any aspect of the local rules

22    _____

23    [7] The local rules require a pre-filing conference for "discovery motions," but that requirement does

24    not apply to motions for sanctions.  *See, e.g.*, *Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape*
       *Maintenance Assoc.*, 316 F.R.D. 327, 335-36 (D. Nev. 2016).  The Court assumes without deciding that a

25    motion to deem facts admitted requires certification of a pre-filing conference.

26    [8] The same is true with respect to the parallel language in the Federal Rules.  *See* Fed. R. Civ. P.

27    37(a)(1) (motion to compel "must" include certification of pre-filing conference); *but see* Fed. R. Civ. P.
       37(a)(5)(A)(i) (when a court grants a motion to compel that was filed without a pre-filing conference,

28    attorneys' fees should not be awarded to the victorious movant).

1    in any particular case.  *See* Local Rule IA 1-4.  LHF is wrong that the Court lacks discretion to decide

2    discovery motions lacking certification of a pre-filing conference.

3        Moreover, and significantly, LHF failed to file a response to the underlying motion raising this

4    argument, and a motion for reconsideration "may *not* be used to raise arguments or present evidence for

5    the first time when they could reasonably have been raised earlier in the litigation." *Phillips*, 290 F.R.D.

6    at 670 (quoting, *inter alia*, *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))

7    (emphasis in original).  To the extent LHF believed Mr. Kabala's motion should have been denied on

8    this procedural ground, its opportunity to make that argument was through the filing of a response to the

9    motion, and that opportunity has now passed.

10       LHF's contention of clear error on this ground is not persuasive.

11       C.    Alleged Inaccuracies in Motion

12       LHF next contends that Mr. Kabala's motion misstated the underlying facts.  In particular, LHF

13   submits that it had already provided a response to the first set of requests for admission and that its

14   counsel was not "aware" of the second set of requests for admission until Mr. Kabala filed his motion

15   on July 27, 2017.  *See* Docket No. 81 at 2, 8-9; *see also* Docket No. 81-1 at ¶¶ 7-10.  Mr. Kabala

16   disputes LHF's representations.  Docket No. 85 at 1 (attesting that Mr. Kabala never received a response

17   to the first set of requests for admission); *id.* at 7-8 (attesting in detail to serving second set of requests

18   for admission); *id.* at 8 (attesting to discussing telephonically second set of requests for admission with

19   LHF's counsel on July 20, 2017); *see also* Docket No. 74 at 19 (proof of service for second set of

20   requests for admission). The Court interprets this argument as asserting that there would be manifest

21   injustice in allowing the original order to stand.  *See* Local Rule 59-1(a)(2).[9]  This argument fails.

22       As noted above, the vehicle for LHF to contest the factual premise of Mr. Kabala's motion was

23   a response opposing the motion, and it did not file one.  A motion for reconsideration may not be used

24   to raise arguments or present evidence for the first time when they could reasonably have been raised

25   earlier.  *Phillips*, 290 F.R.D. at 670.  This alone dooms LHF's motion to reconsider on this ground.

26

27   _____

28       [9] This evidence is not "newly discovered," rendering Local Rule 59-1(a)(1) inapplicable.

1    Even were the Court inclined to consider the newly presented evidence, however, the impact of

2    doing so is unclear.  Mr. Kabala's underlying motion was premised on LHF's failure to serve responses

3    to the requests for admission <u>within 30 days of service</u>.  Docket No. 74 at 2; *see also* Fed. R. Civ. P.

4    36(a)(3).  Mr. Kabala filed a proof of service that the first set of requests for admission was served on

5    May 1, 2017.  *See* Docket No. 74 at 13, *see also id* at 5.[10]  LHF contends that its evidence shows that

6    responses were served on June 22, 2017.  *See* Docket No. 81-1 at ¶ 8; Docket No. 81-2.  LHF's

7    contention that it provided responses 52 days after service of the requests (even if true) does not alter

8    that the facts have been admitted.  Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, <u>within 30 days</u>

9    <u>after being served</u>, the party to whom the request is directed serves on the requesting party a written

10   answer or objection" (emphasis added)).  Similarly with respect to the second set of requests for

11   admission, Mr. Kabala filed a proof of service attesting to service being completed on June 16, 2017.

12   Docket No. 74 at 19.[11]  In addition to any earlier service, the second set of requests for admission was

13   served on LHF on July 27, 2017, as an exhibit to Mr. Kabala's motion.  *See id.* at 15-20.  Nonetheless,

14   as of 5:41 p.m. on August 28, 2017, LHF was apparently still "in the process of preparing responses to

15   that Second Set of Requests."  Docket No. 81-1 at ¶ 11; *see also* Docket No. 81 (notice of electronic

16   filing).  It is unclear when (if ever) LHF served responses to the second set of requests for admission.

17   In short, LHF has not presented a potential factual or legal scenario by which it could be concluded that

18

19

20   ───────────────

21       [10] LHF contends that its counsel "noticed" the requests sitting on his desk at a later date, Docket No.
     81-1 at ¶ 6, but LHF provides no explanation or legal authority that this fact (even if true) impacts the
22   deadline to respond, *see* Fed. R. Civ. P. 36(a)(3) (deadline is calculated based on service).

23       [11] Mr. Kabala attests to serving the second set of requests for admission by leaving them in LHF's
     counsel's office after his co-occupant's clerical staff refused to accept service.  Docket No. 85 at 7.  LHF
24   provides no argument that this manner of service was improper.  *Cf.* Fed. R. Civ. P. 5(b)(2)(B)(i) (service
     is completed by leaving the paper "at the person's office with a clerk or other person in charge <u>or, if no one</u>
25   <u>is in charge, in a conspicuous place in the office</u>" (emphasis added)).  LHF provides no <u>meaningful</u>
     explanation how its counsel's lack of "recollection or any record" of receiving the second set of requests for
26   admission suffices to overcome Mr. Kabala's proof of service.  *Compare* Docket No. 81-1 at ¶ 9 *with S.E.C.*
     *v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007); *Pathak v. Exotic Meat Market,*
27   *Inc.*, 2016 WL 5213915, at *3 (D. Nev. Sept. 20, 2016) (Dorsey, J.).

28

timely responses were served to either set of requests for admission such that the facts are not deemed admitted by operation of Rule 36(a)(3).

LHF's contention of manifest injustice on this ground is not persuasive.

### D.   Conclusion

For the foregoing reasons, the motion for reconsideration will be denied.

## III.   MOTION TO WITHDRAW ADMISSIONS

LHF argues alternatively that the Court should allow it to withdraw the admissions pursuant to Rule 36(b) of the Federal Rules of Civil Procedure.  Docket No. 81 at 9-10.  "[T]wo requirements must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001).  Even where both requirements have been satisfied, Rule 36(b) is "permissive" and does not necessarily mandate withdrawal of the admissions. *Conlon v. United States*, 474 F.3d 616, 624-25 (9th Cir. 2007).  Moreover, the Ninth Circuit has urged district courts "to be cautious in exercising their discretion to permit withdrawal or amendment of an admission."  *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985).

The first half of Rule 36(b)'s two-part test is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case."  *Conlon*, 474 F.3d at 622 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).  The first prong of the test is satisfied when the admissions "essentially admitted the necessary elements" of the claim at issue.  *Hadley*, 45 F.3d at 1348.  For example, when a party has admitted the core issues of the case such that the opposing party is entitled to summary judgment based on those admissions, upholding the deemed admissions would eliminate any need for presentation on the merits.  *See Conlon*, 474 F.3d at 622.

The party seeking to rely on the deemed admission has the burden of showing prejudice with respect to the second prong of Rule 36(b)'s test.  *Id.*

> The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted.

1  *Id.* (quoting *Hadley*, 45 F.3d at 1348). Thus, "[w]hen undertaking a prejudice inquiry under Rule 36(b),

2  district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Id.* at 623

3     As noted above, the analysis for the first prong of the test focuses on whether the admissions

4  address central issues in the case such that they practically eliminate any presentation on the merits.

5  *E.g.*, *id.* at 622. Throughout its motion, LHF argues the exact opposite, touting that the requests for

6  admission are "wholly immaterial to the present case" and that "none of the Requests for Admission

7  served upon [LHF] had any relevance to the subject counter-claim." Docket No. 81 at 5, 8; *see also id.*

8  at 10 ("none of the Requests for Admission have any relevance to that counterclaim"); Docket No. 81-1

9  at ¶ 21 (declaration from LHF's counsel that "[n]one of the Requests for Admission had *even the*

10  *remotest relevance* to Mr. Kabala's counter-claim" (emphasis added)).[12] LHF's own emphatic assertions

11  doom its motion, as upholding irrelevant admissions would have no bearing on the presentation of the

12  merits. *See Osborn v. Bartos*, Case No. CV-08-2193-PHX-ROS (JRI), 2010 WL 3809847, at *6 (D.

13  Ariz. Sept. 20, 2010) ("Assuming Defendants are correct [that the admissions are irrelevant], then the

14  admissions would not affect the presentation of the merits of the case"); *see also Kinkeade v. Beard*,

15  Case No. 2:15-cv-1375 TLN CKD P, 2017 U.S. Dist. Lexis 54638, at *3-4 (E.D. Cal. Apr. 10, 2017)

16  (refusing to allow withdrawal of admissions that were irrelevant).[13]

17

18  ────────────────

19  [12] LHF refers at times to Mr. Kabala's counterclaim in the singular, but Mr. Kabala has brought two
counterclaims against LHF. *See* Docket No. 22 at 11-12.

20

21  [13] One could make the argument that the admissions involve core issues, *compare* Docket No. 22 at
11 (counterclaim for declaration of non-infringement) *with* Docket No. 74 at 18 (admission that Mr. Kabala

22  "didn't infringe the Plaintiff's copyright"), but that is simply not the argument that LHF has made. "A judge
is the impartial umpire of legal battles, not a [party's] attorney." *Williams v. Eastside Lumberyard & Supply*

23  *Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001). "[I]t is not the role of the court to research and construct
the legal arguments open to parties, especially when they are represented by counsel." *Id.* (quoting *United*

24  *States v. Amerson*, 185 F.3d 676, 689 (7th Cir. 1999)); *see also ME2 Prods. v. Does*, Case No. 2:17-cv-
00123-JCM-NJK, 2017 U.S. Dist. Lexis 68961, at *2 n.2 (D. Nev. May 5, 2017) (explaining same to LHF's

25  counsel); *ME2 Prods. v. Does*, Case No. 2:16-cv-2783-JCM-NJK, 2017 U.S. Dist. Lexis 58241, at *3 n.1

26  (D. Nev. Apr. 17, 2017) (same). The Court declines to make LHF's arguments for it, especially when they
are directly contrary to the arguments actually raised by a party represented by counsel. By failing to argue

27  that the admissions concede core issues, LHF has waived that argument. *See, e.g.*, *Kor Media Group, LLC*

28  *v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

1    With respect to the second prong of the test, it seems unlikely that Mr. Kabala will be prejudiced

2    were the Court to permit LHF to withdraw its admissions, especially as discovery remains open. *See*

3    Docket No. 88.   Nonetheless, any lack of prejudice is not sufficient to allow withdrawal of the

4    admissions given the circumstances in this case. *See, e.g.*, *Osborn*, 2010 WL 3809847, at *6.

5    Accordingly, the motion to withdraw admissions will be denied.

6    **IV.    NOTICE TO COUNSEL**

7    Following Mr. Kabala's filing of his motion to deem facts admitted, LHF's counsel (Charles

8    Rainey) has filed a frivolous motion to strike, *see* Docket No. 76 (denying motion to strike), and a

9    motion for reconsideration that includes numerous misleading and frivolous arguments, as discussed

10   herein.   These are not isolated occurrences. *See ME2 Prods. v. Does*, Case No. 2:17-cv-00126-JCM-

11   NJK, 2017 U.S. Dist. Lexis 63920, at *1-5 (D. Nev. Apr. 27, 2017) (rejecting frivolous argument by Mr.

12   Rainey that district courts are not empowered to set a deadline to amend the complaint to identify Doe

13   Defendants); *ME2 Prods.*, 2017 U.S. Dist. Lexis 68961, at *1-2 (rejecting boilerplate opposition to

14   motion to quash filed by Mr. Rainey that failed to address the argument actually raised in the motion);

15   *ME2 Prods.*, 2017 U.S. Dist. Lexis 58241, at *2 (same); *see also ME2 Prods. v. Does*, Case No. 2:16-cv-

16   02788-JCM-NJK, 2017 U.S. Dist. Lexis 85452, at *1 (D. Nev. June 2, 2017) (warning Mr. Rainey for

17   failing to comply with court order); *ME2 Prods. v. Does*, Case No. 2:17-cv-00126-JCM-NJK, 2017 U.S.

18   Dist. Lexis 58242, at *1-2 (D. Nev. Apr. 17, 2017) (same); *LHF Prods. v. Hatzimarkos*, Case No. 2:16-

19   cv-2368-JAD-NJK, 2017 U.S. Dist. Lexis 73619, at *1-2 (D. Nev. May 12, 2017) (warning Mr. Rainey

20   for repeatedly failing to comply with local rules).   Although it would be well within its discretion to do

21   so, the Court declines to initiate sanctions proceedings against Mr. Rainey at this time. *See, e.g.*, Fed.

22   R. Civ. P. 11.   Mr. Rainey should not expect to be spared from sanctions for frivolous or otherwise

23   improper filings made in the future.

24   //

25   //

26   //

27   //

28   //

11

V.     **CONCLUSION**

For the reasons discussed above, the motion for reconsideration and the motion to withdraw admissions are both **DENIED**.

IT IS SO ORDERED.

DATED: October 19, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge