# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LHF Productions, Inc., <br>     Plaintiff <br> v. <br> Brian Kabala, et al., <br>     Defendants | 2:16-cv-02028-JAD-NJK <br><br> Order Adopting in Part Report and Recommendation, Granting in Part and Denying in Part Motion to Dismiss Counterclaims, Denying Motion for Default Judgment, and Denying Motion to Voluntarily Dismiss Claims <br><br> [ECF Nos. 28, 61, 78, 83] |

This is one of several essentially identical cases filed by plaintiff LHF Productions, Inc., in which LHF sues many unidentified Doe defendants—under a single filing fee—for separately infringing its copyright in the film "London Has Fallen" by using BitTorrent software. LHF's practice in these cases is to move for expedited discovery to identify the defendants, and then systematically dismiss the defendants after failing to serve them or settling with them.[1] Magistrate Judge Nancy Koppe recommends that I sever and dismiss all claims against all defendants other than defendant Brian Kabala for improper joinder and in the interests of judicial economy and case management.[2] LHF objects to the recommendation, arguing that the defendants were properly joined under Federal Rule of Civil Procedure 20(a)(2), and that mass joinder—"swarm joinder" as it is called in the BitTorrent-defendant context—better serves the economic and efficiency interests of

---

[1] *See LHF Productions, Inc. v. Smith*, 2:16-cv-01803-JAD-NJK; *LHF Productions, Inc. v. Buenafe*, 2:16-cv-01804-JAD-NJK; *LHF Productions, Inc. v. Boughton*, 2:16-cv-01918-JAD-NJK; *LHF Productions, Inc. v. Wilson*, 2:16-cv-02368-JAD-NJK.

[2] ECF No. 61.

the parties and the court.[3] After a full review of the report and recommendation, and LHF's objection and exhibits, and an exhaustive review of the case law, I agree with the magistrate judge's recommendation and overrule LHF's objection.[4]

Background

These copyright-infringement swarm-joinder cases against users of BitTorrent software have significantly increased in popularity nationwide in the past five years with some plaintiffs filing against thousands of defendants in a single action,[5] other plaintiffs filing against defendants in groups of roughly 10–100[6], and at least one plaintiff filing over one thousand cases against individual defendants.[7] The defendants are discovered and targeted by their internet provider (IP) addresses, which register on the BitTorrent tracker when they download the plaintiff's film. *Safety Point Products, LLC v. Does* describes the BitTorrent protocol well:

> BitTorrent is a program that enables users to share files via the internet. Unlike other "peer-to-peer" (P2P) file sharing networks that transfer files between users or between a user and a central computer server, BitTorrent

---

[3] I find these matters suitable for disposition without oral argument. L.R. 78-1.

[4] I do not, however, share the magistrate judge's characterization of the state of the law, and I do not decide whether swarm joinder satisfies Rule 20(a)(2). So, although I do not adopt those portions of the report, I agree with—and adopt—its ultimate recommendation.

[5] *See, e.g., Nu Image, Inc. v. Does 1–3,932*, 2012 WL 1890854 (M.D. Fl. May 10, 2012); *Entertainment v. Does 1–1,427*, 2012 WL 12897376 (E.D. Tex. Mar. 16, 2012).

[6] *See, e.g., Combat Zone Corp. v. Does 1–192*, 2012 WL 12897164 (S.D. Tex. Oct. 12, 2012); *Sunlust Pictures, LLC v. Does 1–75*, 2012 WL 3717768 (N.D. Ill. Aug. 27, 2012); *Patrick Collins, Inc. v. John Does 1–54*, 2012 WL 911432 (D. Ariz. Mar. 19, 2012).

[7] *See Malibu Media, LLC v. Doe*, 2013 WL 6579338, at *4 n.4 and corresponding text (E.D. Wis. Dec. 12, 2013).

> allows for decentralized file sharing between individual users who exchange small segments of a file between one another until the entire file has been downloaded by each user. Each user that either uploads or downloads a file segment is known as a "peer." Peers that have the entire file are known as "seeds." Other peers, known as "leeches" can simultaneously download and upload the pieces of the shared file until they have downloaded the entire file to become seeds.
>
> Groups of peers that download and upload the same file during a given period are known as a "swarm," with each peer being identified by a unique series of alphanumeric characters known as "hashtag" that is attached to each piece of the file. The swarm's members are relatively anonymous, as each participant is identifiable only by her Internet Provider (IP) address. Overseeing and coordinating the entire process is a computer or server known as a "tracker" that maintains a record of which peers in a swarm have which files at a given time. In order to increase the likelihood of a successful download, any portion of the file downloaded by a peer is available to subsequent peers in the swarm so long as the peer remains online.
>
> But BitTorrent is not one large monolith. BitTorrent is a computer protocol, used by various software programs known as "clients" to engage in electronic file-sharing. Clients are software programs that connect peers to one another and distributes data among the peers. But a peer's involvement in a swarm does not end with a successful download. Instead, the BitTorrent client distributes data until the peer manually disconnects from the swarm. It is only then that a given peer no longer participates in a given BitTorrent swarm.[8]

LHF alleges that its film has been pirated by BitTorrent users 79,404,331 times worldwide, 16,799,795 times in the United States, and 113,962 times in Nevada.[9] Of those 113,962 alleged infringers, LHF identified the 1–2% most egregious offenders and filed suit against them in sets of 10–30 Does per case.[10] Once those 10–30 Does in each case are identified, LHF somehow narrows them

---

[8] *Safety Point Products, LLC v. Does*, 2013 WL 1367078, at *1 (N.D. Ohio Apr. 4, 2013) (internal citations omitted).

[9] ECF No. 66 at 8.

[10] *Id.* at 9.

down even further to 10 or fewer, and then, allegedly, to the extent that any defendant raises a distinct defense or cause of action, that defendant would be severed into a separate cause of action.[11] LHF claims that this process "is designed to impose the least expense on all parties involved—including the Court."[12] LHF brought this particular case against 23 initially unidentified defendants. After learning their identities, LHF amended its complaint against 10 named defendants, and then LHF proceeded to dismiss them from the case.[13] Now, only two defendants and one counterclaimant remain: John Koehly, Donald Plain, and Brian Kabala,[14] respectively.

## Discussion

### A. Standard of review

When a party objects to a magistrate judge's findings and recommendations, a district court judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[15] The district court judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate."[16]

### B. The swarm-joinder split of authority

Joining multiple John/Jane Doe participants in a BitTorrent swarm into a

---

[11] *Id.*

[12] *Id.*

[13] *See generally* docket report case 2:16-cv-02028-JAD-NJK.

[14] LHF voluntarily dismissed its claims against Kabala, *see* ECF No. 72, so the Kabala-LHF dispute proceeds only on Kabala's counterclaims. ECF No. 73.

[15] *U.S. v. Reyna-Tapia*, 328 F.3D 1114, 1119 (9th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)(C) and also citing to Fed. R. Civ. P. 72).

[16] *Id.*

single action is commonly referred to as "swarm joinder."[17] Because the defendants are initially unidentified, the plaintiff files an ex parte motion for expedited discovery to subpoena internet service providers (ISPs) for the names and addresses of defendants associated with specified IP addresses. The motion raises two issues: (1) whether the defendants are properly joined; and (2) whether the court should permit the expedited discovery.[18] "Courts have dealt with the issue in several ways: denying the discovery requests, severing all but the first Doe defendants, delaying the severance decision until after the Does have been identified, or approving both joinder and pre-service discovery."[19]

The procedural posture of this case tracks the delay-severance-decision option. Magistrate Judge Hoffman granted LHF's expedited discovery requests,[20] Magistrate Judge Koppe[21] then ordered LHF to show cause why the identified defendants shouldn't be severed from the first defendant and dismissed in each of

---

[17] *See, e.g., Glacier Films (USA), Inc. v. Turchin*, 2016 WL 4251581, at *1 n.1 (D. Or. Aug. 10, 2016); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *12 (N.D. Ill. Mar. 7, 2013); *Patrick Collins, Inc. v. John Does 1 through 34*, 2013 WL 593445, at *2 (S.D. Cal. Feb. 13, 2013).

[18] *See Riding Films, Inc. v. John Does I–CCL*, 2013 2152552, at *1 (D. Ariz. May 16, 2013).

[19] *Id.; see also Pac. Century Int'l, Ltd. v. Does 1–101*, 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011) (denying request to issue subpoenas); *SBO Pictures, Inc. v. Does 1–3036*, 2011 WL 6002620, at *3–4 (N.D. Cal. Nov. 30, 2011) (severing all but the first Doe defendant and allowing discovery for him alone); *AF Holdings, LLC v. Does 1–97*, 2011 WL 2912909 (N.D. Cal. July 20, 2011) (denying discovery request and declining to sever); *Camelot Dist. Grp. v. Does 1–1210*, 2011 WL 4455249 (E.D. Cal. Sept. 23, 2011) (allowing discovery and delaying the question of severance); *Openmind Solutions, Inc. v. Does 1–39*, 2011 WL 4715200, at *5–8 (N.D. Cal. Oct. 7, 2011) (approving both joinder and pre-service discovery).

[20] ECF No. 5.

[21] For purposes of judicial economy, all of the LHF cases were transferred to one district judge and one magistrate judge. *See* ECF No. 32.

its cases.[22] Judge Koppe, after conducting her own extensive research on swarm joinder, ultimately recommended that I sever and dismiss all defendants except defendant Kabala.[23] LHF objected to that recommendation, so I now determine whether the defendants were properly joined and whether severance is appropriate.

There is a major split of authority on this issue. Only one circuit court—the D.C. Circuit—has ruled on the issue, finding that swarm joinder does not satisfy FRCP 20(a)(2) because the defendants' use of the same BitTorrent protocol to download the same file does not arise out of the same transaction or occurrence.[24] The district courts in every other circuit and even the judges within some districts widely disagree on whether to permit swarm joinder. Some courts hold that swarm joinder is appropriate under FRCP 20(a)(2).[25] Other courts hold as the D.C. Circuit does.[26] And still others exercise their discretion to manage their dockets and sever the defendants even if swarm joinder would technically be permissible under the FRCP because other factors outweigh the benefits conferred by joinder: judicial economy, the high burden on the defendants, the risk of inappropriate settlement

---

[22] ECF No. 33.

[23] Kabala has since been dismissed as a defendant, but he remains as a counterclaimant.

[24] *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014).

[25] *See, e.g., Elf-Man, LLC v. Does 1-29*, 2013 WL 3709235, at *2 (E.D. Wash. July 12, 2013); *Patrick Collins, Inc. v. Does*, 2012 WL 12870254, at *4–5 (N.D. Fl. Oct. 16, 2012).

[26] *See, e.g., Night of the Templar, LLC v. Does 1–116*, 2013 WL 4504368, at *3 (E.D. Mo. Aug. 23, 2013); *Riding Films, Inc. v. John Does I–CCL*, 2013 WL 2152552, at *3 (D. Ariz. May 16, 2013); *West Coast Prods. v. Swarm Sharing Hash Files*, 2012 WL 3560809, at *4 (W.D. La. Aug. 17, 2012).

leverage, and filing-fee evasion.[27] The Ninth Circuit has not yet decided the issue, so I am not bound by any authority.

My exhaustive research on the issue uncovered no clear majority rule. The D.C. Circuit is the only circuit court to have addressed the issue (it doesn't allow swarm joinder),[28] 5 districts permit swarm joinder under Rule 20(a)(2),[29] 12 districts

---

[27] *See, e.g., Breaking Glass Pictures v. Swarm Sharing Hash File SHA1: £973F491D02C1E0220DBC534D8F8EDC15FC53FAEF*, 2013 WL 2407226, at *3 (D. Mass. May 1, 2013) (declining to decide whether swarm joinder satisfies Rule 20(a)(2) because joinder: (1) does not promote judicial efficiency considering each defendant may raise a unique defense or claim; (2) would be a logistical nightmare because "each defendant would be required to serve any motion or other submission on" every other defendant and all defendants "would have a right to be present at any deposition or court proceeding"; and (3) would defeat the purposes of the filing fee as a revenue raising measure and a barrier to meritless lawsuits); *Third Degree Films, Inc. v. Does 1–178*, 2012 WL 12925674, at *5 (N.D. Cal. Dec. 6, 2012) (holding that swarm joinder technically satisfies Rule 20(a)(2) but severing anyway because of the risk of inappropriate settlement leverage).

[28] *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990 (D.C. Cir. 2014).

[29] *K-Beech, Inc. v. Doe 37*, 2012 WL 12910991 (E.D.N.C. June 12, 2012); *Combat Zone Corp. v. John/Jane Does 1–5*, 2012 WL 5289736 (N.D. Tex. Oct. 26, 2012); *Elf-Man, LLC v. Does 1–29*, 2013 WL 3709235 (E.D. Wash. July 12, 2013); *LHF Productions, Inc. v. Farwell*, 2016 WL 6948394 (W.D. Wash. Nov. 28, 2016); *Patrick Collins, Inc. v. Does*, 2012 WL 12870254 (N.D. Fl. Oct. 16, 2012).

do not,[30] 18 districts have judges on both sides of the debate,[31] and the remaining 58

---

[30] *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990 (D.C. Cir. 2014); *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80 (E.D.N.Y. 2012); *Odin's Eye Entertainment v. Does 1–66*, 2013 WL 5890408 (D. Del. Oct. 31, 2013); *Malibu Media, LLC v. John Does 1–23*, 878 F. Supp. 2d 628 (E.D. Va. 2012); *West Coast Prods. v. Swarm Sharing Hash Files*, 2012 WL 3560809 (W.D. La. Aug. 17, 2012); *Malibu Media, LLC v. John Does 1–31*, 297 F.R.D. 323 (W.D. Mich. 2012); *reFX Audio Software Inc. v. Does 1–97*, 2013 WL 3766571 (E.D. Mo. July 16, 2013); *Third Degree Films, Inc. v. Does 1–131*, 280 F.R.D. 493 (D. Ariz. 2012); *Patrick Collins, Inc. v. Does*, 2012 WL 12893290 (C.D. Cal. Dec. 14, 2012); *Cobbler Nevada, LLC v. Cerritos*, 2016 WL 7177527 (D. Or. Dec. 9, 2016); *Raw Films, Inc. v. Does 1–32*, 2011 WL 6840590 (N.D. Ga. Dec. 29, 2011); *Voltage Pictures, LLC v. Does 1–31*, 291 F.R.D. 690 (S.D. Ga. 2013).

[31] *Compare Digital Sin, Inc. v. Does 1–45*, 2013 WL 1289263 (D. Mass. Mar. 28, 2013) (not allowing swarm joinder) *with Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444 (D. Mass. 2011) (allowing swarm joinder); *compare Next Phase Distribution, Inc. v. John Does 1–27*, 284 F.R.D. 165 (S.D.N.Y. 2012) (not allowing) *with Digital Sin, Inc. v. Does 1–27*, 2012 WL 2036035 (S.D.N.Y. June 6, 2012) (allowing); *compare Malibu Media, LLC v. John Does 1–18*, 2014 WL 229295 (D. N.J. Jan. 21, 2014) (not allowing) *with Malibu Media, LLC v. John Does 1–11*, 2013 WL 1504927 (D. N.J. Apr. 11, 2013) (allowing); *compare Patrick Collins, Inc. v. Does 1–30*, 2013 WL 1157840 (E.D. Pa. Mar. 21, 2013) (not allowing) *with Patrick Collins, Inc. v. John Does 1–11*, 2013 WL 395497 (E.D. Pa. Jan. 31, 2013) (allowing); *compare K-Beech, Inc. v. John Does 1–41*, 2012 WL 773683 (S.D. Tex. Mar. 8, 2012) (not allowing) *with Combat Zone Corp. v. Does 1–192*, 2012 WL 12897164 (S.D. Tex. Oct. 12, 2012) (allowing); *compare Third Degree Films, Inc. v. John Does 1–72*, 2013 WL 1164024 (E.D. Mich. Mar. 18, 2013) (not allowing) *with Third Degree Films v. Does 1–36*, 2012 WL 2522151 (E.D. Mich. May 29, 2012) (allowing); *compare Killer Joe Nevada, LLC v. Does 1–12*, 2013 WL 3458197 (N.D. Ohio July 9, 2013) (not allowing) *with Voltage Pictures, LLC v. Does 1–43*, 2013 WL 1874862 (N.D. Ohio May 3, 2013) (allowing); *compare Dragon Quest Prods. v. Does 1–100*, 2013 WL 4811735 (E.D. Tenn. Sept. 9, 2013) (not allowing) *with Sojo Prods. v. Does 1–67*, 2013 WL 1759561 (E.D. Tenn. Apr. 24, 2013) (allowing); *compare In re BitTorrent Copyright Infringement Cases*, 2013 WL 501443 (C.D. Ill. Feb. 11, 2013) (not allowing) *with Patrick Collins, Inc. v. John Does 1–9*, 2012 WL 4321718 (C.D. Ill. Sept. 18, 2012) (allowing); *compare Malibu Media, LLC v. Reynolds*, 2013 WL 870618 (N.D. Ill. Mar. 7, 2013) (not allowing) *with First Time Videos, LLC v. Does 1–76*, 276 F.R.D. 254 (N.D. Ill. 2011) (allowing); *compare TCYK, LLC v. Does 1–19*, 2013 WL 6578787 (N.D. Ind. Dec. 13, 2013) (not allowing) *with Malibu Media, LLC v. John Does 1–14*, 287 F.R.D. 513 (N.D. Ind. 2012) (allowing); *compare Malibu*

districts have not addressed the issue. Within the Ninth Circuit alone, the District of Arizona,[32] the Central District of California, and the District of Oregon do not allow swarm joinder. The Eastern and Western Districts of Washington both permit swarm joinder under Rule 20. The Eastern, Northern, and Southern Districts of California have judges on both sides of the fence. And the Districts of Alaska, Hawaii,[33] Idaho, Montana, and Nevada have not yet addressed the issue.

---

*Media, LLC v. John Does 1–7*, 2012 WL 6194352 (E.D. Cal. Dec. 12, 2012) (not allowing) *with New Sensations, Inc. v. Does 1–306*, 2012 WL 5031651 (E.D. Cal. Oct. 17, 2012) (allowing); *compare Third Degree Films, Inc. v. Does 1–178*, 2012 WL 12925674 (N.D. Cal. Dec. 6, 2012) (not allowing) *with Braun v. Primary Distributor Doe Number 1*, 2013 WL 12142998 (N.D. Cal. Jan. 11, 2013) (allowing); *compare Third Degree Films, Inc. v. John Does 1–4*, 2013 WL 3762625 (S.D. Cal. July 16, 2013) (not allowing) *with Liberty Media Holdings, LLC v. Does 1–62*, 2012 WL 628309 (S.D. Cal. Feb. 24, 2012) (allowing); *compare PHE, Inc. v. Does 1–105*, 2013 WL 66506 (D. Colo. Jan. 4, 2013) (not allowing) *with Patrick Collins, Inc. v. John Does 1–15*, 2012 WL 415436 (D. Colo. Feb. 8, 2012) (allowing); *compare Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339 (M.D. Fl. 2013) (not allowing) *with Nu Image, Inc. v. Does 1–3,932*, 2012 WL 1890854 (M.D. Fl. May 10, 2012) (allowing); *compare Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 672 (S.D. Fl. 2011) (not allowing) *with AF Holdings, LLC v. Does 1–162*, 2012 WL 12845359 (S.D. Fl. Jan. 12, 2012) (allowing).

[32] LHF argues that Arizona has abandoned its position and now openly allows swarm joinder and consolidates cases involving defendants from the same swarm. LHF supports that position with 86 pages of docket reports—no orders or legal analysis—showing that expedited-discovery motions were granted in every case without severing the defendants. These reports are not persuasive because they do not tell me that Arizona permits swarm joinder under Rule 20(a)(2) and in the interests of judicial efficiency. I am especially unpersuaded because expedited discovery was granted earlier in this case without severing any defendants, and I now find that swarm joinder is improper.

[33] LHF argues that Hawaii has addressed the issue and permits swarm joinder. LHF supports that argument with an order granting expedited discovery from a magistrate judge that does not discuss the joinder issue at all. The order analyzes only the standard for permitting early discovery to identify defendants. This does not mean that the District of Hawaii addressed the swarm-joinder issue and permitted it. It merely means that the magistrate judge did not exercise his discretion sua sponte to analyze whether joinder was proper and recommend his

The only thing that is firmly established about this issue is that there is no uniform protocol.

    I do not decide today whether the defendants' actions were part of the same transaction or occurrence to satisfy Rule 20(a)(2). Even if Rule 20(a)(2) were satisfied, I would still exercise my discretion under Rule 21[34] and sever all defendants except the first one, Brian Kabala, because joining them causes more harm than good.[35]

    I find most persuasive Magistrate Judge Sorokin's analysis on the issue and his conclusion that swarm joinder is not likely to promote judicial efficiency.[36] As Judge Sorokin opined, "the claims against each defendant are likely to turn on individual defenses (e.g., 'my wireless internet service is not password protected,' 'I didn't watch it, my adolescent child did,' or 'that is not my IP address'), and each will require a separate 'mini-trial.'"[37] "Joinder would transform an otherwise straightforward case into a logistical nightmare. For example, each defendant would be required to serve any motion or other submission on the . . . other defendants, and all . . . defendants would have a right to be present at any deposition or court proceeding."[38] "If consolidation of certain pretrial proceedings

---

finding to a district judge. At best, he temporarily acquiesced in the swarm-joinder.

[34] Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

[35] Fed. R. Civ. P. 20(b) ("The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.").

[36] *Breaking Glass Pictures*, 2013 WL 2407226 at *3.

[37] *Id.*

[38] *Id.*

were deemed appropriate, it could be accomplished via Rule 42(a), after the institution of individual actions against each defendant."[39] Finally, severance prevents inappropriate settlement leverage and filing-fee evasion.[40]

LHF argues that the defendants would benefit from swarm joinder because they could pool their resources and share in one another's defenses, representation, and other strategies, and if any defendant had a unique defense then LHF would move to sever that defendant into a separate case. I find that those benefits to the defendants do not outweigh the potential burdens imposed on them considering the varied and extensive motion practice that is typical of contemporary litigation, the scheduling conflicts that would inevitably arise when deposing each party, and the likelihood of confusing the issues and parties should the action proceed to trial.

LHF also argues that prohibiting swarm joinder would make copyright enforcement too costly and allow BitTorrent users to continue their infringing activities undeterred and cause "substantial damage to the entertainment industry and our economy as a whole. It would essentially serve as an abdication of judicial authority from the Court—a move that would compromise the rule of law and fly in the face of two centuries of jurisprudence."[41] I don't share this apocalyptic prophecy, and LHF's own objection belies its position.

LHF mentions that prohibiting swarm joinder would "likely increase the final dollar amount of judgment awards entered against individual [d]efendants."[42] Those "likely" higher judgment awards would surely offset LHF's concern that individual cases would be too costly to file. The copyright-enforcement business

---

[39] *Id.*

[40] *See id.* (filing-fee evasion); *Third Degree Films*, 2012 WL 12925674, at *5 (inappropriate settlement leverage).

[41] ECF No. 66 at 8.

[42] *Id.*

11

model that LHF and many other plaintiffs in these swarm-joinder cases follow[43] imposes a greater burden on the courts and defendants than the burden imposed on the plaintiff by severance. Courts have held that cost effectiveness is not sufficient to justify swarm joinder.[44] To borrow the sentiment expressed by the court in *On The Cheap, LLC v. Does 1–5011*, I do "not condone copyright infringement and [I do] encourage[] settlement of genuine disputes. However, [LHF]'s desire to enforce its copyright in what it asserts is a cost-effective manner does not justify perverting the joinder rules to first create . . . management and logistical problems . . . and then offer to settle with Doe defendants so that they can avoid digging themselves out of the morass [that LHF] is creating."[45] So I adopt Judge Koppe's recommendation to sever and dismiss all defendants except for Brian Kabala from this case without prejudice to LHF's ability to refile separate lawsuits against them.

C. Other matters

Also pending are three motions from LHF: (1) motion to dismiss Kabala's counterclaims;[46] (2) motion for default judgment against defendant Koehly;[47] and (3)

---

[43] *See Malibu Media, LLC v. John Does 1 through 10*, 2012 WL 5382304 (C.D. Cal. June 27, 2012) ("These lawsuits run a common theme: plaintiff owns a copyright to a . . . movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff. The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps. The rewards: potentially hundreds of thousands of dollars. Rarely do these cases reach the merits.").

[44] *On the Cheap, LLC v. Does 1–5011*, 280 F.R.D. 500, 505 (N.D. Cal. 2011).

[45] *Id.*

[46] ECF No. 28.

[47] ECF No. 78.

12

motion to voluntarily dismiss defendant Plain.[48] I address each in turn.

### 1. *Motion to dismiss counterclaims*

A motion to dismiss a counterclaim brought by a defendant is reviewed under the same standard as a motion to dismiss a claim under Rule 12(b)(6).[49] Rule 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[50] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[51] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation"; the facts alleged must raise the claim "above the speculative level."[52] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under some viable legal theory."[53]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[54] Mere recitals of a claim's elements,

---

[48] ECF No. 83.

[49] *King County v. Rasmussen*, 299 F.3d 1077, 1090 (9th Cir. 2002) (affirming 12(b)(6) dismissal of defendant's counterclaims).

[50] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[51] *Twombly*, 550 U.S. at 570.

[52] *Iqbal*, 556 U.S. at 678.

[53] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[54] *Iqbal*, 556 U.S. at 678–79.

supported only by conclusory statements, are insufficient.[55] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[56] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[57] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[58]

Defendant Kabala asserts two counterclaims in his answer to LHF's complaint: (1) declaration of non-infringement[59] and (2) abuse of process.[60] LHF argues that declaration of non-infringement "is not a counterclaim at all, but merely a re-stated affirmative defense."[61] This argument ignores the case law, however. Counterclaiming for declaratory judgment of non-infringement is commonplace in intellectual-property-infringement cases.[62] Although LHF dismissed its claims

---

[55] Id.

[56] Id. at 679.

[57] Id.

[58] Twombly, 550 U.S. at 570.

[59] I liberally construe all pro se motions and pleadings. See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003). Given that Kabala "seeks a formal declaration" that he did not infringe LHF's copyright, it's clear that Kabala's declaration-of-non-infringement counterclaim is a request for a declaratory judgment. ECF No. 22 at 11, ¶ 19. It is not his own declaration that he did not infringe LHF's copyright—which he provided as his sixth affirmative defense—as LHF argues.

[60] ECF No. 22 at 11.

[61] ECF No. 28 at 2.

[62] See, e.g., Travelers Property Cas. Co. of America v. Kfx Medical Corp., 637 Fed. Appx. 989 (9th Cir. 2016); Racing Optics, Inc. v. Aevoe Corp., 2016 WL 4149971 (D. Nev. Aug. 3, 2016); Sky Zone, LLC v. Flip N Out, LLC, 2015 WL 4548694 (D. Nev.

against Kabala,[63] those claims were dismissed without prejudice. Kabala can therefore maintain a valid declaratory-judgment counterclaim because of the possibility that LHF can refile against him.[64] LHF offers no other argument against this particular counterclaim, so I deny its motion and proceed to the abuse-of-process counterclaim.

"In Nevada, the two essential elements of abuse of process are: (1) an ulterior purpose behind the issuance of process; and (2) a willful act in the use of process not proper in the regular conduct of the proceeding."[65] LHF only disputes whether Kabala's counterclaim satisfies the second element,[66] and I agree. Kabala's allegations suggest only that LHF had an ulterior motive for filing suit; he fails to allege facts that allow me to infer that LHF's use of process was improper. I am not convinced, however, that Kabala can plead no set of facts to suggest that LHF's use of process was improper, so I dismiss his abuse-of-process counterclaim and give Kabala leave to amend his counterclaim if he can plead true facts to cure its deficiency. If Kabala chooses to file an amended counterclaim, he must do so by November 14, 2017. He is advised that the amended counterclaim supersedes the

---

July 28, 2015); *Unwired Planet, LLC v. Square, Inc.*, 2014 WL 1159833 (D. Nev. Mar. 17, 2014); *Bally Technologies, Inc. v. Business Intelligence Systems Solutions, Inc.*, 2012 WL 3656495 (D. Nev. Aug. 23, 2012).

[63] ECF No. 72.

[64] *See, e.g., Bally Technologies*, 2012 WL 3656495, at *1 n.1 ("Bally originally brought a claim for patent infringement . . . , but the Court granted Bally's Stipulation to Dismiss *with Prejudice* . . . . Accordingly, the Court will dismiss as moot BIS2's second counterclaim (non-infringement . . . ).") (emphasis added).

[65] *Laxalt v. McClatchy*, 622 F. Supp. 737, 751 (D. Nev. 1985) (citing *Bull v. McCuskey*, 615 P.2d 957 (Nev. 1980) *abrogated on other grounds in Ace Truck and Equipment Rentals, Inc. v. Kahn*, 746 P.2d 132 (Nev. 1987)).

[66] ECF No. 28 at 6–7.

original,[67] so any and all counterclaims that he wishes to present—including the declaratory-judgment counterclaim—must be included in it. If Kabala does not amend his counterclaims before this court-ordered deadline, then this case will proceed only on Kabala's declaratory-judgment counterclaim.

### 2. *Motion for default judgment*

LHF moves for default judgment against defendant Koehly.[68] Because I sever and dismiss Koehly from this action for improper joinder, he is no longer a party against whom default judgment can be entered. I thus deny the motion as moot.

### 3. *Motion to dismiss defendant Plain*

LHF also moves to voluntarily dismiss defendant Plain under FRCP 42(a)(2). I sever and dismiss Plain from this action for improper joinder, so this motion, too, is moot, and I deny it.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that LHF's objection to Magistrate Judge Koppe's report and recommendation is OVERRULED, and Magistrate Judge Koppe's report and recommendation [ECF No. 61] is ACCEPTED and ADOPTED in part and REJECTED in part. I adopt Judge Koppe's conclusion that swarm joinder is discretionarily improper and her ultimate recommendation to sever and dismiss all claims except those against Mr. Kabala.

IT IS FURTHER ORDERED that the claims against remaining defendants Koehly and Plain are SEVERED and DISMISSED from this case without prejudice to their reassertion in new lawsuits.

---

[67] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended complaint supersedes the original").

[68] ECF No. 78.

IT IS FURTHER ORDERED that LHF's motion to dismiss Kabala's counterclaims [ECF No. 28] is GRANTED in part and DENIED in part. Kabala's abuse-of-process claim is dismissed with leave to amend. Kabala has until **November 14, 2017, to FILE an amended answer and counterclaim** if he can allege sufficient true facts to cure the deficiency outlined in this order. If he fails to do so, he will proceed **only on his declaratory-judgment counterclaim.**

IT IS FURTHER ORDERED that LHF's motion for default judgment [ECF No. 78] is DENIED as moot.

IT IS FURTHER ORDERED that LHF's motion to voluntarily dismiss defendant Plain [ECF No. 83] is DENIED as moot.

DATED: October 23, 2017.

_____
Jennifer A. Dorsey
United States District Judge