JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
ERIC D. WALTHER, ESQ.
Nevada Bar No. 13611
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:    jblum@klnevada.com
            ewalther@klnevada.com
-and-
LISA L. CLAY, ESQ. - *Pro Hac Vice*
Illinois Bar No. 6277257
345 North Canal Street Suite C202
Chicago, Illinois 60606-1333
Telephone: (312) 753-5302
Email:    lclayaal@gmail.com

*Attorneys for Defendant/Counter-Plaintiff*
*Brian Kabala*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LHF PRODUCTIONS, INC., a Nevada Corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>AGUSTIN BERTOLIN, an individual; MARIA GONZALEZ, an individual; BRIAN KABALA, an individual; JOHN KOEHLY, an individual; DANIEL O'CONNELL, an individual; DONALD PLAIN, an individual; DAVID POOR, an individual; ANTE SODA, an individual; MATTHEW STEWART, an individual; AARON TAKAHASHI, an individual; and JOHN AND JANE DOES, 1-10,<br><br>       Defendants.<br><br>BRIAN KABALA, an individual,<br><br>       Counter-Plaintiff,<br><br>vs.<br><br>LHF PRODUCTIONS, INC., a Nevada Corporation,<br><br>       Counter-Defendants. | CASE NO. 2:16-cv-02028-JAD-NJK<br><br>**DEFENDANT/COUNTER-PLAINTIFF'S LIMITED OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ENTRY OF ORDER AUTHORIZING PLAINTIFF/COUNTER-DEFENDANT TO SERVE THIRD PARTY SUBPOENA ON COX COMMUNICATIONS, INC. AND AUTHORIZING COX COMMUNICATIONS, INC. TO RELEASE CERTAIN SUBSCRIBER INFORMATION** |

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL.: (702) 362-7800 / FAX: (702) 362-9472

**DEFENDANT/COUNTER-PLAINTIFF'S LIMITED OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ENTRY OF ORDER AUTHORIZING PLAINTIFF/COUNTER-DEFENDANT TO SERVE THIRD PARTY SUBPOENA ON COX COMMUNICATIONS, INC. AND AUTHORIZING COX COMMUNICATIONS, INC. TO RELEASE CERTAIN SUBSCRIBER INFORMATION**

COME NOW, Counter-Plaintiff Brian Kabala ("Kabala"), by and through his counsel Kolesar & Leatham and Lisa L. Clay, Attorney at Law, and hereby submits this Limited Opposition to Plaintiff/Counter-Defendant's Motion for Entry of Order Authorizing Plaintiff/Counter-Defendant to Serve Third Party Subpoena on Cox Communications, Inc. and Authorizing Cox Communications, Inc. to Release Certain Subscriber Information. This Opposition is made and based on the Declaration of Jonathan D. Blum, Esq. attached hereto as **Exhibit A**, Memorandum of Points and Authorities filed herewith, all pleadings and papers on file in this action, and any other argument that this Court may consider.

DATED this day of December, 2017.

KOLESAR & LEATHAM

By
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
ERIC D. WALTHER, ESQ.
Nevada Bar No. 13611
KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

-and-

LISA L. CLAY, ESQ. - *Pro Hac Vice*
Illinois Bar No. 6277257
345 North Canal Street Suite C202
Chicago, Illinois 60606-1333
Telephone: (312) 753-5302
Email:    lclayaal@gmail.com

*Attorneys for Defendant/Counter-Plaintiff Brian Kabala*

/ / /

/ / /

/ / /

/ / /

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

When Plaintiff's counsel presented a draft of this Motion, Attorney Blum did not, as Attorney Rainey suggests in his Motion, "not object to the Plaintiff's efforts to obtain copies of any DMCA notices the Defendant might have received…"

### II.   LEGAL ARGUMENT: PLAINTIFF'S MOTION IS AN END-RUN AROUND FEDERAL RULES OF CIVIL PROCEDURE 26 AND 45

Kabala's counsel has outlined their objection to this Motion in an email to Attorney Rainey on December 11, 2013:

> Regarding your draft motion related to the Cox subpoena, we apologize for the delay in getting back to you. Lisa and I have read it and I don't think either one of us are very clear on the motion's purpose. Reference to 47 U.S.C. § 551 aside, we believe your motion is an end-run around an anticipated motion to quash from Cox - a motion which may or may not filed. We both believe that Rule 45 authorizes you to serve a subpoena, and that if any party objects to requests made in the subpoena, the appropriate mechanism would be a motion to quash or for protective order.
>
> As to the substance of your motion, which reads as though it is in response to a motion to quash on relevance grounds, we are not likely to oppose your attempt to obtain DMCA takedown notices, if that is in fact that you are seeking. Our objections to DMCA notices and their relevance will relate to our client having seen them, as we are under the impression that like most Cox subscribers, our client never set up or used the email address that was assigned to him as a matter of course by Cox, and where the DMCA notices you are requesting were presumably sent. From our perspective, whether zero or several hundred DMCA notices exist is of little consequence if they were never received, opened, or reviewed.
>
> If you wish to undertake third-party discovery is it our opinion that it should comply with the provisions of Rule 45, and so we cannot agree to label your proposed motion as "agreed" or even "unopposed." While we are unlikely to file a Motion to Quash any subpoena regarding the discovery you claim to seek, we disagree (as per usual when it comes to troll procedures) with the methods you seek to employ in obtaining the information in question. We also note that our request to see the actual subpoena was never responded to.[1]

*See* **Exhibit A.**

Kabala begins his analysis with the provisions of Fed. R. Civ. P. 26 and 45. Rule 26(d)1)

---

[1] Mr. Rainey did not provide Kabala's counsel with the requested subpoena, nor is a draft of any proposed subpoena attached to its Motion.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1  suggests that "[a] party may not seek discovery from any source before the parties have

2  conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure

3  under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  As

4  Attorney Rainey is well aware, if he wishes to seek discovery *prior to* the Rule 26(f) conference,

5  he must first seek the Court's approval as he did in this case.

6       What perplexes Kabala's counsel is why, post-Rule 26(f) conference, Plaintiff seeks an

7  end-run around the clear provisions of Rule 45, when "[a] Rule 45 subpoena is required to obtain

8  testimony or documents from one who is not a party to an action or controlled by a party to the

9  action."  *Millenium Drilling Co., v. Beverly House-Meyers Revocable Trust*, Case No. 12 – cv –

10  00462, 2015 U.S. Dist. LEXIS 2117 at *4 (D. Nev. Jan. 8, 2015). Rule 45 is a meaty rule,

11  entitling a subpoenaed party to, among other things, (a) protections against undue burden and

12  expense (Fed. R. Civ. P. 45(d)(1)); (b) to file objections (Fed. R. Civ. P. 45(d)(2)(B)); (c) to make

13  a motion to quash or modify (Fed. R. Civ. P. 45(d)(3)); and (d) to claim privileges (Fed. R. Civ.

14  P. 45(e)(2).  Plaintiff's Motion is an ex-parte request for entry of an order against a non-party

15  who is being provided no notice of the Motion and no opportunity to respond or exercise any of

16  its rights as a third-party under Rule 45. This seems to fly in the face of basic rules entitling

17  parties and non-parties alike to the procedural safeguards of the Federal Rules.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**III.   CONCLUSION**

Wherefore, Kabala objects to Plaintiff's Motion and suggests that Plaintiff should be required to serve a Rule 45 subpoena or at minimum, to provide notice of its Motion to the intended third-party, who should be provided ample time to file a response and any objections. Additionally, if the Court is considering granting the Motion despite the procedural issues outlined above, Plaintiff should be required to provide a copy of the subpoena it is seeking leave to serve.

DATED this ٧١ day of December, 2017.

KOLESAR & LEATHAM

By _____
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
ERIC D. WALTHER, ESQ.
Nevada Bar No. 13611
KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada  89145

-and-

LISA L. CLAY, ESQ. - *Pro Hac Vice*
Illinois Bar No. 6277257
345 North Canal Street Suite C202
Chicago, Illinois 60606-1333
Telephone:  (312) 753-5302
Email:      lclayaal@gmail.com

*Attorneys for Defendant/Counter-Plaintiff
Brian Kabala*

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Kolesar & Leatham and that on the 21st day of December, 2017, I caused to be served a true and correct copy **COUNTER-PLAINTIFF BRIAN KABALA'S LIMITED OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ENTRY OF ORDER AUTHORIZING PLAINTIFF/COUNTER-DEFENDANT TO SERVE THIRD PARTY SUBPOENA ON COX COMMUNICATIONS, INC. AND AUTHORIZING COX COMMUNICATIONS, INC. TO RELEASE CERTAIN SUBSCRIBER INFORMATION** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

An Employee of KOLESAR & LEATHAM

2783207_2 (10254-1)

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

EXHIBIT A

JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
ERIC D. WALTHER, ESQ.
Nevada Bar No. 13611
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada  89145
Telephone:  (702) 362-7800
Facsimile:  (702) 362-9472
E-Mail:     jblum@klnevada.com
            ewalther@klnevada.com
-and-
LISA L. CLAY, ESQ. - *Pro Hac Vice forthcoming*
Illinois Bar No. 6277257
345 North Canal Street Suite C202
Chicago, Illinois 60606-1333
Telephone:  (312) 753-5302
Email:     lclayaal@gmail.com

*Attorneys for Defendant/Counter-Plaintiff*
*Brian Kabala*

**KOLESAR & LEATHAM**
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL.: (702) 362-7800 / FAX: (702) 362-9472

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LHF PRODUCTIONS, INC., a Nevada Corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>AGUSTIN BERTOLIN, an individual; MARIA GONZALEZ, an individual; BRIAN KABALA, an individual; JOHN KOEHLY, an individual; DANIEL O'CONNELL, an individual; DONALD PLAIN, an individual; DAVID POOR, an individual; ANTE SODA, an individual; MATTHEW STEWART, an individual; AARON TAKAHASHI, an individual; and JOHN AND JANE DOES, 1-10,<br><br>            Defendants. | CASE NO. 2:16-cv-02028-JAD-NJK<br><br>**DECLARATION OF JONATHAN D. BLUM, ESQ. IN SUPPORT OF DEFENDANT/COUNTER-PLAINTIFF'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ENTRY OF ORDER AUTHORIZING PLAINTIFF/COUNTER-DEFENDANT TO SERVE THIRD PARTY SUBPOENA ON COX COMMUNICATIONS, INC. AND AUTHORIZING COX COMMUNICATIONS, INC. TO RELEASE CERTAIN SUBSCRIBER INFORMATION** |
| BRIAN KABALA, an individual,<br><br>            Counter-Plaintiff,<br><br>      vs.<br><br>LHF PRODUCTIONS, INC., a Nevada Corporation,<br><br>            Counter-Defendants. | |

2785381 (10254-1)

**DEFENDANT/COUNTER-PLAINTIFF'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ENTRY OF ORDER AUTHORIZING PLAINTIFF/COUNTER-DEFENDANT TO SERVE THIRD PARTY SUBPOENA ON COX COMMUNICATIONS, INC. AND AUTHORIZING COX COMMUNICATIONS, INC. TO RELEASE CERTAIN SUBSCRIBER INFORMATION**

**I, JONATHAN D. BLUM, ESQ., do hereby declare:**

1. I am now, and at all times material herein was, over the age of eighteen (18) years, and am competent to testify and be a witness as to the facts stated herein.

2. I am an attorney at law, licensed to practice before the courts of the State of Nevada. I am a partner in the law firm of Kolesar & Leatham, counsel retained to represent Counter-Plaintiff Brian Kabala ("Kabala").

3. I have personal knowledge of all matters set forth in this Declaration, and if called upon to testify, could and would competently testify thereto. I submit this Declaration in support of Mr. Kabala's Opposition to Plaintiff/Counter-Defendant's Motion for Entry of Order Authorizing Plaintiff/Counter-Defendant to Serve Third Party Subpoena on Cox Communications, Inc. and Authorizing Cox Communications, Inc. to Release Certain Subscriber Information.

4. On December 5, 2017, Mr. Rainey sent the undersigned an email regarding a meet and confer pertaining to the Motion. A true and correct copy of the email string is attached hereto as **Exhibit A-1**.

5. On December 11, 2017, I sent Mr. Rainey an email addressing our questions and concerns about the substance of the Motion. A true and correct copy of the email string is attached hereto as **Exhibit A-2**.

6. There were no further discussions about the Motion between the parties prior to Mr. Rainey filing the Motion on December 13, 2017.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this _____ day of December, 2017 in Clark County, Nevada.

_____
**JONATHAN D. BLUM, ESQ.**

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

EXHIBIT A-1

**Jonathan D. Blum**

| | |
|---|---|
| **From:** | Chaz Rainey <crainey@hamricklaw.com> |
| **Sent:** | Tuesday, December 05, 2017 4:22 PM |
| **To:** | Jonathan D. Blum |
| **Cc:** | lclayaal@gmail.com; Kristina R. Cole |
| **Subject:** | Re: RE: 2:16-cv-02028 - LHF v Kabala |
| **Attachments:** | 171128 - 2028 - Motion Third Party Subpoena Kabala.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Sure.  See attached.  This is the draft of the motion that I intend to file with the Court.  You'll notice that at the very end there is a paragraph discussing our meet and confer.

This can be filed as a joint motion.  Certainly, if you believe that your client hasn't received any DMCA notices, then there the evidence sought could be to your benefit.

**Chaz C. Rainey, Esq./MBA/LL.M**

*Licensed in CA, DC, NV, NY, and TX.*

**HAMRICK & EVANS, LLP**

2600 West Olive Avenue, Suite 1020

Burbank, California 91505

Tel:     (818) 763-5292

E-mail:  crainey@hamricklaw.com

This e-mail and any attachments are for the confidential use of its addressee(s). Any information transmitted herein is subject to attorney-client privilege and/or represents attorney work-product. If you are not the addressee(s) or an agent thereof, you received this message in error and any further review, dissemination, distribution or copying hereof is strictly prohibited. If you received this message in error, immediately notify the sender at (818) 763-5292 and delete the message and any attachments. Any tax or securities advice contained herein, including attachments, is not intended to be used and cannot be used to (1) avoid penalties under the Internal Revenue Code, (2) avoid civil or criminal liability for securities activities, (3) or to promote, market or recommend any transaction, investment or other matter.

---

**From:** "Jonathan D. Blum" <jblum@klnevada.com>
**Date:** Tue Dec 05 18:41:20 EST 2017
**To:** "'Chaz Rainey'" <CRainey@hamricklaw.com>
**Cc:** "lclayaal@gmail.com" <lclayaal@gmail.com>,"Kristina R. Cole" <kcole@klnevada.com>
**Subject:** RE: 2:16-cv-02028 - LHF v Kabala

Chaz,
I'm not sure I follow you. Can you send me the subpoena and cite the rule you referenced requiring an associated motion? I'll need to confer with Lisa but she is out of the country until Dec. 7. (please copy her on all communications). For now, why don't you just send what you have so I can review and we'll circle back to discuss.

1

On a separate note, I hope to have the stip to extend discovery to you soon.

Thanks,
Jon


Jonathan D. Blum, Esq.
Shareholder
KOLESAR and LEATHAM
Office: 702.362.7800 Cell: 702.443.0677
Web: www.klnevada.com
400 S. Rampart Blvd. | Suite 400 | Las Vegas | NV 89145

This communication (including any attachments) is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any use of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately.


-----Original Message-----
From: Chaz Rainey [mailto:CRainey@hamricklaw.com]
Sent: Tuesday, December 05, 2017 12:08 PM
To: Jonathan D. Blum
Subject: 2:16-cv-02028 - LHF v Kabala

Jonathan,

Can you give me some times when you are available for a quick call? I have this subpoena that I want to issue on Cox Communications for additional information related to the Defendant's IP Address and Internet account and per the rules I need to get a court order related to the subpoena.

Before filing a motion with the court on this, I am required to confer with you and make an effort to get your approval or at least noted non-opposition.

The subpoena shouldn't be controversial. We are basically subpoenaing Cox to find out what, if any, DMCA notices have been received in association with Kabala's account, as well as some other information related thereto. I can even send you a copy of the motion to review.

Chaz C. Rainey, Esq./MBA/LL.M.
Licensed in CA, DC, NV, NY, and TX.
HAMRICK & EVANS, LLP
2600 West Olive Avenue, Suite 1020
Burbank, California 91505
Tel: (818) 763-5292
E-mail: crainey@hamricklaw.com

This e-mail and any attachments are for the confidential use of its addressee(s). Information herein is subject to attorney-client privilege and/or represents attorney work-product. If you received this message in error, notify

EXHIBIT A-2

## Jonathan D. Blum

| | |
|---|---|
| **From:** | Jonathan D. Blum |
| **Sent:** | Monday, December 11, 2017 3:34 PM |
| **To:** | Charles C. Rainey (chaz@raineylegal.com) |
| **Cc:** | lclayaal@gmail.com; Kristina R. Cole |
| **Subject:** | 10254-1 Discovery Stip + Motion re. subpoena |
| **Attachments:** | draft stip to extend discovery 12.11.17_.doc |

Chaz,

Attached is the draft stipulation to continue discovery.  Let me know if you have any changes.  If not, please sign the attached and send it back asap.  I would like to try to get this filed tomorrow if possible.

Regarding your draft motion related to the Cox subpoena, we apologize for the delay in getting back to you.  Lisa and I have read it and I don't think either one of us are very clear on the motion's purpose. Reference to 47 U.S.C. § 551 aside, we believe your motion is an end-run around an anticipated motion to quash from Cox - a motion which may or may not filed. We both believe that Rule 45 authorizes you to serve a subpoena, and that if any party objects to requests made in the subpoena, the appropriate mechanism would be a motion to quash or for protective order.

As to the substance of your motion, which reads as though it is in response to a motion to quash on relevance grounds, we are not likely to oppose your attempt to obtain DMCA takedown notices, if that is in fact that you are seeking. Our objections to DMCA notices and their relevance will relate to our client having seen them, as we are under the impression that like most Cox subscribers, our client never set up or used the email address that was assigned to him as a matter of course by Cox, and where the DMCA notices you are requesting were presumably sent. From our perspective, whether zero or several hundred DMCA notices exist is of little consequence if they were never received, opened, or reviewed.

If you wish to undertake third-party discovery is it our opinion that it should comply with the provisions of Rule 45, and so we cannot agree to label your proposed motion as "agreed" or even "unopposed." While we are unlikely to file a Motion to Quash any subpoena regarding the discovery you claim to seek, we disagree (as per usual when it comes to troll procedures) with the methods you seek to employ in obtaining the information in question. We also note that our request to see the actual subpoena was never responded to.

I encourage you to reach out to Ms. Clay with regard to this issue if you have any further questions.

Thank you,
Jon

**Jonathan D. Blum, Esq.**
Shareholder



Office: 702.362.7800 Cell: 702.443.0677
Web: www.klnevada.com Bio: Attorney Bio
400 S. Rampart Blvd. | Suite 400 | Las Vegas | NV 89145

This communication (including any attachments) is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties that may be imposed on the taxpayer.