CHARLES C. RAINEY, ESQ.
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LHF PRODUCTIONS, INC., a Nevada Corporation,<br><br>              Plaintiff,<br>vs.<br><br>MARIA GONZALEZ, an individual; BRIAN KABALA, an individual; JOHN KOEHLY, an individual; DANIEL O'CONNELL, an individual; DONALD PLAIN, an individual; ANTE SODA, an individual; MATTHEW STEWART, an individual; and JOHN AND JANE DOES.<br><br>              Defendants | Case No.: 2:16-cv-02028-JAD-NJK<br><br>**PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS OF DEFENDANT BRIAN KABALA**<br><br>**[ORAL ARGUMENT REQUESTED]** |

**PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS OF**

**DEFENDANT BRIAN KABALA**

**[ORAL ARGUMENT REQUESTED]**

COMES NOW Plaintiff LHF PRODUCTIONS, INC. ("PLAINTIFF"), by and through its counsel, Charles Rainey, Esq. of HAMRICK & EVANS, LLP, hereby moves to dismiss the counterclaims (the "Counterclaims") raised by Defendant BRIAN KABALA (hereafter referred to as "Defendant Kabala"). This Motion is

HAMRICK & EVANS, LLP

based on the points and authorities attached hereto, the pleadings and papers on file herein, and the oral arguments to be made at the hearing of this matter.

Respectfully submitted February 9, 2018.

/s/ Charles C. Rainey
CHARLES C. RAINEY, ESQ./MBA/LLM
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*

## TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................................1

II.  LEGAL STANDARD............................................................................................2

II.  ARGUMENT..........................................................................................................2

    A.   Kabala's Declaratory Judgment of Non-Infringement Should be Dismissed ..................................................................................................................2

        i.   Kabala's Counterclaim Mirrors LHF's Original Copyright Infringement Claim ..........................................................................................3

        ii.  LHF's Copyright Infringement Claim Has Already Been Dismissed and Thus No Case and Controversy Exists .................................................4

    B.   Kabala's Abuse of Process Claim Should Be Dismissed ...........................8

        i.   LHF Has No Ulterior Motive and Defendant Failed to Set Forth Any Facts Supporting the Existence of An Ulterior Motive........................8

        ii.  LHF Has Not Performed Any Willful Act in the Use of Legal Process Not Proper in the Regular Conduct of the Proceeding........................12

III. CONCLUSION.................................................................................................15

## TABLE OF AUTHORITIES

**Cases**

*Allen v. Bayer Corp. (In re : Phenylpropanolamine (PPA) Prods. Liab. Litig.)*,
   460 F.3d 1217 (9th Cir. 2006) ..................................................................................10

*Bayer v. Neiman Marcus Grp.*,
   861 F.3d 853 (9th Cir. 2017) .......................................................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S.Ct. 1955 (2007) ..........................................................................2

*Bilbrey v. Brown*,
   738 F.2d 1462 (9th Cir. 1984) .................................................................................3, 7

*Blue Goose Growers, Inc. v. Yuma Groves, Inc.*,
   641 F.2d 695 (9th Cir. 1981) ....................................................................................11

*Coleman v. Gulf Ins. Group*,
   41 Cal.3d 782, 226 Cal.Rptr. 90, 718 P.2d 77 .........................................................10

*Faulkner v. ADT Sec. Servs., Inc.*,
   706 F.3d 1017 (9th Cir. 2013) ....................................................................................2

*Franchise Tax Bd. of Cal. v. Hyatt*,
   401 P.3d 1110 (Nev. 2017) .........................................................................................8

*Ging v. Showtime Entm't, Inc.*,
   570 F. Supp. 1080 (D. Nev. 1983) ............................................................................11

*Hewitt v. Helms*,
   482 U.S. 755, 107 S. Ct. 2672 (1987) ................................................................3, 6, 7

*Johnson v. Homecomings Fin.*,
   2012 WL 1357675 (S.D. Cal. 2012) ...........................................................................2

*Marek v. Chesny*,
   473 U.S. 1 (1985) ......................................................................................................10

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ......................................................................................2

*Paramount Pictures Corp. v. RePlayTV*,
   298 F. Supp. 2d 921 (C.D. Cal. 2004) ........................................................................7

PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS OF DEFENDANT
BRIAN KABALA

HAMRICK & EVANS, LLP

*Rashidi v. Albright,*
  818 F. Supp. 1354 (D. Nev. 1993) ...............................................................................10

*Rayman v. Peoples Sav. Corp.,*
  735 F. Supp. 842 (N.D. Ill. 1990) ..................................................................................3

*Robertson v. Dean Witter Reynolds, Inc.,*
  749 F.2d 530 (9th Cir.1984) ..........................................................................................2

*Robertson v. Sea Pines Real Estate Cos.,*
  679 F.3d 278 (4th Cir. 2012) .......................................................................................12

*Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.,*
  655 F.2d 938 (9th Cir. 1981) ................................................................................3, 4, 5

*Sosa v. DirecTV, Inc.,*
  437 F.3d 923 (9th Cir. 2006) .........................................................................................9

*Tenneco Inc. v. Saxony Bar & Tube, Inc.,*
  776 F.2d 1375 (7th Cir. 1985) .......................................................................................3

*Wilton v. Seven Falls Co.,*
  515 U.S. 277, 115 S.Ct. 2137 (1995) ............................................................................3

**Statutes**

28 U.S.C. § 2201 ....................................................................................................................3

Article III of the United States Constitution ..........................................................................3

Nev. Rev. Stat. Ann. § 41.660 ................................................................................................9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Brian Kabala's ("Kabala") Counterclaims fail as a matter of law and must be dismissed. Kabala's Counterclaim for Declaratory Judgment of Noninfringement is a duplicative waste of judicial resources, merely restating his denial of a claim the Plaintiff has already voluntarily dismissed. As cited herein, courts have repeatedly dismissed such counterclaims that are, in truth, merely answers or defenses, noting that such defenses are not standalone causes of action. While Courts have permitted such causes of action in patent cases, where a Defendant seeks declaratory validation of its ongoing business activity, that narrow exception to the general rule does not apply here. Indeed, no case or controversy exists in the present matter: there is no pending allegation of infringement against the Defendant; nor is there any allegation that the Defendant's ongoing business activities threaten infringement upon any intellectual property right. Thus, the Defendant's claim for declaratory relief amounts to nothing more than an improper request for an advisory opinion from the Court.

Additionally, Kabala's counterclaim for abuse of process is facially flawed and fails as a matter of law. Any claim for an abuse of process must include factual allegations that demonstrate the Plaintiff engaged in the legal process for an ulterior purpose other than resolving a legal dispute, and further engaged in a willful act in the use of that process not proper in the regular conduct of the proceedings. However, none of the facts alleged within Kabala's counterclaims satisfy either of the foregoing elements. In fact, the only alleged "ulterior purpose" is the Plaintiff's attempts to resolve the case through settlement – a purpose that Courts have repeatedly found to be perfectly proper. Meanwhile, despite the accusatory tone of Kabala's pleading, the Plaintiff fails to allege a single improper act engaged in by the Plaintiff in this case.

Unfortunately, it appears that Defendant and his counsel have brought these facially flawed and improper causes of action before the Court in an effort to take advantage of what Defendant's counsel perceives as a judicial bias in its favor.[1]  For these reasons, as explained more fully below, the Court must dismiss Defendant's counterclaims in their entirety.

## II.   LEGAL STANDARD

"A Rule 12(b)(6) motion tests the sufficiency of the complaint." *Johnson v. Homecomings Fin.*, 2012 WL 1357675, at *1 (S.D. Cal. 2012) citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must allege 'enough facts to state a claim to relief that is plausible on its face." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). "A claim has facial plausibility when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. A party must allege sufficient factual matter to nudge its claims across the line from conceivable to plausible. *See Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974 (2007). "Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory . . . Alternatively, a complaint may be dismissed where it . . . fails to plead essential facts under that theory." *Hennington v. F.B.I.*, 2009 WL 69313, at *2 (S.D. Cal. 2009) citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).

## III.   ARGUMENT

### A.   Kabala's Declaratory Judgment of Non-Infringement Must be Dismissed

---

[1] Defense counsel's settlement demand letter dated December 20, 2018 which is attached hereto as Exhibit "**1**" and incorporated herein by reference, specifically includes reference to the Defense counsel's belief "the temperament and leanings of the District and Magistrate Judge in this case" favor the Defendant's position.

2
PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS OF DEFENDANT BRIAN KABALA

HAMRICK & EVANS, LLP

### i. Kabala's Counterclaim Merely Mirrors LHF's Dismissed Copyright Infringement Claim

"The Declaratory Judgment Act (the Act) permits a federal court to 'declare the rights and other legal relations' of parties to 'a case of actual controversy.'" *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981), quoting 28 U.S.C. § 2201. "The 'actual controversy' requirement of the Act is the same as the 'case or controversy' requirement of Article III of the United States Constitution. *Id.*

"[C]ourts have generally recognized two criteria for determining whether declaratory relief is appropriate; (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations <u>at issue</u>, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984). Thus, "if a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before ... dismissing the action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137 (1995). "The fact that a court *can* enter a declaratory judgment does not mean that it *should*." *Hewitt v. Helms*, 482 U.S. 755, 762, 107 S. Ct. 2672, 2677 (1987). "Numerous courts have [...] [dismissed] counterclaims . . . where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." *Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 U.S. Dist. LEXIS 95127, at *8 (N.D. Cal. May 13, 2008); see e.g. *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 852 (N.D. Ill. 1990) (Court dismissed a counterclaim that mirrored an affirmative defense because "[i]t adds

HAMRICK & EVANS, LLP

3
PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS OF DEFENDANT BRIAN KABALA

nothing to the pleadings … already put before this Court."); *Arista Records LLC v. Usenet.com., Inc.*, 2008 U.S. Dist. LEXIS 95514, at *10 (S.D.N.Y. Nov. 24, 2008) (dismissing counterclaims that "add nothing to the affirmative defenses" and "do not present an independent case or controversy that would survive a dismissal of Plaintiff's infringement claim."); *Atl. Recording Corp. v. Serrano*, No. 07-CV-1824 W (JMA), 2007 U.S. Dist. LEXIS 95203, at *11 (S.D. Cal. Dec. 27, 2007) ("Numerous courts have dismissed declaratory relief counterclaims in electronic copyright infringement actions where the question of whether defendant infringed plaintiff's rights will be decided by plaintiff's claim.").

Here, Defendant's counterclaim fails and must be dismissed as an inappropriate "repackaging" of his initial denial of infringement. Specifically, Defendant's counterclaim is nothing more than a denial of infringement and must be dismissed because it adds nothing more to the underlying lawsuit, which has itself been dismissed.

> ii. *LHF's Copyright Infringement Claim Has Already Been Dismissed and Thus No Case and Controversy Exists*

Counterclaims for declaratory judgment of non-infringement are commonplace in intellectual property cases, particularly in patent cases. However, in deciding a motion to dismiss a claim for declaratory judgment of non-infringement, courts have drawn distinctions between cases typically involving <u>ongoing actions</u> which clearly give rise to a case and controversy, and those which do not pertain to ongoing activities. For example, a defendant manufacturer of a product, may file "an action for a declaratory judgment that a patent is invalid, or that the plaintiff is not infringing" and "a case or controversy [exists] if the plaintiff has a real and reasonable apprehension that he will be subject to liability *if he continues to manufacture* his product." *Pac. Bell Internet Servs. v. Recording Indus. Ass'n of Am., Inc.*, 2003 U.S. Dist. LEXIS 21659, quoting *Societe de*

HAMRICK & EVANS, LLP

1  *Conditionnement en Aluminum v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 942 (9th
2  Cir. 1981) (emphasis added). Prior to the Declaratory Judgment Act, "[a] patentee
3  could chill competition by declaring that his competitors were infringing his patents
4  and by threatening an infringement suit[,]" and without a patentee's initiation of a
5  lawsuit, "questions of validity of the patent or infringement by competitors could
6  not be adjudicated." *Id.* at 943. This imbalance forced competitors to "enter into a
7  licensing agreement or make some other arrangement with the patentee." *Id*. This
8  is why, the Ninth Circuit has found declaratory relief to be "indisputably
9  appropriate to patent cases." *Id.* Indeed, in patent cases, declaratory judgments
10 often survive motions to dismiss because the ongoing activity of a party exposes
11 them to real and reasonable apprehension of future litigation. Thus, a case and
12 controversy exists. This is why patent cases often discuss a 'dismissal with
13 prejudice' or a 'covenant not to sue.' Because a current contract/relationship
14 between the parties or ongoing activity continues to create the case and controversy.
15       In contrast to the majority of patent cases "the primary issue in this case
16 [is][…] whether Defendant actually downloaded, used, and/or distributed Plaintiffs'
17 copyrighted materials without authorization to do so." *Interscope Records v.*
18 *Kimmel*, No. 3:07-cv-0108, 2007 U.S. Dist. LEXIS 43966, at *12 (N.D.N.Y. June 18,
19 2007). Since the nature of the claims in this case are entirely different than those of
20 patent cases, the claimant merely asserting that he did not do commit some past act
21 (that he isn't even currently accused of), the Court must recognize that there is no
22 ongoing activity creating any present case or controversy. To be clear, LHF never
23 alleged that Kabala engages in the ongoing commercial distribution and re-sale of
24 its motion picture. Moreover, Kabala does not assert in his non-infringement claim
25 that he seeks to continue using BitTorrent to distribute LHF's motion picture. On
26 the contrary, he claims that he never downloaded the motion picture in the first
27 place. Accordingly, "[i]f Plaintiffs withdraw their claim [and it has], there is no
28

HAMRICK & EVANS, LLP

5
PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS OF DEFENDANT
BRIAN KABALA

continuing threat lingering over Defendant [and] there is no indication that Defendant is in the business of distributing [movies] and, therefore, this case does not involve claims of ongoing infringement. [Therefore] […] there is no continuing case or controversy." *Id.* at *12. Here, "there is [simply] no reason to force [LHF] to defend a claim by Defendant arguing that he did nothing wrong." *Id.* at *14-15. Indeed, "[c]ountenancing such a theory for entertaining Defendant's counterclaim would open the floodgates to endless potential litigation by persons seeking a declaration that [their] activities do not violate another's rights." *Id.* This is why declaratory judgments of non-infringement claims are commonly dismissed in non-patent peer-2-peer file sharing and BitTorrent cases, such as the one at bar.

"[A] declaratory judgment merely adjudicating past violations of federal law as opposed to continuing or future violations of federal law is not an appropriate exercise of federal jurisdiction." *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 868 (9th Cir. 2017). "The value of the judicial pronouncement what makes it a proper judicial resolution of a case or controversy rather than an advisory opinion is in the settling of some dispute which affects the behavior of the defendant towards the plaintiff." *Id.*, citing *Hewitt v. Helms*, 482 U.S. 755, 761, 107 S. Ct. 2672, 96 L. Ed. 2d 654 (1987). This point was captured best in *Hewitt v. Helms*:

> A lawsuit sometimes produces voluntary action by the defendant that affords the plaintiff all or some of the relief he sought through a judgment -- e. g., a monetary settlement or a change in conduct that redresses the plaintiff's grievances. When that occurs, the plaintiff is deemed to have prevailed despite the absence of a formal judgment in his favor. The Court of Appeals held, and Helms argues here, that the statement of law in Helms I that Helms' disciplinary proceeding was unconstitutional is a "vindication of . . . rights," that is at least the equivalent of declaratory relief, just as a monetary settlement is the informal equivalent of relief by way of damages. To suggest such an equivalency is to lose sight of the nature of the judicial process. In all civil litigation, the judicial decree is not the end but the means. At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces -- the payment of damages, or some specific performance, or the termination of some conduct. Redress is sought through the court, but from the defendant. This is no less true of a declaratory judgment suit than of any other action. The real value of the judicial pronouncement -- what makes it a proper judicial resolution of a "case or controversy" rather than an advisory opinion -- is in the settling of

6
PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS OF DEFENDANT BRIAN KABALA

> some dispute which affects the behavior of the defendant towards the plaintiff. The "equivalency" doctrine is simply an acknowledgment of the primacy of the redress over the means by which it is obtained. If the defendant, under the pressure of the lawsuit, pays over a money claim before the judicial judgment is pronounced, the plaintiff has "prevailed" in his suit, because he has obtained the substance of what he sought. Likewise in a declaratory judgment action: if the defendant, under pressure of the lawsuit, alters his conduct (or threatened conduct) towards the plaintiff that was the basis for the suit, the plaintiff will have prevailed. That is the proper equivalent of a judicial judgment which would produce the same effect; a judicial statement that does not affect the relationship between the plaintiff and the defendant is not an equivalent. As a consequence of the present lawsuit, Helms obtained nothing from the defendants. The only "relief" he received was the moral satisfaction of knowing that a federal court concluded that his rights had been violated.

*Hewitt v. Helms*, 482 U.S. 755, 760-62, 107 S. Ct. 2672, 2676 (1987) (internal citations omitted).

Although Plaintiff's copyright infringement claim was dismissed *without prejudice*, this should not be a basis for sustaining Kabala's declaratory judgment of non-infringement claim. Regardless of whether the claim was dismissed with or without prejudice, Kabala's "counterclaims do little to serve the purposes of declaratory relief, such as 'clarifying and settling the legal relations in issue,' or affording a declaratory plaintiff relief from the 'uncertainty, insecurity, and controversy giving rise to the proceeding.'" *UMG Recordings, Inc. v. DIVX, Inc.*, No. CV 07-06835 AHM (AJWx), 2008 U.S. Dist. LEXIS 128844, at *11 (C.D. Cal. Aug. 22, 2008), quoting *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984). LHF's dismissal without prejudice and its "failure to [provide] [a] covenant not to sue [Kabala] does not raise an objectively reasonable apprehension of liability." *Paramount Pictures Corp. v. RePlayTV*, 298 F. Supp. 2d 921, 928 (C.D. Cal. 2004). "The relevant standard is whether there is a substantial controversy . . . of **sufficient immediacy and reality** to warrant the issuance of a declaratory judgment. That standard is simply not met by virtue of the Copyright Owners' refusal to promise never to sue." *Paramount Pictures Corp. v. RePlayTV*, 298 F. Supp. 2d 921, 928 (C.D. Cal. 2004) (emphasis added).

7
PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS OF DEFENDANT BRIAN KABALA

Indeed, if for some reason LHF sought to re-file its claims against the Defendant (noting that the statute of limitations would run before the conclusion of the present case anyhow), Mr. Kabala would be welcome to assert his innocence in the face of such a claim. However, LHF is not presently litigating such a claim and it is therefore improper and even beyond the Constitutional scope of this Court's jurisdiction to issue such an advisory opinion. Accordingly, Kabala's declaratory judgment of non-infringement must be dismissed.

### B. Kabala's Abuse of Process Claim Should Be Dismissed

#### i. LHF Has No Ulterior Motive and Defendant Failed to Set Forth Any Facts Supporting the Existence of An Ulterior Motive

"A successful abuse of process claim requires '(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding.'" *Franchise Tax Bd. of Cal. v. Hyatt*, 401 P.3d 1110, 1130 (Nev. 2017). "In abuse of process cases, an improper purpose often takes the form of coercion exercised in the course of negotiation to obtain collateral advantage not properly involved in the proceeding itself. The impropriety lies in the use of process as a threat or club to obtain the collateral advantage." *Bricklayers & Allied Craftsmen, Local Union No. 3 v. Masonry & Tile Contractors Ass'n*, No. CV-LV-81-726 RDF, 1990 U.S. Dist. LEXIS 18520, at *30 (D. Nev. July 2, 1990) (emphasis added).

Mr. Kabala's abuse of process claim contains a number of statements (regarding alleged lack of evidence, use of foreign witnesses, use of form complaints, sending demand letters, failing to disclose all its evidence, and failing to disclose parties of interest) all used to support the allegation that LHF has one 'ulterior purpose other than resolving a legal dispute' – to obtain 'extortionate' settlements. Here, all of LHF's actions have been confined to their regular and legitimate functions in relation to the cause of action stated in the Complaint. Plaintiff filed a

HAMRICK & EVANS, LLP

Complaint and Motion for Leave to subpoena Defendant's ISP in order to obtain Defendant's identity, used declarations in support thereof, your Honor granted leave to issue the subpoena because Plaintiff had demonstrated good cause, Plaintiff issued a lawful subpoena and Defendant was notified, Plaintiff served the Complaint on Defendant, and Plaintiff attempted to settle the case. None of these actions are irregular nor do they evidence any ulterior purpose.

While Mr. Kabala makes numerous immaterial accusations in an effort to paint the Plaintiff as some nefarious character, none of those accusations have any baring or relevance to the conclusory assertion that the Plaintiff engaged in the present litigation for some ulterior purpose.  Plaintiff is using process for the purpose for which it is intended, i.e., to remedy the copyright infringement committed by Mr. Kabala and the millions of other users of the BitTorrent protocol. Indeed, LHF has carefully designed litigation strategy to ferret out the identities of infringers, make a demand upon them based on their infringement, and to bring legal actions against them if a settlement cannot be reached. Plaintiff's settlement attempts are an exercise of its Constitutionally-protected right to assert pre-suit settlement demands.[2] See e.g. *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 931 (9th Cir. 2006) (holding that both pre-litigation settlement discussions and discussion during a suit between private parties are afforded protection under the Petition Clause of the First Amendment).  Further, "[f]ederal courts have strongly encouraged the settlement of cases." *Browning v. MCI*, No. 3:00-cv-00633-ECR-VPC, 2010 U.S. Dist.

---

[2] LHF intends on filing a Special Motion to Dismiss Kabala's abuse of process claim pursuant to Nevada's Anti-SLAPP Statute, Nev. Rev. Stat. Ann. § 41.660.  Further, pursuant to the litigation privilege, Defendant should be barred from using any documents or actions that occurred in this matter to support his abuse of process claim. "Nevada follows the long-standing common law rule that communications [made] in the course of judicial proceedings [even if known to be false] are absolutely privileged." *Bullivant Houser Bailey PC v. Eighth Judicial Dist. Court*, No. 57991, 2012 Nev. Unpub. LEXIS 461, at *5-6 (Mar. 30, 2012) (internal quotations omitted). "When applicable, 'an absolute privilege bars any civil litigation based on the underlying communication.'" *Id.* at *7. "Additionally, there is no reason to distinguish between communications made during the litigation process and conduct occurring during the litigation process." *Bullivant Houser Bailey PC v. Eighth Judicial Dist. Court*, No. 57991, 2012 Nev. Unpub. LEXIS 461, at *6-7 (Mar. 30, 2012).

HAMRICK & EVANS, LLP

1  LEXIS 75736, at *20 (D. Nev. June 30, 2010); See also *Allen v. Bayer Corp. (In re*
2  *Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1227 (9th Cir.
3  2006) ("As the first of the Federal Rules of Civil Procedure reflects, the public has
4  an overriding interest in securing 'the just, speedy, and inexpensive determination
5  of every action.'"); see also the Supreme Court's statement that "Rule 68's policy of
6  encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it
7  expresses a clear policy of favoring settlement of all lawsuits." *Marek v. Chesny*, 473
8  U.S. 1, 11 (1985).

9  Courts around the country, and in this district, have repeatedly held that the
10 goal of obtaining a settlement in a case is **_not_** an ulterior purpose for purposes of an
11 abuse of process claim. *Coleman v. Gulf Ins. Group*, 41 Cal.3d 782, 792-793, 226
12 Cal.Rptr. 90, 718 P.2d 77 (the taking of an appeal, even one lacking in merit and
13 intended to cause delay and coerce a settlement, does not provide a basis for filing
14 an action for abuse of process.); *Grabinski v. Nat'l Union Fire Ins. Co.*, No. CV-04-
15 1751-PHX-MHM, 2005 U.S. Dist. LEXIS 21946, at *18 (D. Ariz. Sep. 23, 2005)
16 ("Plaintiffs' allegation in the instant case that Defendants' reason for appeal was to
17 force a settlement will not support an abuse of process claim under Arizona law,
18 even if the allegation is assumed to be true […] Allegations of incidental motives of
19 spite or greed are insufficient."); See *Momot v. Mastro*, No. 2:09-cv-00975-RLH-LRL,
20 2010 U.S. Dist. LEXIS 67156, at *13 (D. Nev. July 6, 2010) ("The Mastros' entire
21 abuse of process claim rests on their assertion that Momot threatened to file suit
22 simply to coerce an unjust settlement. Even if this assertion is true, however, it does
23 not amount to a viable abuse of process claim: filing suit for an improper motive
24 does not constitute an improper act lacking a "legitimate function as a . . . litigation
25 procedure."); see also *Rashidi v. Albright*, 818 F. Supp. 1354, 1359 (D. Nev. 1993)
26 (finding that bringing a lawsuit in order to obtain settlement leverage was an
27 acceptable use of process).

HAMRICK & EVANS, LLP

Indeed, "maintaining a lawsuit for the ulterior purpose of continuing litigation as a lever to obtain a settlement is not an improper motive and would not demonstrate any ulterior purpose other than resolution or settlement of the suit which is an acceptable use of process." *Hampton v. Nustar Managment Fin. Grp.*, No. 2:05-CV-0824-BES-GWF, 2007 U.S. Dist. LEXIS 2072, at *8 (D. Nev. Jan. 8, 2007). This is because, "[a] successful copyright lawsuit would result in money damages, so seeking a settlement by filing a complaint does not qualify as an ulterior motive[.]" *Malibu Media, LLC v. Doe*, No. 2:14-cv-821, 2015 U.S. Dist. LEXIS 13173, at *5 (S.D. Ohio Feb. 4, 2015).

### ii. <u>LHF Has Not Performed Any Willful Act in the Use of Legal Process Not Proper in the Regular Conduct of the Proceeding</u>

"Even assuming arguendo that an improper purpose has been sufficiently shown, the counterclaim fails because [Kabala] [has] not presented evidence indicating that [LHF] committed a willful act in the use of legal process not proper in the regular conduct of proceeding. There is 'no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.'" *Bricklayers & Allied Craftsmen, Local Union No. 3 v. Masonry & Tile Contractors Ass'n*, No. CV-LV-81-726 RDF, 1990 U.S. Dist. LEXIS 18520, at *31 (D. Nev. July 2, 1990).

Mr. Kabala states that LHF's filing of its complaint was abuse of process since it was not filed to resolve a legal dispute. *See* CM/ECF 11, p. 7. However, the Ninth Circuit has held "that initiation of a lawsuit does not constitute the tortious act required as one of the elements of abuse of process." *Ging v. Showtime Entm't, Inc.*, 570 F. Supp. 1080, 1083 (D. Nev. 1983), citing *Blue Goose Growers, Inc. v. Yuma Groves, Inc.*, 641 F.2d 695, 697 (9th Cir. 1981). And, under Nevada law, "the mere filing of the complaint is insufficient to establish the tort of abuse of process." *Dubric v. A CAB LLC*, No. 2:15-cv-02136-RCJ-CWH, 2016 U.S. Dist. LEXIS 48984,

11
PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS OF DEFENDANT BRIAN KABALA

HAMRICK & EVANS, LLP

at *8 (D. Nev. Apr. 12, 2016). "Instead, the complaining party must include some allegation of abusive measures taken after the filing of the complaint in order to state a claim." *Hampton v. Nustar Managment Fin. Grp.*, No. 2:05-CV-0824-BES-GWF, 2007 U.S. Dist. LEXIS 2072, at *7 (D. Nev. Jan. 8, 2007). Any deficiencies to a complaint are the proper subject of a motion to dismiss, not an abuse of process claim. Simply put, LHF's filing of a complaint cannot possibly be an abuse of process.

Mr. Kabala claims that Plaintiff did not disclose that the only evidence are packet captures evidencing a 'miniscule' communication between the infringement detection system and the infringing IP address. *See* CM/ECF 111, p. 4. Mr. Kabala also alleges that LHF did not disclose to the Court or defendant that LHF does "not have evidence that takes the additional step of confirming that the account holder is the actual infringer." *See* CM/ECF 111, p. 4. Even *assuming arguendo* this is an accurate description of Plaintiff's evidence (which it is not), failure to disclose this is not 'a willful act in the use of the legal process not proper in the regular conduct of the proceeding.' Indeed, "*Iqbal* and *Twombly* do not require a plaintiff to prove his case in the complaint. The requirement of nonconclusory factual detail at the pleading stage is tempered by the recognition that a plaintiff may only have so much information at his disposal at the outset." *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012). Thus, even assuming that the PCAP was insufficient to establish infringement (which is utterly untrue and bordering on absurd), the existence of the PCAP (and in this case, several PCAPs) itself is more than enough basis to file a complaint, and LHF's failure to describe its evidence in detail within its complaint is not 'a willful act in the use of the legal process not proper in the regular conduct of the proceeding.' Indeed, disclosure or some explanation of all evidence in Plaintiff's possession is unnecessary at the pleading stage. Even if LHF's lawsuit did not have a basis (and it does have *substantial*

HAMRICK & EVANS, LLP

1  basis), Mr. Kabala "merely alleges that the willful act was the lawsuit and the
2  improper purpose was [LHF's] failure to dismiss the proceedings despite [its]
3  knowledge that [its] claims have no basis. This is insufficient under Nevada law."
4  *Hampton v. Nustar Managment Fin. Grp.*, No. 2:05-CV-0824-BES-GWF, 2007 U.S.
5  Dist. LEXIS 2072, at *7-8 (D. Nev. Jan. 8, 2007).

6       Mr. Kabala claims that, "Plaintiff does not disclose to the court or the named
7  defendant that their 'proprietary forensic software' could, if it invested more time
8  and resources, capture communication between their monitoring software and the
9  actual infringer, but intentionally does not so[.]" *See* CM/ECF 111, p. 4. Again, this
10 cannot amount to abuse of process. The degree to which the subject software is
11 "proprietary" is wholly irrelevant to the substantive claims of this case.  Even if the
12 Plaintiff had alleged that its investigator's software was some open-source, off-the-
13 shelf product, the fact that the software was or wasn't proprietary has no bearing
14 upon whether it successfully traced an infringement to the Defendant's IP Address.
15 In the end, regardless of how proprietary the software was, it successfully identified
16 the Defendant's IP Address as the address responsible for infringing upon the
17 Plaintiff's motion picture.  Mr. Kabala's allegation is nothing more than a red
18 herring – wholly irrelevant to the substantive issues of the underlying case.
19 Moreover, even assuming that the assertion by LHF's investigator that its software
20 was proprietary somehow gave rise to a claim, that claim would not be against LHF;
21 it would be against MaverickEye, who is not a party to this suit.

22      Mr. Kabala claims that, Plaintiff "did not disclose all parties with interest."
23 *See* CM/ECF 111, p. 5.  This too cannot be characterized as 'a willful act in the use
24 of the legal process not proper in the regular conduct of the proceeding.'  Further,
25 undersigned assured defense counsel that Plaintiff would review its disclosure and
26 make any corrections (if necessary) immediately.

27
28

HAMRICK & EVANS, LLP

13
PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS OF DEFENDANT
BRIAN KABALA

1   Lastly, Mr. Kabala claims that "LHF uses a form demand letter to threaten, intimidate and extort money from purported 'defendants.'" *See* CM/ECF 111, p. 6. He also states that, "[t]hese demand letters intentionally mislead the account holder/defendant into believing Plaintiff has evidence establishing that the account holder and the infringer are one in the same, or that the account holder can be held vicariously liable for the infringement." *Id*. As previously stated, attempting to settle a legal claim is not an ulterior purpose and is further not 'a willful act in the use of the legal process not proper in the regular conduct of the proceeding.' Sending a demand letter is a normal and regular action taken by all attorneys and parties to a case, including defense counsel.  Moreover, despite the Defendant's conclusory language asserting that the Demand letter's "intentionally mislead," the Defendant fails to point to any actual, specific misrepresentation within such letter.

In the instant case, "[Kabala] fails to allege any abusive measures taken after the filing of the complaint that would establish a willful act of process not proper in the regular conduct of the proceeding." *Hampton v. Nustar Managment Fin. Grp.*, No. 2:05-CV-0824-BES-GWF, 2007 U.S. Dist. LEXIS 2072, at *7 (D. Nev. Jan. 8, 2007).  Indeed, Kabala's abuse of process claim essentially takes issue with LHF's settlement offers, its filing of a lawsuit, the evidence listed in LHF's complaint, having witnesses that so not reside in the country, and using document templates. These are all actions that all attorneys take in the normal course of representing a client in a lawsuit. Accordingly, Kabala's abuse of process claim should be dismissed.

///
///
///
///
///

HAMRICK & EVANS, LLP

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court dismiss Defendant's counterclaims in their entirety.

Respectfully submitted this February 9, 2018.

/s/ Charles C. Rainey
CHARLES C. RAINEY, ESQ./MBA/LLM
Nevada Bar No. 10723
crainey@hamricklaw.com
HAMRICK & EVANS LLP
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
+1.702.425.5100 (ph)
+1.818.763.2308 (fax)
*Attorney for Plaintiff*