F. Christopher Austin, Esq.
Nevada Bar No. 6559
*caustin@weidemiller.com*
Ryan Gile, Esq.
Nevada Bar No. 8807
*rgile@weidemiller.com*
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel: (702) 382-4804
Fax: (702) 382-4805

Charles C. Rainey, Esq.
Nevada Bar No. 10723
*crainey@hamricklaw.com*
**HAMRICK & EVANS LLP**
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
Tel: (702) 425-5100
Fax: (818) 763-2308

*Attorneys for Plaintiff LHF Productions, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LHF PRODUCTIONS, INC., a Nevada Corporation,<br><br>　　　　　Plaintiff,<br>vs.<br><br>MARIA GONZALEZ, an individual; BRIAN KABALA, an individual; JOHN KOEHLY, an individual; DANIEL O'CONNELL, an individual; DONALD PLAIN, an individual; ANTE SODA, an individual; MATTHEW STEWART, an individual; and JOHN AND JANE DOES.<br><br>　　　　　Defendants<br><br>BRIAN KABALA, an individual;<br><br>　　　　　Counter-Plaintiff,<br>vs.<br><br>LHF PRODUCTIONS, INC., a Nevada Corporation,<br><br>　　　　　Counter-Defendant, | Case No.: 2:16-cv-02028-JAD-NJK<br><br>**PLAINTIFF/COUNTER-DEFENDANT'S SPECIAL MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF BRIAN KABALA'S ABUSE OF PROCESS COUNTERCLAIM PURSUANT TO NRS §41.660** |

FCA-W-0674

1

Plaintiff/Counter-Defendant LHF PRODUCTIONS, INC. (hereafter referred to as "Plaintiff" or "LHF"), by and through its counsel of record, , , hereby moves to dismiss (the "Motion") Defendant/ Counter-Plaintiff BRIAN KABALA's (hereafter referred to as "Kabala") abuse of process counterclaim (the "Counterclaim") (Docket No. 111)  pursuant to NRS § 41.660.  This Motion is made and based upon the following Memorandum of Points and Authorities, the pleadings and filings submitted in this case, and any oral argument entertained by the Court.

DATED this 16th day of March, 2018.

**WEIDE & MILLER, LTD.**,

*/s/ F. Christopher Austin*
F. Christopher Austin (NV Bar No. 6559)
caustin@weidemiller.com
Ryan Gile (NV Bar No. 8807)
rgile@weidemiller.com
**WEIDE & MILLER. LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel:  702-382-4804
Fax:  702-382-4805

Charles C. Rainey, Esq/MBA/LLM
Nevada Bar No. 10723
crainey@hamricklaw.com
**HAMRICK & EVANS LLP**
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
Tel: (702) 425-5100
Fax: (818) 763-2308

*Attorneys for Plaintiff/**Counter-Defendant***
LHF PRODUCTIONS, INC.

FCA-W-0674

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Kabala's abuse of process counterclaim is based *entirely* upon good faith communications in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern, which is protected under Nev. Rev. Stat. § 41.660 (Nevada's "Anti-SLAPP" statute). As set forth herein, even if the allegations set forth in the abuse of process counterclaim were true, which they are not, none of these allegations support an abuse of process claim and, thus, the abuse of process claim should be dismissed. In addition, because all the documents and communications upon which the abuse of process claim is based are protected by the litigation privilege, such documents and communications cannot be used as evidence to support Kabala's abuse of process claim against LHF.

For these reasons, Plaintiff respectfully requests that this Court dismiss the Counterclaim for abuse of process raised by the Defendant/Counterclaimant BRIAN KABALA.

## II. LEGAL STANDARD

"If an action is brought against a person based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern[,] [t]he person against whom the action is brought may file a special motion to dismiss[.]" Nev. Rev. Stat. § 41.660(1).

In deciding a special motion to dismiss, a court first shall "[d]etermine whether the moving party has established, by a preponderance of the evidence, that the claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern[.]" Nev. Rev. Stat. § 41.660.

Then, "[i]f the court determines that the moving party has met the burden [the court shall] determine whether the [non-moving party] has demonstrated with prima facie evidence a probability of prevailing on the claim[.]" *Id*. Further, it is appropriate for this Court to "consider California caselaw because California's anti-SLAPP statute is similar in purpose and language to Nevada's anti-SLAPP statute[.]" *John v. Douglas Cty. Sch. Dist.*, 125 Nev. 746, 756, 219 P.3d 1276, 1283 (2009).

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0674

## III. ARGUMENT

### A. LHF's Special Motion to Dismiss is Timely

"A special motion to dismiss must be filed within 60 days after service of the complaint, which period may be extended by the court for good cause shown." Nev. Rev. Stat. § 41.660(2). Here, Kabala filed and served his abuse of process counterclaim on January 19, 2018. The deadline for bringing such a motion is, therefore, March 20, 2018. Because the instant Motion was filed prior to March 20, 2018, it is timely.

### B. Kabala's Efforts to Punish or Chill LHF's Petitioning Conduct is Prohibited by Nevada's Anti-SLAPP Statute

"A SLAPP lawsuit is characterized as a meritless suit filed primarily to chill the defendant's exercise of First Amendment rights." *John v. Douglas Cty. Sch. Dist.*, 125 Nev. at 752-53, 219 P.3d at 1280-81. "SLAPP lawsuits abuse the judicial process by chilling, intimidating, and punishing individuals for their involvement in public affairs." *Id.* "The hallmark of a SLAPP lawsuit is that it is filed to obtain a financial advantage over one's adversary by increasing litigation costs until the adversary's case is weakened or abandoned." *Id.* "[T]he Ninth Circuit [has] recognized that anti-SLAPP statutes protect a citizen's right to petition his government without repercussion." *Id.* at 1285, citing *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).

"A successful abuse of process claim requires '(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding.'" *Franchise Tax Bd. of Cal. v. Hyatt*, 401 P.3d 1110, 1130 (Nev. 2017). "The gravamen of [abuse of process] is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." *Taser Int'l, Inc. v. Stinger Sys.*, No. 2:09-CV-00289-KJD-PAL, 2011 U.S. Dist. LEXIS 84120, at *14-15 (D. Nev. July 28, 2011), quoting *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (U.S. 1994). Abuse of process claims "may be subject to the anti-SLAPP statute because they are within the activity that the statute seeks to protect." *Zamora & Hoffmeier v. Hill, Farrer & Burrill LLP (In re Cont'l Coin Corp.)*, 2013 Bankr. LEXIS 2651 *11. Indeed,

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

"[b]y definition, […] claims for abuse of process are retaliatory claims, arising in response to the opposing party's litigation." *Id.*

Nevada's Anti-SLAPP statute allows a court to dismiss any claim arising from a defendant's exercise of constitutionally-protected rights of free speech or petition for redress and grievances. Abuse of process claims are deemed to arise out of protected conduct as a matter of law. *Id.* Here, Kabala's abuse of process claims directly target LHF's First Amendment right to petition and seeks to effectively chill, intimidate, and punish LHF's attorneys for advocating for their client. *See* Counterclaim at 8. Indeed, Kabala's claim is based on LHF's filing of its copyright infringement claim, the declarations used in support thereof, and various settlement communications LHF and its attorneys engaged in directly related to this lawsuit. *Id.* If LHF was prohibited from filing lawsuits, using declarations, and engaging in settlement discussions, it would no longer be able exercise its right to petition this Court. Kabala's abuse of process claim is, therefore, a retaliatory act against LHF for exercising its right to petition this Court.

### C. Kabala's Abuse of Process Claim Arises from Actions in Connection with Protected Activity

"SLAPP lawsuits abuse the judicial process by chilling, intimidating, and punishing individuals for their involvement in public affairs. To curb these abusive lawsuits, Nevada's legislature has adopted anti-SLAPP laws that immunize protected speakers from suit." *Moreira-Brown v. Las Vegas Review Journal, Inc.*, No. 2:16-cv-02002-JAD-VCF, 2017 U.S. Dist. LEXIS 151549, at *11-12 (D. Nev. Sep. 18, 2017). "Nevada's anti-SLAPP statutes permit a defendant to bring a special motion to dismiss an action brought against a person based upon a good faith communication in furtherance of the right . . . to free speech in direct connection with an issue of public concern." *Id.* at *12 (internal quotations omitted). Nevada's anti-SLAPP statue expressly states that, "[g]ood faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern" means any "[w]ritten or oral statement made in direct connection with an issue under consideration by a legislative, executive or judicial body, or any other official proceeding authorized by law[.]" Nev. Rev. Stat. § 41.637.

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0674

5

1   And, as previously noted, because of their nature, abuse of process claims are subject to Nevada's anti-SLAPP statute.

Here, Kabala's abuse of process claim is based exclusively on LHF's filing of this lawsuit, declarations in support of LHF's motions in this lawsuit, settlement letters LHF sent to Kabala in an effort to resolve this lawsuit, and the alleged failure to disclose parties in interest to this lawsuit. Counterclaim at 8. However, each of these documents, actions, or communications embodies LHF's good faith communication in furtherance of the right to petition.

First, the filing of LHF's lawsuit itself is a protected statement under Nevada's anti-SLAPP law. The filing of a lawsuit is protected conduct because it is a "[w]ritten […] statement made in direct connection with an issue under consideration by a […] judicial body[.]" Nev. Rev. Stat. § 41.637; *Zamora & Hoffmeier v. Hill, Farrer &* Burrill LLP (In re Cont'l Coin Corp.), Nos. 1:00-bk-15821-GM, 1:13-ap-01061-GM, 2013 Bankr. LEXIS 2651, at *13 (Bankr. C.D. Cal. July 1, 2013) ("The very filing of an adversary proceeding constitutes a written statement made before a judicial body and is thus protected[.]").

Second, the declarations and settlement letters upon which Kabala bases his abuse of process claim are also "statements made in direct connection with an issue under consideration by a judicial body." *Id.* The inclusion of declarations filed in support of a party's motion before a Court is the "petitioning activity" anti-SLAPP statutes were designed to protect. *Summerfield v. Randolph*, 201 Cal. App. 4th 127, 128, 133 Cal. Rptr. 3d 487, 489 (2011) ("[A]ttorney's affidavits, which were filed in a foreign court in order to influence the determination of issues pending in a California court, qualified for protection under the anti-SLAPP statute as a writing made in connection with an issue under consideration by a judicial body."). And settlement negotiations are not only common practice but are also a petitioning activity subject to the anti-SLAPP statute. *See Crossroads Inv'rs, L.P. v. Fed. Nat'l Mortg. Ass'n*, 13 Cal. App. 5th 757, 782, 222 Cal. Rptr. 3d 1, 24 (2017) ("Settlement discussions made in connection with litigation are protected activity under the anti-SLAPP statute."); *GeneThera, Inc. v. Troy & Gould Prof'l Corp.*, 171 Cal. App. 4th 901, 908, 90 Cal. Rptr. 3d 218, 222-23 (2009) ("[A]n attorney's communication with opposing counsel on behalf of a client regarding pending litigation directly implicates the right to petition

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0674

6

and thus is subject to a special motion to strike."). Plaintiff's settlement attempts, therefore, are also an exercise of its Constitutionally-protected right to assert pre-suit settlement demands. *See e.g. Sosa v. DirecTV, Inc.*, 437 F.3d 923, 931 (9th Cir. 2006) (holding that both pre-litigation settlement discussions and discussions during a suit between private parties are afforded protection under the Petition Clause of the First Amendment).

Finally, any alleged filing or discovery "failure" on the part of LHF or its counsel is also a "communicative act" which is protected. *See Ludwig v. Superior Court,* 37 Cal. App. 4th 8, 18, 20, 43 Cal. Rptr. 2d 350, 357, 358-59 (1995) (defendant's failure to perform discovery obligations was communicative conduct protected by the anti-SLAPP statute); *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115, 81 Cal. Rptr. 2d 471, 476, 969 P.2d 564, 569-70 (1999) (claims were protected by the anti-SLAPP statute where they were partly based on defendant's failure to comply with a deposition subpoena). Thus, "[t]here is no question that the complained of conduct satisfies the first prong of the anti-SLAPP statute. The entire claim is based on [ ] representations to various federal courts [in public case filings]. This kind of action is specifically defined as protected action by [the applicable anti-SLAPP statute]." *See Blaha v. Rightscorp, Inc.*, No. CV 14-9032 DSF (JCGx), 2015 U.S. Dist. LEXIS 108461, at *4-6, 10 (C.D. Cal. May 8, 2015) (dismissing a similar abuse of process claim brought against a peer to peer infringement monitoring company under California's Anti-SLAPP statute).

In support of his abuse of process claim and in an effort to assert evidence of abuse of process, Kabala alleges that LHF engaged in the misconduct of filing a case with no intention of litigating it, of failing to make specific allegations of copyright infringement, of failing to make witnesses available to be questioned, and of making exaggerated claims for damages in demand letters without support or evidence. Counterclaim at 8. None of these claims are true; however, even if they were, "[t]he fact that the claims allege misconduct also does not keep [the] acts from being in furtherance of petitioning [under the anti-SLAPP statute]." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009).

Thus, because Kabala's abuse of process claim is a "claim based upon good faith communication in furtherance of the right to petition or the right to free speech in direct

FCA-W-0674 7

connection with an issue of public concern" (Nev. Rev. Stat. § 41.660), the claim is properly the subject of this "special motion to dismiss" under Nevada' anti-SLAPP statute. Nev. Rev. Stat. § 41.660(1).

### D.  Kabala Cannot Prevail on His Abuse of Process Claim

As explained in LHF's Motion to Dismiss (Docket No. 120), Kabala has no reasonable probability of prevailing on his abuse of process claim because he does not allege any facts in support of the two elements necessary to establish the claim: "(1) an ulterior purpose by [LHF] other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Franchise Tax Bd. of Cal. v. Hyatt*, 401 P.3d 1110, 1130 (Nev. 2017).

As to Kabala's claim that the filing of this action allegedly without evidence somehow supports his abuse of process claim, the Ninth Circuit has already held that the filing of a lawsuit does not constitute the tortious act required as one of the elements of abuse of process. *Ging v. Showtime Entm't, Inc.*, 570 F. Supp. 1080, 1083 (D. Nev. 1983), citing *Blue Goose Growers, Inc. v. Yuma Groves, Inc.*, 641 F.2d 695, 697 (9th Cir. 1981) (the Ninth Circuit held "that initiation of a lawsuit does not constitute the tortious act required as one of the elements of abuse of process."); *Bricklayers & Allied Craftsmen, Local Union No. 3 v. Masonry & Tile Contractors Ass'n*, No. CV-LV-81-726 RDF, 1990 U.S. Dist. LEXIS 18520, at *28 (D. Nev. July 2, 1990) ("The mere filing of a complaint itself is insufficient to establish the tort of abuse of process."); *Dubric v. A CAB LLC*, No. 2:15-cv-02136-RCJ-CWH, 2016 U.S. Dist. LEXIS 48984, at *8 (D. Nev. Apr. 12, 2016) (same).  "Instead, the complaining party must include some allegation of abusive measures taken ***after*** the filing of the complaint in order to state a claim." *Hampton v. Nustar Managment Fin. Grp.*, No. 2:05-CV-0824-BES-GWF, 2007 U.S. Dist. LEXIS 2072, at *7 (D. Nev. Jan. 8, 2007) (emphasis added).

Kabala alleges that LHF's settlement demand letters support his abuse of process claim. Counterclaim at 8.  However, settlement and demand letters have been long held to be a perfectly acceptable use of the legal process.  Indeed, "maintaining a lawsuit for the ulterior purpose of continuing litigation as a lever to obtain a settlement is not an improper motive and would not

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0674         8

demonstrate any ulterior purpose other than resolution or settlement of the suit which is an acceptable use of process." *Hampton v. Nustar Managment Fin. Grp.*, at *8. Thus, "[e]ven if proven, such a motive would not demonstrate any ulterior purpose other than resolution or settlement of the suit which is an acceptable use of process." *Rashidi v. Albright*, 818 F. Supp. 1354, 1359 (D. Nev. 1993). Indeed, "the ulterior purpose required of tortious abuse of process must be any purpose 'other than resolution or settlement of the suit.'" *Lagos v. Monster Painting*, Inc., No. 2:11-CV-00331-LRH-GWF, 2012 U.S. Dist. LEXIS 88060, at *8 (D. Nev. June 22, 2012), quoting *Rashidi v. Albright*, 818 F. Supp. at 1359, *aff'd*, 39 F.3d 1188 (9th Cir. 1994).

Here, Kabala alleges that LHF filed this lawsuit to coerce an unjust settlement for an unsupportable amount. Counterclaim at 8. Even if this assertion is true, and it is not, it does not amount to a viable abuse of process claim: "filing suit for an improper motive does not constitute an improper act lacking a legitimate function as a litigation procedure." *Momot v. Mastro*, No. 2:09-cv-00975-RLH-LRL, 2010 U.S. Dist. LEXIS 67156, at *13 (D. Nev. July 6, 2010) (internal quotations omitted). This is because, "[a] successful copyright lawsuit would result in money damages, so seeking a settlement by filing a complaint does not qualify as an ulterior motive[.]" *See Malibu Media, LLC v. Doe*, No. 2:14-cv-821, 2015 U.S. Dist. LEXIS 13173, at *5 (S.D. Ohio Feb. 4, 2015).

Kabala also alleges LHF sent "demand letters" when it had "no evidence of infringement" and that, if true, such conduct would support his abuse of process claim. Counterclaim at ¶¶ 35-36. First, this is untrue since LHF did and does possess evidence that Kabala infringed its copyrights. However, even if the allegation were true, and it is not, it does not support an abuse of process claim. This is because courts in this District and others have held that the filing of lawsuit without evidence or engaging in efforts to settle even a frivolous case do not amount to abuse of process. *Dubric v. A CAB LLC*, No. 2:15-cv-02136-RCJ-CWH, 2016 U.S. Dist. LEXIS 48984, at *9 (D. Nev. Apr. 12, 2016) (allegation of filing a frivolous complaint insufficient to sustain an abuse of process claim); *Raima, Inc. v. Myriad France, SAS*, No. C12-1166JLR, 2012 U.S. Dist. LEXIS 176245, at *10-11 (W.D. Wash. Dec. 11, 2012) ("Many courts have held that attempts to settle a case, ***even a frivolous case***, cannot form the basis of an abuse of process

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0674        9

claim.") (emphasis added)[1]; *Morn v. Phoenix*, 152 Ariz. 164, 167, 730 P.2d 873, 876 (Ct. App. 1986) ("[A]n abuse of process claim will not lie in an instance where process was issued ***without*** justification.") (emphasis added); *Hampton v. Nustar Managment Fin. Grp.*, No. 2:05-CV-0824-BES-GWF, 2007 U.S. Dist. LEXIS 2072, at *7-8 (D. Nev. Jan. 8, 2007) (holding that "maintaining a lawsuit for the ulterior purpose of continuing litigation as a lever to obtain a settlement is not an improper motive and would not demonstrate any ulterior purpose other than resolution or settlement of the suit which is an acceptable use of process"[2]).

Kabala's abuse of process claim fails to identify any actionable ulterior motive. *See* Counterclaim at ¶ 39. Kabala's assertion that "improperly extorting settlements" is "the ulterior purpose" is not actionable. *Id.* Not only is seeking to obtain a settlement a protected act, *Hampton v. Nustar Managment Fin. Group*, 2007 U.S. Dist. LEXIS 2072, *8, 2007 WL 119146, seeking to obtain settlements from persons who are not parties to this lawsuit, as alleged by Kabala, is neither relevant to these proceedings nor can evidence an ulterior purpose for bringing this lawsuit or seeking a settlement in this lawsuit.

---

[1] *Id.* citing "E.g., *JSJ Ltd. P'ship v. Mehrban*, 205 Cal. App. 4th 1512, 141 Cal. Rptr. 3d 338, 346 (Cal. Ct. App. 2012); *Hoffman v. Asseenontv.com, Inc.*, 404 N.J. Super. 415, 962 A.2d 532, 542 (N.J. Super. A.D. 2009); *Wallace v. Mercantile Cnty. Bank*, 514 F. Supp. 2d 776, 793 (D. Md. 2007). These courts have reached this result for different reasons, all of which the court finds persuasive. *E.g., THI of New Mexico at Valle Norte v. Harvey*, 802 F. Supp. 2d 1257 (D.N.M. 2011) (concluding that attempts to settle a case are not acts that are improper in the regular prosecution of proceedings); *Hoffman*, 962 A.2d at 542 (concluding that settlement negotiations are not part of the court's "process"); *Wallace*, 514 F. Supp. 2d at 793 (explaining that there can be no abuse of process for simply seeing a lawsuit through to its "authorized conclusion," and that attempting to negotiate a settlement is merely carrying a suit through to its "authorized conclusion")."

[2] *Id.* citing *Rashidi v. Albright*, 818 F.Supp. 1354, 1359 (D.Nev., 1993) and *Dutt v. Kremp*, 108 Nev. 1076, 844 P.2d 786 (Nev.1992).

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0674               10

1  Even if Kabala had identified an actionable ulterior motive, "[h]aving an ulterior motive
2  is [still] not enough; the defendant must misuse that process—or in other words, he must use a
3  legal process in a way it was not designed for. Courts have repeatedly emphasized that using a
4  legal process in a way it is authorized to be used, even with bad intentions, is not enough to state
5  an abuse of process claim." *Allstate Ins. Co. v. Shah*, No. 2:15-cv-01786-APG-CWH, 2017 U.S.
6  Dist. LEXIS 50543, at *6 (D. Nev. Mar. 31, 2017).

7  Simply put, the "[abuse of process claim] must include some allegation of abusive
8  measures taken after the filing of the complaint in order to state a claim." *Bricklayers & Allied
9  Craftsmen, Local Union No. 3 v. Masonry & Tile Contractors Ass'n*, No. CV-LV-81-726 RDF,
10 1990 U.S. Dist. LEXIS 18520, at *28 (D. Nev. July 2, 1990). Specifically, "[i]n abuse of process
11 cases, an improper purpose often takes the form of coercion exercised in the course of negotiation
12 to obtain ***collateral advantage not properly involved in the proceeding itself***. The impropriety
13 lies in the use of process as a threat or club to obtain the ***collateral advantage***." *Id*. at *30
14 (emphasis added). For example, in *Posadas v. City of Reno*, a police officer filed an abuse of
15 process claim based on his assertion that the City wrongfully charged him with a criminal
16 violation and then attempted to use the prosecution as a bargaining tool to obtain his resignation.
17 *Posadas v. City of Reno*, 109 Nev. 448, 457, 851 P.2d 438, 445 (1993). The Nevada Supreme
18 Court in *Posadas* held that the willful act of making the offer (to obtain the collateral advantage
19 of the officer's resignation—which was not properly involved in the proceeding itself) in
20 exchange for dropping the criminal charges provided a basis for the abuse of process claim. *Id*.

21 Since LHF's use of a complaint as leverage in settlement demands, the filing of this action
22 whether in bad faith or not and whether with or without sufficient evidence is not ***collateral*** to the
23 legal process initiated by that complaint but integral to it, such complained of activity cannot
24 support a claim for abuse of process.

25 Aside from alleging the filing of the complaint and use of that filing as leverage in
26 settlement demands—which as discussed above is not actionable as abuse of process—Kabala
27 also accuses LHF of abuse of process for (a) failing to disclose the actual parties in interest and
28 (b) relying on mass produced declarations for witnesses who are not available to be questioned or

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0674

11

have their representations verified.  Counterclaim at ¶¶ 30-34.  Ignoring for the sake of argument that these allegations are demonstrably false,[3] "it is clear that submitting [ ] declarations or wrongfully withholding [information] from discovery does not amount to an abuse of process." *Auto. Prods., plc v. Tilton Eng'g*, CV 90-5500 KN (Ex), 1993 U.S. Dist. LEXIS 3752, at *12 (C.D. Cal. Jan. 21, 1993); *Flores v. Emerich & Fike*, 416 F.Supp.2d 885, 907 (E.D. Cal. 2006) (granting special motion to strike abuse of process claim based in part on alleged discovery misconduct in underlying litigation; "At most, [the abuse of process claim] suggest[s] a violation of civil discovery rules. Such a violation on its own does not constitute an abuse of process.").

As with the filing of the complaint and the engagement in settlement discussions, these allegedly "wrongful" actions also are not collateral to this case, nor are they alleged to be, but are integral to it.  As such, they too cannot support an abuse of process claim as a matter of law. *Bricklayers & Allied Craftsmen*, CV-LV-81-726 RDF, 1990 U.S. Dist. LEXIS 18520, at *30. Additionally, these allegations are not and cannot constitute the "ulterior motive" required to sustain an abuse of process claim.  Kabala simply provides no statement identifying any "ulterior motive" of LHF or any "collateral advantage" sought by LHF. *See* Counterclaim at 8.  Thus, Kabala not only fails to identify an "ulterior motive" as required, he also fails to name a single "willful act" which was not proper in the regular conduct of the proceeding.  Kabala cannot, therefore, sustain a claim for abuse of process as a matter of law.

### E. Kabala's Abuse of Process Claim is Based on Communications Shielded by the Litigation Privilege

Finally, Kabala's abuse of process claim is entirely based on communications which are shielded by the litigation privilege.  As such, they cannot be used as evidence for any claim. "Nevada follows the long-standing common law rule that communications [made] in the course

---

[3] Though unnecessary to negate an abuse of process claim, LHF's witnesses are actually available and will be produced for any properly noticed deposition.  In fact, Kabala's counsel recently noticed an April 9, 2018, deposition of LHF's witness Daniel Arheidt, for which Mr. Arheidt would have appeared until Kabala's counsel unilaterally vacated his scheduled deposition.

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0674

12

of judicial proceedings [even if known to be false] are absolutely privileged." *Clark County Sch. Dist. v. Virtual Educ.*, 125 Nev. 374, 382, 213 P.3d 496, 502 (2009). The policy of zealous advocacy by attorneys underlies this privilege, requiring that the scope of the privilege be "quite broad" and applied "liberally." *Fink v. Oshins*, 118 Nev. 428, 433-34, 49 P.3d 640, 643-44 (2002). Consistent with its broad applicability, the Nevada Supreme Court has held that "the privilege applies not only to communications made during actual judicial proceedings, but also to communications preliminary to a proposed judicial proceeding." *Id.* "The privilege applies as long as the statements are in some way pertinent to the subject of the controversy." *Greenberg Traurig, Ltd. Liab. P'ship v. Frias Holding Co.*, 331 P.3d 901, 903 (Nev. 2014) (internal quotations omitted). All are privileged. "An absolute privilege bars any civil litigation based on the underlying communication." *Hampe v. Foote*, 118 Nev. 405, 409, 47 P.3d 438, 440 (2002). "The litigation privilege immunizes a party for any statement made in connection with a judicial proceeding, including statements made in depositions." *Allstate Ins. Co. v. Shah*, No. 2:15-cv-01786-APG-CWH, 2017 U.S. Dist. LEXIS 50543, at *7 (D. Nev. Mar. 31, 2017).

"The litigation privilege bars abuse of process claims, too." *Id.* "[T]he privilege applies to communications made by either an attorney or a non-attorney that are related to ongoing litigation or future litigation contemplated in good faith." *Jacobs v. Adelson*, 325 P.3d 1282, 1285 (Nev. 2014) (internal citations omitted). "[T]he absolute privilege protects [such statements] even when the motives behind them are malicious and they are made with knowledge of the communications' falsity." *Id.*

LHF's complaint, witness declarations, settlement letters, and initial disclosures are all communications made in relation to this ongoing litigation. Further, all statements made therein are not only truthful, they were contemplated in good faith. But even if they were not, they are still protected by the litigation privilege and cannot be used as basis for an abuse of process claim. *See id.*

Thus, none of the actions or alleged failings claimed by Kabala from the filing of this action by LHF to the sending of demand letters and the dismissal of LHF's claims,[4] and to the unfounded claims that witnesses would be unavailable and that the infringement evidence was lacking are sufficient to sustain a claim for abuse of process as a matter of law even were these disputed allegations true. None of them are or can be evidence of either (1) an "ulterior purpose" or (2) "a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Franchise Tax Bd. of Cal. v. Hyatt*, 401 P.3d at 1130. Accordingly, Kabala's abuse of process counterclaim should be dismissed.

### F. LHF Should be Awarded its Attorney Fees and Costs

Nev. Rev. Stat. § 41.670(1) provides that if the court "grants a special motion to dismiss," the "court shall award reasonable costs and attorney's fees to the person against whom the [anti-SLAPP] action was brought." Accordingly, should the Court grant this Motion, LHF will then submit a separate application supporting the amount of costs and attorney's fees incurred by LHF in defending against Kabala's abuse of process counterclaim that should be awarded to LHF under the statute.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] LHF filed this case with the intention to litigate should it become necessary, but like any plaintiff, LHF had the right to pursue settlement or dismiss its claims at its discretion for any reason or none at all based on its circumstances and that of this case. See AF Holdings LLC v. Does, 286 F.R.D. 39, 56 (D.D.C. 2012) ("That the plaintiff chooses, after obtaining identifying information, to pursue settlement or to drop its claims altogether is of no consequence to the Court. The plaintiff has sufficiently pled allegations of copyright infringement and has a right to name or decline to assert claims against defendants whose identities and other relevant circumstances become known to the plaintiff.").

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0674    14

## IV. CONCLUSION

For the foregoing reasons, LHF respectfully requests this Court dismiss Kabala's Abuse of Process counterclaim with prejudice pursuant to Nev. Rev. Stat. § 41.670 and award LHF's attorney's fees and costs necessitated in defending against the abuse of process counterclaim.

DATED this 16th day of March, 2018.

**WEIDE & MILLER, LTD.**,

*/s/ F. Christopher Austin*
F. Christopher Austin (NV Bar No. 6559)
*caustin@weidemiller.com*
Ryan Gile (NV Bar No. 8807)
*rgile@weidemiller.com*
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel:  702-382-4804
Fax:  702-382-4805

Charles C. Rainey, Esq/MBA/LLM
(Nevada Bar No. 10723)
*crainey@hamricklaw.com*
**HAMRICK & EVANS LLP**
7670 W. Lake Mead Blvd., Ste. 140
Las Vegas, Nevada 89128
Tel: (702) 425-5100
Fax: (818) 763-2308

*Attorneys for Plaintiff/**Counter-Defendant***
LHF PRODUCTIONS, INC.

FCA-W-0674

15

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of WEIDE & MILLER, LTD. and that on March 16, 2018, I served a full, true and correct copy of the foregoing **PLAINTIFF/COUNTER-DEFENDANT'S SPECIAL MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF BRIAN KABALA'S ABUSE OF PROCESS COUNTERCLAIM PURSUANT TO NRS §41.660** via the United States District Court's CM/ECF filing system upon the following:

Jonathan Blum, Esq.
Eric Walther, Esq.
Kolesar & Leatham
400 So. Rampart Blvd., #400
Las Vegas, NV 89145
jblum@lknevada.com
ewalther@lknevada.com

Lisa L. Clay
345 No. Canal Street, Suite C202
Chicago, IL  60606
lclayaal@gmail.com

*/s/ Sally Wexler*
An employee of WEIDE & MILLER, LTD.

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0674

16