1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

10
11
12
13
14
15

| | |
|---|---|
| LHF PRODUCTIONS, INC., | ) |
|         Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN KOEHLY, et al., | ) |
| | ) |
|         Defendant(s). | ) |

Case No. 2:16-cv-02028-JAD-NJK

**ORDER**

(Docket No. 112)

16      Pending before the Court is Counter-Claimant Brian Kabala's motion to compel.  Docket No.

17   112.  Counter-Defendant LHF Productions filed a response in opposition, and Counter-Claimant filed

18   a reply.  Docket No. 127, 130.[1]  The Court finds the motion properly resolved without a hearing.  *See*

19   Local Rule 78-1.  The motion is hereby **DENIED** without prejudice.

20      A party moving for relief bears a basic burden of presenting clearly articulated argument

21   supported by legal and factual citation as to the disputes at issue.  *See, e.g.*, *Silvagni v. Wal-Mart Stores,*

22   *Inc.*, 320 F.R.D. 237, 244 (D. Nev. 2017).  Courts need only resolve arguments that are meaningfully

23   developed.  *See, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).  In the

24   context of a discovery dispute in particular, it is plainly insufficient for a movant to simply identify the

25   discovery responses in dispute without elaborating *specifically for each response* why the response is

26

27   _____

28   [1] While the parties refer to themselves as "Plaintiff" and "Defendant," the Court refers to Mr. Kabala
as "Counter-Claimant" and LHF as "Counter-Defendant" since LHF's claims against Mr. Kabala have been
dismissed.  Docket No. 72.

1   insufficient.  *See, e.g.*, *Anoruo v. Valley Health Sys., LLC*, 2018 U.S. Dist. Lexis 31101, at *2 n.1 (D.

2   Nev. Feb. 27, 2018).  Failure to provide such argument in the motion is not cured by its inclusion in later

3   briefing.  *See, e.g.*, *Bazuaye v. I.N.S.*, 78 F.3d 118, 120 (9th Cir. 1996) (*per curiam*) (courts do not

4   consider arguments raised for the first time in reply).

5        In this case, Counter-Claimant challenges the sufficiency of 12 of Counter-Defendant's discovery

6   responses.  *See* Docket No. 112 at 6-11.  The argument presented in support of the challenge to the 12

7   different responses is–in its entirety–a single paragraph making the undifferentiated argument that

8   Counter-Claimant is entitled to discover the evidence Counter-Defendant possesses regarding his alleged

9   infringement.  *See id.* at 13-14.  This is woefully insufficient for the Court to be able to determine

10  whether the 12 discovery responses in dispute were appropriate and, if not, whether additional responses

11  should be compelled.[2]

12       Accordingly, the motion to compel is **DENIED** without prejudice.  To the extent a renewed

13  motion is filed, it must present in a structured manner specific argument for each disputed response

14  identifying the particular reasons why Counter-Claimant contends each response is deficient.[3]  As the

15  parties should be well aware of each other's positions at this point, *see, e.g.*, *Nevada Power v. Monsanto*,

16  151 F.R.D. 118, 120 (D. Nev. 1993) (a proper meet-and-confer requires counsel to "present to each other

17  the merits of their respective positions with the same candor, specificity, and support during the informal

18  negotiations as during the briefing of discovery motions"), any renewed motion to compel shall be

19  briefed on an expedited schedule: the response shall be filed within 4 days of the electronic filing of the

20

21

22

---

23       [2] Counter-Claimant also filed a 242-page appendix.  The Court declines to sift through that record

24  in an attempt to piece together Counter-Claimant's arguments.  *Cf. Silvagni*, 320 F.R.D. at 244.

25       [3] Any renewed motion should include only discovery responses for which a live dispute exists.  For

26  example, with respect to four interrogatory responses, Counter-Claimant's reply indicates that "if Attorney

    Rainey and his client wish to stand by their original answers, so be it."  Docket No. 130 at 9.  If that is

27  Counter-Claimant's position, it is not clear why these interrogatory responses were included in the motion.

28  For still other responses, it appears any dispute may have been mooted after the motion was filed by

    Counter-Defendant's supplementation.  *See* Docket No. 130 at 11.

motion and any reply shall be filed within 2 days of the electronic filing of the response.[4]  **The Court reminds the parties that the CM/ECF system may automatically generate deadlines that are inconsistent with this order and, in such instances, this order controls**.  *See* Local Rule IC 3-1(d).

IT IS SO ORDERED.

DATED: March 19, 2018.

_____
NANCY J. KOPPE
United States Magistrate Judge

_____

[4] To the extent a deadline set herein falls on a weekend or Court holiday, the filing is due on the next day that is not a Saturday, Sunday, or Court holiday.  *See* Fed. R. Civ. P. 6(a)(1)(C).

3