F. Christopher Austin, Esq.
Nevada Bar No. 6559
*caustin@weidemiller.com*
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel: (702) 382-4804
Fax: (702) 382-4805

*Attorneys for Plaintiff LHF Productions, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LHF PRODUCTIONS, INC., a Nevada Corporation, <br><br> Plaintiff, <br> vs. <br><br> MARIA GONZALEZ, an individual; BRIAN KABALA, an individual; JOHN KOEHLY, an individual; DANIEL O'CONNELL, an individual; DONALD PLAIN, an individual; ANTE SODA, an individual; MATTHEW STEWART, an individual; and JOHN AND JANE DOES. <br><br> Defendants <br><br> BRIAN KABALA, an individual; <br><br> Counter-Plaintiff, <br> vs. <br><br> LHF PRODUCTIONS, INC., a Nevada Corporation, <br><br> Counter-Defendant, | Case No.: 2:16-cv-02028-JAD-NJK <br><br> **COUNTER-DEFENDANT'S RESPONSE IN OPPOSITION TO COUNTER-PLAINTIFF MOTION TO COMPEL** |

Counter-Defendant LHF PRODUCTIONS, INC. ("Counter-Defendant" or "LHF"), by and through its undersigned counsel, hereby files its response in opposition to Counter-Plaintiff BRIAN KABALA's (hereafter referred to as "Counter-Plaintiff" or "Kabala") Motion to Compel ("Motion"). Kabala filed the instant Motion prematurely in a bad faith effort to paint the LHF as uncooperative during the discovery process. Meanwhile, LHF has worked in good faith to cooperate with Kabala's discovery efforts. The discovery disputes raised in Mr. Kabala's Motion

FCA-W-0739                                              1

are instances where the requested documents: (i) have already been produced; (ii) are publicly available; (iii) do not exist; or (iii) are not in LHF's possession, custody or control. This Response is based upon the Points and Authorities attached hereto, the pleadings and papers on file and any arguments to be had at the hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Mr. Kabala again has prematurely brought the pending Motion in an apparent effort to portray the Counter-Defendants as uncooperative during the discovery process and take advantage of what Kabala perceives as a Court bias in his favor.

Counter-Plaintiff's Motion seeks entry of an order compelling production of: (1) the MaverickMonitor source code; (2) The WORM tape drive containing PCAPs related to Kabala or the swarm allege in this Complaint; (3) the PCAPs; (4) the raw data used to compile any infringement capture log, evidence log and any other log; (5) PCAPs from any work with the same hash, in native format; (6) the reference copy of the work; (7) the comparative file; (8) the control copy of the work; (9) a depository copy of the work; (10) the .torrent file; and (11) the .tar file.

Had Counter-Plaintiff contacted Counter-Defendant's new counsel regarding these outstanding requests before bringing this Motion, the Motion could have been avoided. (*See* Declaration of F. Christopher Austin at ¶ 4, attached hereto as Exhibit "A"). At the direction of such counsel, Counter-Defendant was in the process of seeking to produce all documents in support of its defenses in this action when the Motion was filed. *Id.* at ¶ 5. Had counsel been aware these documents were still being sought, he could have specifically noted them in such direction to his client, but because new counsel had not been involved in the prior discovery dispute renewed by this Motion, and because the discovery issues raised in this Motion had not been brought to his attention prior to the filing of this motion, he was surprised by the bringing of this Motion. *Id*. As evidenced by the production of the requested documents, upon receipt of the Motion counsel immediately directed his client to produce all of the requested documents in its possession and control, rendering this Motion moot.

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0739           2

1  Thus, as explained more fully below, because these documents now have already been
2  produced, are publicly available, are not in Counter-Defendant's possession, or do not exist, the
3  Motion should be denied.

## II. LEGAL STANDARD

A party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…[.]" Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action…[r]elevant information need not be admissible … if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

## III. ARGUMENTS

### A. Counter-Defendant Has Already Produced Documents that are the Subject of Counter-Plaintiff's Motion

As of the time of this filing, Counter-Defendant has already produced the following requested documents:

(1) The infringement capture log (LHF000146) (reproduced with bates numbering on 5/29/18 and produced in native form (LHF000153) on 6/28/18);

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0739

3

(2) The event log file (LHF000148-49) (produced on 6/28/18, produced under different formatting as Exhibit C (LHF000157-58) to the Perino Report on 6/11/18, and in native form (LHF000152) on 6/28/18);

(3) The "Additional Evidence" (LHF000144-45) (reproduced with bates numbering on 5/29/18, produced under different formatting as Exhibit D (LHF000159) to the Perino Expert Report on 6/11/18 and produced in native form (LHF000155) on 6/28/18);

(4) The "control copy"[1] of the work (LHF000154) at issue in this case (produced on 6/28/18);

(5) The .tar file[2] (LHF000150) (produced on 6/28/18); and

(6) The .torrent file (LHF000151) (produced on 6/28/18).

Thus, with respect to each of the foregoing documents, Kabala's Motion is moot.

### B. Counter-Defendant Should Not Be Compelled to Produce Documents Which Are Available to Counter-Plaintiff

Counter-Plaintiff seeks production of the "depository copy" of *London Has Fallen*. Forensically distinct from the 'control copy' or the '.tar file,' the 'depository copy' of *London Has Fallen* is the exact file LHF submitted to the United States Copyright Office together with its copyright application. As the depository copy is exclusively maintained by the Copyright Office, it can only be obtained from the Copyright Office. "The Copyright Office maintains records of and indexes to deposits, registrations, recordations, and other items related to copyright registration. The Office's records and indexes are open to public inspection and can be copied."[3] Thus, because the depository copy of the work is maintained by the Copyright Office and open for public inspection, Counter-Plaintiffs can obtain it directly from the Copyright Office. Courts have repeatedly denied motions to compel the production of documents that are equally available to both parties. *Garcia v. O'Rafferty*, No. 1:14-cv-00476-BAM (PC), 2017 U.S. Dist. LEXIS 38945, at *3 (E.D. Cal. Mar. 17, 2017) ("The Court also will not compel the parties to produce documents that are equally available to both parties."); *Hoffman v. Jones*, No. 2:15-cv-1748-EFB P, 2017 U.S. Dist. LEXIS 197442, at *6 (E.D. Cal. Nov. 29, 2017) ("[T]hese documents are

---

[1] 'Control copy' means an authorized legal copy of the motion picture London Has Fallen.
[2] The '.tar file' is the unauthorized illegal copy of London Has Fallen.
[3] https://www.copyright.gov/circs/circ06.pdf

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

equally available to plaintiff and defendant should not be compelled to provide them again."); *Bilal Ahdom v. Lopez*, No. 1:09-cv-01874-AWI-BAM (PC), 2017 U.S. Dist. LEXIS 134321, at *20 (E.D. Cal. Aug. 21, 2017) (Court denied motion to compel because the documents sought were equally available to defendant via a subpoena or other means.); *Hunter v. Ogbuehi*, No. 1:13-cv-01681-DAD-GSA PC, 2018 U.S. Dist. LEXIS 39254, at *48 (E.D. Cal. Mar. 8, 2018) ("[T]he documents requested by Plaintiff are public information and are equally available to Plaintiff and Defendant. Plaintiff may not use discovery to obtain free copies of documents equally available to him."); *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090 (W.D. Wash. 2004) (noting that the depository copies of the work at issue were "equally available to both parties from the Copyright Office"). Accordingly, this Court should deny Counter-Plaintiff's motion to compel production of the depository copy of *London Has* Fallen since Counter-Plaintiff may obtain it from the Copyright Office.

### C. Counter-Defendant Should Not Be Compelled to Produce Documents Which Do Not Exist

Counter-Plaintiff's Motion seeks production of: (1) the WORM tape drive containing PCAPs related to Kabala's infringement; (2) the PCAPs; and (3) PCAPs from any work with the same hash, in native format. As set forth in Counter-Defendants Amended Fed. R. Civ. P. 26(a) Initial Disclosures, attached to this Opposition as Exhibit "B", in this matter, MaverickMonitor established a direct connection with Counter-Plaintiff's IP address, wherein the relevant IP address transacted with MaverickMonitor's servers and distributed a portion of the copyrighted work, *London Has Fallen* to MaverickMonitor. The infringement detection subsequently logged these transactions in an 'infringement capture log' (LHF000146, 153) and an 'event log file' (LHF000148-49, 152), both of which have been produced. As such, no PCAPs were used in this case and, therefore, no PCAPs (or WORM tapes which PCAPs would be typically be stored in) exist for production.[4] Accordingly, the Court should "not order the parties to produce documents

---

[4] Plaintiff recently corrected any reference to PCAPs and WORM tapes in its discovery responses and initial disclosures pursuant to Fed. R. Civ. P. 26(a). *See* Counter-Defendant's Amended Fed. R. Civ. P. 26(a) Initial Disclosures, attached hereto as Exhibit "A."

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0739       5

that do not exist[.]" *Garcia v. O'Rafferty*, No. 1:14-cv-00476-BAM (PC), 2017 U.S. Dist. LEXIS 38945, at *3 (E.D. Cal. Mar. 17, 2017).

### D. Counter-Defendant Should Not Be Compelled to Produce Documents Which are Not in Its Possession, Custody, or Control.

Counter-Plaintiff's Motion seeks production of the source code used in the infringement detection system.  Counter-Defendant did not author, does not own, and is not in possession, custody, or control of the source code for the infringement detection system used to monitor the BitTorrent activity for IP address 68.96.200.163.  GuardaLey, LTD ("GuardaLey") a German company at Daimlerstr.9, 76344 Eggenstein, owns, operates, and is in sole possession of the infringement detection system. GuardaLey's infringement detection system is licensed to MaverickEye, UG ("MEU"). GuardaLey does not sell, distribute or even make copies of its software available to others. (Austin Decl. at ¶ 7 and 8.)  GuardaLey reports that the system and software, which is comprised of a number of components, was developed at considerable expense and is considered a valuable trade secret, the secrecy of which is actively maintained. *Id*. at ¶ 9. As a result, the software is only available for use by a licensee and neither Counter-Defendant nor MEU have the software in their possession, custody or control. *Id*.

Counter-Defendant has no duty to produce documents which are not in its possession, custody, or control. Indeed, "[u]nder Rule 34, a party served with a request for production must produce responsive documents in his possession, custody, or control." *FTC v. Braswell*, No. CV 03-3700-DT (PJWx), 2005 U.S. Dist. LEXIS 42817, at *7 (C.D. Cal. Sep. 26, 2005). "Control is defined as the legal right to obtain documents on demand."  *Id. quoting United States v. International Union of Petroleum and Industrial Workers*, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989).  "Absent a showing by [Counter-Plaintiff] in his motion to compel that [Counter-Defendant] does in fact have the documents in [its] possession, custody, or control, which was not made, [Counter-Plaintiff] is required to accept [Counter-Defendant's] answer." *Ransom v. Johnson*, No. 1:05-cv-00086-OWW-GSA PC, 2009 U.S. Dist. LEXIS 31513, at *11 (E.D. Cal. Apr. 13, 2009) (denying motion to compel).

Further, the mere fact that Counter-Defendant has produced some documents and data

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

obtained and retained by GuardaLey's infringement detection system, does not equate to actual 'control' under the rules. *MGA Entm't, Inc. v. Nat'l Prods.*, No. CV 10-07083 JAK (SSx), 2011 U.S. Dist. LEXIS 113557, at *6 (C.D. Cal. Oct. 3, 2011) (Court denied plaintiff's motion to compel even though defendant produced third party documents that were in their control since defendant still had no legal right to demand such discovery from the third party). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Dasenbrook v. Enenmoh*, No. 1:11-cv-01884 AWI DLB PC, 2014 U.S. Dist. LEXIS 147263, at *12 (E.D. Cal. Oct. 15, 2014). Here, "[t]here is no evidence before the Court that [Counter-Defendant], who is not an officer, director, employee, or shareholder of [GuardaLey] has control of the documents." *FTC v. Braswell*, No. CV 03-3700-DT (PJWx), 2005 U.S. Dist. LEXIS 42817, at *8 (C.D. Cal. Sep. 26, 2005).

Nevertheless, as an accommodation, Counter-Defendant has acted to facilitate GuardaLey's disclosure of the code upon entry of a GuardaLey's approved protective order. A copy of GuardaLey's proposed protective is attached as Exhibit "C" to this Opposition and has been provided to counsel for Counter-Plaintiffs. (Austin Decl. at ¶ 10.) Unfortunately, as of the present date, Counter-Plaintiffs have not stipulated to the entry of the protective order. *Id.*

**IV.   CONCLUSION**

For the foregoing reasons, Counter-Defendant LHF PRODUCTIONS, INC. respectfully requests that the Court DENY the Counter-Plaintiff's Motion to Compel in its entirety.

Respectfully submitted this 29th day of June 2018.

> <u>*/s/ F. Christopher Austin*</u>
> F. Christopher Austin, Esq.
> Nevada Bar No. 6559
> *caustin@weidemiller.com*
> **WEIDE & MILLER, LTD.**
> 10655 Park Run Drive, Suite 100
> Las Vegas, NV 89144
> *Counsel for Counter-Defendant, LHF Productions, Inc.*

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0739        7

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of WEIDE & MILLER, LTD. and that on June 29, 2018, I served a full, true and correct copy of the foregoing **COUNTER-DEFENDANT'S RESPONSE IN OPPOSITION TO COUNTER-PLAINTIFF MOTION TO COMPEL** via the United States District Court's CM/ECF filing system upon the following:

> Jonathan Blum, Esq.
> Eric Walther, Esq.
> Kolesar & Leatham
> 400 So. Rampart Blvd., #400
> Las Vegas, NV 89145
> jblum@lknevada.com
> ewalther@lknevada.com
>
> Lisa L. Clay
> 345 No. Canal Street, Suite C202
> Chicago, IL  60606
> lclayaal@gmail.com

*/s/ Brianna Show*
An employee of WEIDE & MILLER, LTD.

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0739

8