1   F. Christopher Austin, Esq.
Nevada Bar No. 6559
2   *caustin@weidemiller.com*
**WEIDE & MILLER, LTD.**
3   10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
4   Tel: (702) 382-4804
Fax: (702) 382-4805
5   *Attorneys for Plaintiff LHF Productions, Inc.*

6

**UNITED STATES DISTRICT COURT**

7
**DISTRICT OF NEVADA**
8

9   LHF PRODUCTIONS, INC., a Nevada
Corporation,
10                                                          Case No.:  2:16-cv-02028-JAD-NJK
                        Plaintiff,
11          v.                                              **[PROPOSED] STIPULATED PROTECTIVE
                                                            ORDER**
12   BRIAN KABALA, et. al.,

13                        Defendants.

14   AND RELATED COUNTERCLAIMS

15

16          Counter-Plaintiff BRIAN KABALA and Counter-Defendant LHF PRODUCTIONS, INC.

17   by and through the undersigned counsel, hereby stipulate and agree to the entry of the following

18   Stipulated Protective Order. Accordingly, it is ORDERED:

19          1.      Scope. All materials produced or adduced in the course of discovery, including

20   initial disclosures, responses to discovery requests, deposition testimony and exhibits, and

21   information derived directly therefrom (hereinafter collectively "documents"), shall be subject to

22   this Order concerning Confidential Information as defined below. This Order is subject to the

23   Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and

24   calculation of time periods. For any source code produced in the action, a separate protective order

25   regarding source code shall exclusively apply thereto.

26          2.      Confidential Information. As used in this Order, "Confidential Information" means

27   information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the

28   producing party that falls within one or more of the following categories: (a) information

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0744                                    1

prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party *has maintained as confidential* (i.e. any information that has made publicly available not in violation of this Order or another order or agreement to keep such information confidential in any fashion, whether in another matter, online, or in any other context, is specifically excluded from the confidential protections of this Order); (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that have been made available to the public not in violation of this Order or another order or agreement to keep such information confidential and/or have been or will be filed as part of any motion, pleading or document filed with this Court may not be designated as Confidential Information. Additionally, the term "trade secret" shall not be used to designate as Confidential any statement made or document filed in any pleading, declaration or other document filed with this Court prior to the entry of this Order unless such documents were designated as "trade secret" or "Confidential" in such prior disclosures.

    3.    Designation.

        a.  A party may designate a document as Confidential Information for protection under this Order if the document falls within the categories set forth in Section 2 herein above by placing or affixing the words "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0744     2

1    marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also

2    be so marked, except that indices, electronic databases or lists of documents that

3    do not contain substantial portions or images of the text of marked documents and

4    do not otherwise disclose the substance of the Confidential Information are not

5    required to be marked.

6          b.    The designation of a document as Confidential Information is a certification by an

7          attorney or a party appearing pro se that the document contains Confidential

8          Information as defined in this order.

9    4.    Depositions. Deposition testimony is protected by this Order only if designated as

10   CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the

11   testimony is taken. Such designation shall be specific as to the portions that contain Confidential

12   Information. Deposition testimony so designated shall be treated as Confidential Information

13   protected by this Order. Within fourteen days after delivery of the transcript, a designating party

14   may serve a Notice of Designation to all parties of record identifying as Confidential specific

15   additional portions of the transcript that were not previously designated Confidential Information,

16   and thereafter those portions identified shall be protected under this Order.

17   5.    General Protections. Confidential Information shall not be used or disclosed by the parties,

18   counsel for the parties or any other persons identified in the following subparagraph (a) for any

19   purpose whatsoever other than in this litigation, including any appeal thereof.

20         a.    Limited Third-Party Disclosures. The parties and counsel for the parties shall not

21         disclose or permit the disclosure of any Confidential Information to any third

22         person or entity except as set forth in the following subparagraphs (i)-(ix). Subject

23         to these requirements, the following categories of persons may be allowed to

24         review Confidential Information:

25              i.    Counsel. Counsel for the parties and employees of counsel who have

26              responsibility for the action;

27              ii.   Parties. Individual parties and their employees but only to the extent

28              counsel determines in good faith that the employee's assistance is

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0744                                          3

reasonably necessary to the conduct of the litigation in which the information is disclosed;

iii. The Court and its personnel;

iv. Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

v. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

vi. Consultants and Experts. Consultants, investigators, or experts employed by the parties or their counsel to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

vii. Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

viii. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

ix. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0744

4

b. Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.   Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that no party may designate any documents produced or filed prior to the entry of the Order not in violation of this Order or another order or agreement to keep such information confidential as Confidential, and that the right to do so has been waived. Neither party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.   Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the local rules and court orders.

8.   No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, a party may not withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.   Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

a. Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0744

5

the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

b.   Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.   Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.   Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and the parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.   Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

a.   If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0744                    6

1   party, in writing, immediately and in no event more than three court days after

2   receiving the subpoena or order. Such notification must include a copy of the

3   subpoena or court order.

4      b.  The receiving party also must immediately inform in writing the party who caused

5   the subpoena or order to issue in the other litigation that some or all of the material

6   covered by the subpoena or order is the subject of this Order. In addition, the

7   receiving party must deliver a copy of this Order promptly to the party in the other

8   action that caused the subpoena to issue.

9      c.  The purpose of imposing these duties is to alert the interested persons to the

10   existence of this Order and to afford the designating party in this case an

11   opportunity to try to protect its Confidential Information in the court from which

12   the subpoena or order issued. The designating party shall bear the burden and the

13   expense of seeking protection in that court of its Confidential Information, and

14   nothing in these provisions should be construed as authorizing or encouraging a

15   receiving party in this action to disobey a lawful directive from another court. The

16   obligations set forth in this paragraph remain in effect while the party has in its

17   possession, custody or control Confidential Information by the other party.

18       13.    <u>Challenges by Members of the Public to Sealing Orders</u>. A party or interested

19   member of the public has a right to challenge the sealing of particular documents that have been

20   filed under seal, and the party asserting confidentiality will have the burden of demonstrating the

21   propriety of filing under seal.

22       14.    <u>Obligations on Conclusion of Litigation</u>.

23      a.  <u>Order Continues in Force</u>. Unless otherwise agreed or ordered, this Order shall

24   remain in force after dismissal or entry of final judgment not subject to further

25   appeal.

26      b.  <u>Obligations at Conclusion of Litigation</u>. Within sixty-three days after dismissal or

27   entry of final judgment not subject to further appeal, all Confidential Information

28   and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0744

7

ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

c.   Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

d.   Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.   Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.   No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0744                                                            8

1      17.    <u>Persons Bound</u>. This Order shall take effect when entered and shall be binding

2  upon all counsel of record and their law firms, the parties, and persons made subject to this Order

3  by its terms.

4         DATED: July 2, 2018.

5

6  /S/ F. Christopher Austin                    /S/ Lisa L. Clay
   F. Christopher Austin, Esq.                  Jonathan D. Blum, Esq.
   caustin@weidemiller.com                      jblum@klnevada.com
7  **WEIDE & MILLER, LTD.**                     **KOLESAR & LEATHAM**
   10655 Park Run Drive, Suite 100              400 South Rampart Blvd, Suite 400
8  Las Vegas, NV 89144                          Las Vegas, NV 89145

9  *Attorneys for Counter-Defendant LHF*        Lisa L. Clay, Esq. (*Pro Hac Vice*)
   *Productions, Inc.*                          lclayaal@gmail.com
10                                              345 North Canal Street Suite C202
                                                Chicago, IL 60606-1333
11
                                                *Attorney for Counter-Plaintiff Brian Kabala*
12

13

14
                                        IT IS SO ORDERED
15

16
                                        _____
17                                      UNITED STATES MAGISTRATE JUDGE

18                                      DATED: _____

19

20

21

22

23

24

25

26

27

28

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0744                    9

1      DATED this 2nd day of July 2018.

2
                                              /s/ F. Christopher Austin
3                                             F. Christopher Austin, Esq.
                                              Nevada Bar No. 6559
4                                             *caustin@weidemiller.com*
                                              **WEIDE & MILLER, LTD.**
5                                             10655 Park Run Drive, Suite 100
                                              Las Vegas, NV 89144
6
                                              *Counsel for Counter-Defendant, LHF Productions,*
7                                             *Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0744                                    10

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of WEIDE & MILLER, LTD. and that on July 2, 2018, I served a full, true and correct copy of the foregoing **[PROPOSED] STIPULATED PROTECTIVE ORDER** via the United States District Court's CM/ECF filing system upon the following:

>    Jonathan Blum, Esq.
>    Eric Walther, Esq.
>    Kolesar & Leatham
>    400 So. Rampart Blvd., #400
>    Las Vegas, NV 89145
>    jblum@lknevada.com
>    ewalther@lknevada.com
>
>    Lisa L. Clay
>    345 No. Canal Street, Suite C202
>    Chicago, IL  60606
>    lclayaal@gmail.com


                                    */s/ Brianna Show*
                                    An employee of WEIDE & MILLER, LTD.

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

FCA-W-0744                                    11