F. Christopher Austin, Esq.
Nevada Bar No. 6559
caustin@weidemiller.com
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel: (702) 382-4804
Fax: (702) 382-4805
*Attorneys for Plaintiff LHF Productions, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LHF PRODUCTIONS, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN KABALA, et. al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 2:16-cv-02028-JAD-NJK<br><br>**DECLARATION OF JONATHAN YUNGER IN SUPPORT OF LHF'S MOTION FOR ENTRY OF A PROTECTIVE ORDER REGARDING RULE 30(B)(6) DEPOSITION OF LHF PRODUCTIONS, INC.** |

I, Jonathan Yunger, declare under penalty of perjury under the laws of the United States that the following is true and correct.:

1. I am the authorized representative of special purpose entity, LHF Productions, Inc. ("LHF"). In such capacity, I am knowledgeable or able to become knowledgeable of information known or reasonably available to LHF and have been designated by LHF to testify on its behalf at a Rule 30(b)(6) deposition.

2. I am over the age of 21, under no disability, and am competent to testify to the matters contained in this declaration.

3. I make this declaration in support of LHF's Motion for Entry of a Protective Order Regarding Rule 30(b)(6) Deposition of LHF Productions, Inc.

4. LHF is a movie production company. It produced and is the copyright holder of the movie, *London Has Fallen*.

fca-w-0748

1

5. LHF is not in the infringement detection business, did not create the infringement detection system at issue in this case, does not operate the infringement detection system used in this case, did not write the software used by the infringement detection system, does not have rights to such software, and is not affiliated with or related to the third parties or the employees of such third parties (GuardeLay, and MaverickEye UG).

6. LHF also has no employees, officers, directors, or managing agents, and has never had any employee, director, officer, or managing agent (collectively, "LHF Representatives") with any knowledge on Topics 2-15, 17-29, and 32 (the "Objectionable Topics") set forth in the Rule 30(b)(6) Deposition Notice served on LHF. LHF cannot designate any person to testify to these topics because these topics concern subjects that exceed the scope of LHF's business and the experiences and knowledge of any LHF Representative.

7. LHF is not in the business of detecting infringing transactions within the BitTorrent network. This is why LHF retained MaverickEye – an investigator who uses GuardaLey's proprietary technology to obtain evidence of infringement. LHF possesses no information and never has possessed any information regarding the creation, operation, maintenance or use of MEU's infringement detection system or GuardeLay's software.

8. While LHF has no objection to designating a witness that can testify to its actual activities, it is unreasonable unfair, and actually impossible for it to do so on topics that exceed the information known or reasonably available to the organization.

9. Topics 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 22, 23, 24, 25, 26, 27, 28, 29, 32 specifically seek information "supporting" the declaration of "Daniel Arheidt" regarding the use of the infringement detection system owned by MaverickEye, UG (MEU) and utilizing software licensed to it by GuardeLay.

10. Daniel Arheidt is not an officer, employee, director, or agent of LHF and never has been.

11. LHF also did not prepare, draft or sign Mr. Arheidt's declaration. Topic 2-11, 22-29, and 32, therefore, seek information that is not known or reasonably available to LHF.

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-0748

2

12. Topics 12, 13, 14, 15, 17. 18, 19, 20, and 21 requests information regarding the investigative efforts, processes, and conclusions of "Plaintiff's Computer Investigators" and "MaverickEye" regarding the process by which the defendants in this action used BitTorrent to unlawfully download LHF's copyrighted movie.

13. The requested information is only known to MEU and or GuardeLay (to the degree the subject is limited to Guardelay's proprietary software). It is not information known or reasonably available to LHF.

14. LHF hired MEU as its investigator. LHF did not do the investigation itself, nor does it have the capability of doing so. As such LHF does not have any LHF Representative who could testify to any of the information requested in Topic 12-15, and 17-21, as these topics seek information that is not known or reasonably available to LHF.

15. Topics 34 and 35 requests information about agreements between third-parties, AMPC, Guardaley, IPP, MaverickEye, and Ecipio for calendar years 2015-2018. LHF is not aware of any agreements between such third parties.

DATED: July 5, 2018.

Jonathan Yunger
Authorized Representative
LHF Productions, Inc.

fca-w-0748

3