UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LHF PRODUCTIONS, INC.,<br>    Plaintiff(s),<br>v.<br>BRIAN KABALA,<br>    Defendant(s). | Case No.: 2:16-cv-02028-JAD-NJK<br>**Order**<br>[Docket No. 155] |

Pending before the Court is Counterclaimant Brian Kabala's motion to compel. Docket No. 155. Counter-Defendant LHF Productions filed a response in opposition, and Kabala filed a reply. Docket Nos. 164, 169. For the reasons discussed more fully below, the motion is hereby **DENIED** without prejudice.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery or discovery in an effort to obtain it without court action." The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort

to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that these rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

It is well-settled that a sufficiently meaningful pre-filing conference requires that counsel meet in-person, telephonically, or by video. *See, e.g.*, Local Rule IA 1-3(f). With respect to the instant motion, Kabala's counsel identifies written correspondence regarding the discovery disputes but does not identify an in-person, telephonic, or video conference. *See* Docket No. 155

---

[1] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

at 20-21.[2]  Given the absence of a sufficient pre-filing conference,[3] the Court declines to decide the motion to compel.

Accordingly, because a sufficient pre-filing conference has not been certified, the motion to compel is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: July 27, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Kabala's motion references earlier meet-and-confer efforts from five months before the instant motion was filed, but the motion does not include details thereof. *See* Docket No. 155 at 8 (referencing meet-and-confer efforts prior to January 30, 2018, but asserting that the details thereof "are not repeated here"). The Court declines to fish through the record to find additional details of the meet-and-confer efforts that may have been conducted. *Cf. ShuffleMaster*, 170 F.R.D. at 170 (movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute"). At any rate, any personal consultation from that time period would likely be insufficient as the circumstances appear to have since evolved. *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 2558219, at *2 (D. Nev. June 10, 2013).

[3] It appears Kabala may believe that a proper pre-filing conference is not required based on futility and/or the approaching discovery cutoff. *See id.* at 9. The Court is not persuaded that the circumstances as currently presented justify allowing Kabala to bypass the default meet-and-confer procedures. *See, e.g.*, Docket No. 160 (extending discovery cutoff). The Court also notes that, following the filing of the motion to compel, LHF may have produced additional documents. *See* Docket No. 164-1 at ¶¶ 4-6; Docket No. 169 at 15-16. The parties dispute the significance of that production to the pending motion. *See* Docket No. 169 at 9. Such issues should be discussed during any further conference.