F. Christopher Austin, Esq.
Nevada Bar No. 6559
*caustin@weidemiller.com*
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel: (702) 382-4804
Fax: (702) 382-4805
*Attorneys for Plaintiff LHF Productions, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LHF PRODUCTIONS, INC., a Nevada Corporation,<br><br>Plaintiff,<br>v.<br><br>BRIAN KABALA, et. al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 2:16-cv-02028-JAD-NJK<br><br>**PLAINTIFF LHF'S MOTION TO VOLUNTARILY DISMISS WITH PREJUDICE ITS CLAIMS AGAINST DEFENDANT KABALA** |

Plaintiff LHF Productions, Inc., ("LHF"), by and through its counsel Weide & Miller, Ltd., hereby files its Motion to Voluntarily Dismiss With Prejudice Its Claims Against Defendant Kabala ("Motion"). By this Motion, Plaintiff seeks to convert the voluntary dismissal of its claims without prejudice (ECF 72) to a dismissal "with prejudice." This Motion is made and based on the following Memorandum of Points and Authorities, and any oral argument the Court may permit at any hearing on this Motion.

Dated: August 13, 2018.

*/s/ F. Christopher Austin*
F. Christopher Austin (NV Bar No. 6559)
*caustin@weidemiller.com*
**WEIDE & MILLER. LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND STATEMENT OF PROCEDURAL HISTORY

On November 22, 2016, LHF amended its complaint ("Complaint") to add Defendant Brian Kabala ("Kabala") in the stead of one of the Doe Defendants LHF alleged had downloaded its copyrighted movie, "London Has Fallen", United States Copyright Registration Number PAU 3-789-521, registered October 7, 2014, (herein, the "LHF Work") via BitTorrent.

On March 13, 2017, Kabala answered and filed counterclaims in which he represented that he had not and would not in the future infringe LHF's copyright in the LHF Work.  ECF 22.

A few months later, and before Kabala retained counsel in this matter, LHF determined that in light of Kabala's answer and counterclaims the actions complained of in the Complaint against Kabala did not rise to a level sufficient to warrant the substantial time and expense of continued litigation.  Accordingly, on July 18, 2017, LHF moved to dismiss all of its claims against Kabala, (ECF 70) which motion was granted on July 26, 2017, dismissing all of LHF's claims against Kabala without prejudice (ECF 72).

Although LHF had no intention of bringing another suit against Kabala on the same claims set forth in the Complaint, it did not feel comfortable dismissing such claims with prejudice at that time.  In accordance with its intention not to bring another action against Kabala, LHF has taken no action to bring suit again against Kabala since the dismissal of its claims without prejudice.  LHF is persuaded that such a suit is not needed to deter Kabala who has voluntarily asserted that he has not and will not infringe LHF's copyright in the LHF Work, and such a suit is not warranted given the litigation costs that would be incurred by the parties, Kabala's inability to pay any damages in the event such a suit proved successful, and the burden on the parties and the court.  Accordingly, by this Motion and by its Covenant Not To Sue Kabala contemporaneously served on Kabala and attached hereto as Exhibit 1, LHF has now determined to formalize and bind its intention to never sue Kabala again on such claims in an effort to fully and finally resolve any issue regarding such claims.

LHF dismissed its claims shortly after serving Kabala at the outset of this litigation and before Kabala retained counsel.  ECF 72.  As Kabala had not incurred any legal fees in opposing

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-0767                                    2

LHF's claims, dismissal was granted without conditions. *Id.* The relevant facts have not changed. Because LHF's claims were dismissed prior to Kabala's retention of counsel, Kabala has not incurred any fees to defend against any of LHF's claims and will not be prejudiced by the dismissal with prejudice of such previously dismissed claims. For these reasons, LHF requests an order dismissing LHF's claims against Kabala with prejudice and without any award of fees or costs.

## II. LEGAL ARGUMENT

### A. Plaintiff's Motion for Voluntary Dismissal with Prejudice Should be Granted.

Federal Rule of Civil Procedure 41(a)(2) states in relevant part:

> Except as provided in Rule 41(a) [where dismissal is by stipulation or prior to a Defendant's answer], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

"If the plaintiff moves for an order under 41(a)(2) for voluntary dismissal, specifically requesting that the dismissal be with prejudice, it has been held that he district court ***must*** grant that request." 9 Charles Alan Wright and Arther R. Miller, Fed. Prac. & Proc. Civ. § 2367 Voluntary Dismissal—Effect of Dismissal, (3d ed., Apr. 2015) (emphasis added) (citing overwhelming decisions supporting the same conclusion).[1] Where a party moves to voluntarily dismiss its claims with prejudice, "courts have found that they are without discretion and must grant the motion. *Century Mfg. Co. v. Cent. Transp. Int'l, Inc.,* 209 F.R.D. 647, 648 (D. Mass. 2002). Thus, the fact that a "Plaintiff seeks dismissal *with* prejudice is of paramount importance." *Metro Media Entm't LLC v. Steinruck,* C.A. No. DKC 12-0347, 2014 WL 4268838, at *2 (D. Md.

---

[1] *See, e.g., Smoot v. Fox,* 340 F.2d 301, 302-03 (6th Cir. 1964) (noting absence of any case where party's motion to dismiss its claims with prejudice was denied an holding denial of motion to dismiss with prejudice is an "abuse of discretion"); *C-Tech Corp. v. Aversion Techs.,* No. DKC 11-098, 2012 WL 392508, at *3 (D. Md. Sept. 7, 2012) granting voluntary motion to dismiss with prejudice "[b]ecause district courts ordinarily 'must' grant a plaintiff's request for voluntary dismissal," and there was no showing of prejudice to Defendants); *york v. Ferris State Univ.,* 36 F. Supp. 2d. 979 (W.D. Mich. 1998) (noting that "where a plaintiff moves to voluntarily dismiss his case with prejudice, a court has no discretion and must grant the motion"); *Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 18 (E.D.N.Y. 1996) (finding "the Court is constrained to comply with plaintiff's election" to dismiss its claims with prejudice).

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-0767

3

1  Aug. 27, 2014) (internal citations omitted) (emphasis in original) (granting motion to voluntarily
2  dismiss with prejudice without conditions).

3        This rule makes sense because a dismissal with prejudice has the effect of a final
4  adjudication on the merits and, thus, bars future suits based on the same causes of action. *Id.* ("[a]
5  dismissal with prejudice, unless the court has made some other provision, is subject to the usual
6  rules of res judicata"); *see also Harrison v. Edison Bros. Apparel Store, Inc.,* 924 F.2d 530, 534
7  (4th Cir. 1991) ("A voluntary dismissal with prejudice under Fed. R. Civ. P. 41(a)(2) is a complete
8  adjudication on the merits of the dismissed claims.") (citations omitted); *Duncon Galvanizing*
9  *Corp. v. Valspar Corp.,* Civ. A. No. 93-12368-GAO, 1996 WL 46048, at *2 (D. Mass. July 12,
10 1996) (finding that a voluntary dismissal with prejudice "serves as a complete adjudication of the
11 issues presented by the pleadings and is a bar to further action between the parties") (citations
12 omitted). A dismissal with prejudice provides "complete protection to the defendant" because
13 "[t]he defendant receives all that he would have received had the case been completed." *Puello*
14 *v. Citifinancial Services, Inc.,* C.A. No. 08-10414-MLW, 2010 WL 151503, at *3 (D. Mass. Apr.
15 16, 2010) (citations omitted.)

16       Indeed, there can be no legal prejudice to Defendants when a dismissal is with prejudice.
17 *Sec. & Exch. Comm'n v. Am. Bd. Of Trade, Inc.,* 750 F. Supp. 100, 105 (S.D.N.Y. 1990)
18 ("Because the dismissal will be with prejudice, there can be no adverse effect on defendants
19 here."). To require a party to continue to litigate claims which that party has tried to dismiss is
20 wholly impractical and a waste of the resources of the court and the parties. *See e.g., Puello,* 2010
21 WL 1541503, at *3 (citing *Shepard v. Egan,* 767 F. Supp. 1158, 1165 (D. Mass. 1990) (noting
22 the impracticality and futility of the court trying to force a party to litigate claims it wants to
23 dismiss). As found in *Shepard,* "when plaintiff herself has attempted to dismiss" a claim, "[c]ould
24 the Court force the plaintiff to continue discovery, or offer evidence?" 767 F. Supp. At 1165.

25       Here, LHF moves for dismissal ***with prejudice*** of all its claims. Because dismissal will
26 be with prejudice, the Court should grant the motion.

27 / / /
28 / / /

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-0767         4

### B.     No Conditions Should Be Imposed on the Dismissal

No conditions should be imposed because LHF seeks a dismissal with prejudice. "[D]istrict courts in the Ninth Circuit have determined that the payment of fees and costs ordinarily should not be imposed as a condition for voluntary dismissal with prejudice." *Chang v. Pomeroy,* No. Civ S-08-0657, 2011 WL 618192, at *1 (E.D. Cal. Feb. 10, 2011); *Rodriquez v. Serv. Employees Int'l,* No. C-10-01377 JCS, 2011 WL 4831201, at *4 (N.D. Cal. Oct. 12, 2011) (denying "Defendants' request for costs as a condition of dismissal pursuant to Rule 41(a)(2) on the basis that Plaintiffs have stipulated to dismissal with prejudice and this case in not exceptional"). The Ninth Circuit is not unique in so finding. "Many courts have held that if the dismissal is with prejudice, the court lacks the power to require the payment of attorney's fees". 9 Charles Alan Wright and Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2366 Voluntary Dismissal—Conditions on Dismissal (3d ed., Apr. 2015).[2]

Because LHF seeks dismissal ***with prejudice***, there is no risk of duplication of any expenses Kabala may have incurred—and he actually did not incur any—and, thus, no justification for conditioning the dismissal on payment of fees or costs. Because Kabala had not retained counsel before LHF dismissed its claims without prejudice—having represented himself to that point—Kabala has neither incurred any costs or fees to defend against these dismissed claims nor is he entitled to an award of the same. *Gonzalez v. Kangas,* 814 F.2d 1411, 1411 (9th Cir. 1987) (*quoting* Brandenburger v. Thompson, 494 F.2d 885, 889 (9th Cir. 1974) ("the existence of an attorney-client relationship' is a prerequisite to an award of attorney fees.). Because Kabala thereafter did not and could not have reasonably incurred any costs or fees to defend against an already dismissed claim (albeit without prejudice), Kabala is not and cannot be prejudiced by the

---

[2] *See e.g. Dee-K Enterprises, Inc. v. Heveafil Sdn. Ghd.,* 177 F.R.D. 351, 356 (E.D. Va. 1998) ("In light of this dismissal with prejudice, an award of attorney's fees is inappropriate."); *Metro Media*, *supra,* at 2. ("when a dismissal is *without* prejudice, the court may impose conditions, such as the movant's payment of the opposing party's fees and costs. . . . In contrast, where a motion for voluntary dismissal is granted ***with prejudice***, such as here, an award of attorneys' fees is not appropriate because there is no risk that the defendant can be called upon again to defend and thus no risk of any duplication of expense.") (internal quotations and citation omitted); *ASX In. Corp. v. Newton,* 1994 WL 240697, at *3 n.4 (Del. Ch. May 18, 1994) ("Fees are not awarded when a plaintiff obtains a dismissal with prejudice because the defendant cannot be made to defend again.")

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-0767         5

conversion of such dismissal to one *with prejudice*.  Accordingly, LHF's motion to dismiss its claims with prejudice should be granted without the imposition of any conditions.

### III.     CONCLUSION

For the foregoing reasons LHF's motion to voluntarily dismiss its claims with prejudice should be granted and no conditions should be imposed on the dismissal.

DATED: August 13, 2018.

**WEIDE & MILLER, LTD.**,

*/s/ F. Christopher Austin*
F. Christopher Austin (NV Bar No. 6559)
caustin@weidemiller.com
**WEIDE & MILLER. LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Tel:  702-382-4804
Fax:  702-382-4805

*Attorneys for Plaintiff/**Counter-Defendant**
LHF Productions, Inc.*

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-0767    6

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of WEIDE & MILLER, LTD. and that on August 13, 2018, I served a full, true and correct copy of the foregoing **PLAINTIFF LHF'S MOTION TO VOLUNTARILY DISMISS WITH PREJUDICE ITS CLAIMS AGAINST DEFENDANT KABALA** via the United States District Court's CM/ECF filing system upon the following:

> Jonathan Blum, Esq.
> Eric Walther, Esq.
> Kolesar & Leatham
> 400 So. Rampart Blvd., #400
> Las Vegas, NV 89145
> jblum@lknevada.com
> ewalther@lknevada.com
>
> Lisa L. Clay
> 345 No. Canal Street, Suite C202
> Chicago, IL  60606
> lclayaal@gmail.com
>
> Joseph Curtis Edmondson
> Edmondson IP Law,
> Law Offices of J. Curtis Edmondson, PLLC
> 3699 NE John Olsen Ave
> Hillsboro, Oregon 97124

*/s/ F. Christopher Austin*
An employee of WEIDE & MILLER, LTD.

WEIDE & MILLER, LTD.
10655 PARK RUN DR.,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-w-0767                                          7