**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LHF Productions, Inc., <br>     Plaintiff <br> v. <br> Brian Kabala, et al., <br>     Defendants | Case No.: 2:16-cv-02028-JAD-NJK <br><br> **Order Dismissing All Claims <br> and Closing Case** <br><br> [ECF Nos. 120, 136, 174, 175, 178] |

Two years ago, LHF Productions, Inc. filed this action for copyright infringement against several unidentified doe defendants,[1] alleging that they had used BitTorrent software to illegally download the film *London Has Fallen*.[2] LHF eventually identified those defendants and systematically dismissed all claims against them after settling with or failing to serve them;[3] Brian Kabala was one of those defendants. Kabala then counterclaimed against LHF for a declaration of non-infringement and for abuse of process.[4]

After a round of dismissal-motion briefing, I found that LHF had failed to demonstrate a basis to dismiss Kabala's declaratory-judgment counterclaim, but I dismissed Kabala's abuse-of-process counterclaim with leave to amend it.[5] Kabala amended his counterclaim (re-alleging both claims), and LHF moved to dismiss once again.[6] But before I could resolve that dismissal motion, LHF filed a separate special motion to dismiss under Nevada's anti-SLAPP statute, NRS § 41.660.[7] After considering the parties' arguments for each motion, I find that LHF has shown

---

[1] ECF No. 1.

[2] *Id.*

[3] ECF Nos. 10, 14, 39, 43, 69, 72, 79, 83.

[4] ECF No. 22.

[5] ECF No. 90 at 14–15.

[6] ECF No. 120.

[7] ECF No. 136.

1

that Kabala's counterclaims should be dismissed as a matter of law.  So, I dismiss both counterclaims and close this case.

## Discussion

**A. Kabala's request for declaratory relief is dismissed.**

Under the Declaratory Judgment Act, a potential defendant may sue preemptively for declaratory relief if the claim that would be asserted against him arises under federal law.[8] Because courts may not render advisory opinions based on hypothetical facts,[9] there must be an actual controversy between the parties before a federal court may exercise jurisdiction.  For an actual controversy to exist in a declaratory-judgment action, there must be a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[10]  An adverse legal interest requires a dispute about a legal right—for example, an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring.[11]  This requirement persists through all stages of litigation, not just when the complaint is filed.[12]

In order to prevail on his declaratory-judgment counterclaim, Kabala must prove that he has a "real and reasonable apprehension" of future suit that gives rise to an actual controversy between himself and LHF.[13]  But LHF doesn't have any claims pending in this case; it voluntarily dismissed all of its claims against all defendants, including Kabala,[14] and it now

---

[8] *Franchise Tax Board v. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983); *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1162 (9th Cir. 2005).

[9] *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937).

[10] *Id.* at 942 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

[11] *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118 (2007).

[12] *Aetna*, 300 U.S. at 241.

[13] *Societe*, 655 F.2d at 944.

[14] *See* ECF Nos. 87 (dismissing claims against Ante Soda); ECF No. 90 (court severing and dismissing claims against Donald Plain and John Koehly); 72 (dismissing claims against Brian Kabala); 43 (dismissing claims against Maria Gonzalez and Daniel O'Connell); 39 (dismissing claims against Matthew Stewart); 24 (dismissing claims against David Poor and Aaron Takahashi); 10 (dismissing claims against Agustin Bertolin).

requests that the dismissal of its claims against Kabala be *with prejudice*.[15] Kabala requests a declaration of non-infringement to preclude LHF from refiling claims against him. In light of LHF's voluntary-dismissal-with-prejudice motion, that concern is moot. So, I dismiss Kabala's declaratory-judgment claim.

**C.     Kabala's abuse-of-process claim is dismissed.**

SLAPP (Strategic Lawsuits Against Public Participation) lawsuits abuse the judicial process by chilling, intimidating, and punishing individuals for their involvement in public affairs.[16] To curb these oppressive lawsuits, Nevada's legislature adopted anti-SLAPP laws that immunize protected speakers from suit. Codified at NRS 41.660 et seq., Nevada's anti-SLAPP statutes permit a defendant to bring a special motion to dismiss an action "brought against a person in furtherance of the right . . . to free speech in direct connection with an issue of public concern."[17] This procedural mechanism "filters unmeritorious claims in an effort to protect citizens from costly retaliatory lawsuits arising from their right to free speech under both the Nevada and Federal Constitutions."[18]

The Nevada Supreme Court clarified the parties' burdens when litigating a special motion under Nevada's anti-SLAPP statute in *Delucchi v. Songer*.[19] The moving party must first establish by a preponderance of the evidence that the claim challenges a "good faith communication in furtherance of the right . . . to free speech in direct connection with an issue of public concern."[20] The defendant's conduct is a good-faith communication if it falls within one of the four categories enumerated in NRS 41.637 and "is truthful or is made without knowledge

---

[15] ECF No. 174.

[16] *John v. Douglas Cty. Sch. Dist.*, 219 P.3d 1276, 1281 (Nev. 2009); *Moreira-Brown v. Las Vegas Review-Journal, Inc.*, 2017 WL 4158604, at *5 (D. Nev. Sept. 18, 2017).

[17] NEV. REV. STAT. § 41.660(1)(a).

[18] *John*, 219 P.3d at 1282.

[19] *Delucchi v. Songer*, 396 P.3d 826 (Nev. 2017).

[20] *Moreira-Brown*, 2017 WL 4158604, at *5 (quoting NEV. REV. STAT. § 41.660(3)(a)).

3

of its falsehood."[21] The burden then shifts to the plaintiff to establish "by clear and convincing evidence a probability of prevailing on the claim."[22] If the district court determines that the plaintiff has shown by clear and convincing evidence a likelihood of succeeding on the merits, the plaintiff may proceed with its claim.[23] But if the court grants the special motion to dismiss, "the dismissal operates as an adjudication upon the merits."[24]

### *1. Kabala's abuse-of-process claim challenges a protected communication.*

LHF argues that its complaint and pre-filing correspondence (including demand letters) with Kabala are protected speech because they fall under one of the anti-SLAPP statute's four enumerated categories: a "[w]ritten or oral statement made in direct connection with an issue under consideration by a legislative, executive[,] or judicial body, or any other official proceeding authorized by law."[25] LHF supports this argument with citations to several California cases that interpret California's anti-SLAPP statute—which is similar to Nevada's[26]— to protect complaints, declarations, demand letters, settlement negotiations, and other communicative acts.[27] Kabala encourages me to disregard LHF's California citations,[28] but the Nevada Supreme Court has repeatedly recognized the similarity between these anti-SLAPP

---

[21] *Delucchi*, 396 P.3d at 833 (quoting NEV. REV. STAT. § 41.637).

[22] *Id.* at 831.

[23] *Id.*

[24] NEV. REV. STAT. § 41.660(5).

[25] ECF No. 136 at 5; NEV. REV. STAT. § 41.637(3).

[26] *Compare* CAL. CIV. PROC. CODE § 425.16(e)(2) *with* NEV. REV. STAT. § 41.637(3); *see also Shapiro v. Welt*, 389 P.3d 262, 268 (Nev. 2017) ("Because this court has recognized that California's and Nevada's anti-SLAPP 'statutes are similar in purpose and language,' we look to California law for guidance on this issue.") (internal citation omitted).

[27] ECF No. 136 at 6–8.

[28] ECF No. 140 at 6 n.2

4

statutes and looked to California for guidance in this area.[29] So, I give those California cases considerable weight.

Kabala adds that LHF's assertion of statutory protection is one made "barely in passing," that LHF fails to "suggest which of its communications fit" within NRS 41.637(3), and that "the underlying communications undertaken in [a] judicial proceeding" are not covered by this statute.[30] To hold otherwise, Kabala urges, "would encourage countless litigants to file Anti-SLAPP motions," which is "clearly not the intention of the Nevada legislature."[31] Kabala adds that "recent Nevada Supreme Court holdings suggest that LHF misapprehends the plain language of that statute," but supports this contention with three federal district court cases and a single Nevada Supreme Court case with a conclusory parenthetical that reads: "reversing grant of anti-SLAPP motion where communication at issue was not a protected communication."[32]

Plus, the parenthetical is wrong. The Court did not reverse the lower court's grant of an anti-SLAPP motion because the communication wasn't protected; it reversed because, although the movant "made the required initial showing" that the communication at issue was protected, the non-movant "presented sufficient evidence to defeat [the movant's] special motion under the [pre-amendment] summary judgment standard."[33] So the Court remanded the case because there was a "genuine issue for trial regarding whether the [communication at issue] was" protected.[34]

---

[29] *See, e.g.*, *Shapiro*, 389 P.3d at 268; *John v. Douglas Cnty. Sch. Dist.*, 219 P.3d 1276, 1281 (Nev. 2009) *superseded by statute in Delucchi*, 396 P.3d 826; *Delucchi*, 396 P.3d at 832.

[30] ECF No. 140 at 5. Kabala's minimization of LHF's assertion as one made "barely in passing" is disingenuous. LHF supports its assertion with three pages of detailed analysis with persuasive authority from California courts interpreting a similar anti-SLAPP provision. *See* ECF No. 136 at 5–8.

[31] *Id.* at 6.

[32] *Id.* (citing to *Chocolate Magic Las Vegas LLC v. Ford*, case no. 2:17-cv-00690-APG-NJK, 2018 WL 475418 (D. Nev. Jan. 17, 2018); *Moreira-Brown v. Las Vegas Review Journal, Inc.*, case no. 2:16-cv-0220-JAD-VCF, 2017 WL 4158604 (D. Nev. Sept. 18, 2017); *Delucchi v. Songer*, 396 P.3d 826, (Nev. 2017); *Drussel v. Elko Cnty. Sch. Dist.*, 2013 WL 3353531 (D. Nev. July 2, 2013)).

[33] *Delucchi*, 396 P.3d at 833–34.

[34] *Id.* at 834.

5

The federal district court cases are equally unavailing. In *Chocolate Magic*, Judge Gordon addressed whether a communication was one made "in direct connection with an issue of public interest in a place open to the public or in a public forum."[35] The parties didn't argue—so he didn't address—whether it was a "[w]ritten or oral statement made in direct connection with an issue under consideration by a legislative, executive[,] or judicial body, or any other official proceeding authorized by law."[36] In *Moreira-Brown*, I held that an article reporting on a case against a lawyer who was accused of rape was "a written statement in direct connection with an issue under consideration by a judicial body."[37] I did not consider whether a complaint and pre-filing correspondence were also protected by Nevada's anti-SLAPP laws—I certainly didn't foreclose their protection. And the *Drussel* court didn't even address whether a specific communication was protected; it merely allowed the non-movant "to conduct limited discovery" to oppose the anti-SLAPP motion.[38]

A "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern" includes any "[w]ritten or oral statement made in direct connection with an issue under consideration by a legislative, executive, or judicial body . . . ."[39] The statute has no temporal requirement that only communications that come after the filing of a complaint are protected, and demand letters, settlement negotiations, and declarations are clearly "made in direct connection" with a complaint, which is "under consideration by a . . . judicial body." LHF's California authority also supports this notion.[40]

---

[35] *Chocolate Magic*, 2018 WL 475418, at *2–3 (referring to one of the four definitions of a "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern").

[36] *Id.*; NEV. REV. STAT. § 41.637(3).

[37] *Moreira-Brown*, 2017 WL 4158604, at *6–8.

[38] *Drussel*, 2013 WL 3353531, at *5.

[39] NEV. REV. STAT. § 41.637.

[40] *See* ECF No. 136 at 6–7 (citing *Crossroads Inv'rs, L.P. v. Fed. Nat'l Mortg. Ass'n*, 222 Cal. Rptr. 3d 1, 24 (2017) ("Settlement discussions made in connection with litigation are protected activity under the anti-SLAPP statute."); *GeneThera, Inc. v. Troy & Gould Prof'l Corp.* 90 Cal. Rptr. 3d 218, 222–23 (2009) ("[A]n attorney's communication with opposing counsel on behalf of a client regarding pending litigation directly implicates the right to petition and thus is subject

6

And because LHF offers two signed declarations—one from its counsel and another from a witness—that declare that the communications were truthful or made without knowledge of their falsehood, I find that LHF has made the requisite showing that its communications are protected.

### 2. *Kabala has not shown a probability of success on his abuse-of-process claim by clear and convincing evidence.*

LHF has satisfied its burden of showing that the communications at issue are protected under Nevada's anti-SLAPP laws, so the burden shifts to Kabala to show by clear and convincing evidence a probability of success on his abuse-of-process claim. The two elements that Kabala must show are: (1) an ulterior purpose behind the issuance of process; and (2) a willful act in the use of process not proper in the regular conduct of the proceeding.[41] Kabala has not shown either.

#### a. *Kabala does not establish by clear and convincing evidence that LHF has an ulterior motive.*

Kabala argues that his burden is met if he presents prima facie evidence that his claims have "minimal merit."[42] He supports this standard with an unpublished opinion from a Nevada state trial court and a handful of Ninth Circuit cases that predate the 2013 amendments to Nevada's anti-SLAPP statute.[43] But Nevada's Supreme Court recognized that the 2013 amendments to Nevada's anti-SLAPP law require the non-movant to show, by clear and

---

to a special motion to strike."); *see also Sosa v. DirecTV, Inc.*, 437 F.3d 923, 931 (9th Cir. 2006) ("Second, many states, including California, protect prelitigation communications under statutorily granted litigation privileges. [citations]. Such laws highlight the intimate relationship between presuit settlement demands and the actual litigation process.")).

[41] *Nevada Credit Rating Bureau, Inc. v. Williams*, 503 P.2d 9, 12 (1972); *Bull v. McCuskey*, 615 P.2d 957, 960 (1980); *Abbot v. United Venture Capital, Inc.*, 718 F. Supp. 828, 834–35 (D. Nev. 1989).

[42] ECF No. 140 at 9.

[43] I was unable to find the state-trial-court opinion on WestLaw, and my own Google search was just as fruitless.

convincing evidence, a probability of success on the merits.[44] So, I apply the clear-and-convincing-evidence standard.

The Nevada Supreme Court has held that filing a complaint in order to coerce a nuisance settlement can constitute an ulterior purpose to satisfy the first element of an abuse-of-process claim if the plaintiff knows that he has no basis for the claim.[45] "In *Bull* [*v. McKuskey*], the Nevada Supreme Court upheld a jury award for abuse of process where the respondent's attorney, knowing he had no basis for his claim, brought suit against a physician for medical malpractice with the ulterior purpose of coercing a nuisance claim settlement."[46]

Though Kabala's allegations may satisfy the low standard required to defeat a 12(b)(6) motion, they miss the higher standard of "clear and convincing" evidence to defeat this special motion. When faced with a special motion to dismiss—not merely a 12(b)(6) motion—the non-movant must present evidence; allegations alone are insufficient. Though a track record of filing complaints against hundreds of defendants and dismissing the lion's share of them (as LHF has done) can be considered suspect, filing legitimate lawsuits with the hope of resolving them by settlement is not an improper use of the legal process.

There is no evidence that shows clearly and convincingly that LHF had no basis for its initial claims against Kabala. By Kabala's own admission (and as my experience with BitTorrent cases has shown), LHF identifies specific defendants by connecting them to IP addresses that are (or have been) involved with torrenting its movies. The fact that LHF has not yet taken a claim to trial does not diminish the legitimacy of its motives, particularly when the vast majority of civil lawsuits never make it to trial.[47]

---

[44] *Delucchi*, 396 P.3d at 827.

[45] *Bull*, 615 P.2d at 960.

[46] *Posadas v. City of Reno*, 851 P.2d 438, 445 (Nev. 1993) (citing *Bull*, 615 P.2d at 959–60).

[47] *See* John Barkai, et al., *A Profile of Settlement*, COURT REVIEW: THE JOURNAL OF THE AMERICAN JUDGES ASSOCATION, Vol. 42, Iss. 3-4 (December 2006) *available at* http://digitalcommons.unl.edu/cgi/viewcontent.cgi?article=1024&context=ajacourtreview ("[P]erhaps up to 97% of cases are resolved by means other than by trial.").

### b. *Kabala does not establish by clear and convincing evidence that LHF has committed an improper willful act.*

The filing of a complaint, in and of itself, is generally not enough to support the second, willful-act element of an abuse-of-process claim.[48] The alleged improper act must be so lacking in justification that it loses its legitimate function as a reasonably justifiable litigation procedure.[49]

The bulk of Kabala's abuse-of-process claim relies on his allegation that LHF threatens to file suit for the sole purpose of coercing settlements. Even if this is true, it's not an improper act for abuse-of-process purposes if there is a legal basis to support the claim. And Kabala has not shown that LHF had no justifiable basis for commencing this case against him. Because Kabala cannot show by clear and convincing evidence a probability of success on his abuse-of-process claim, I grant LHF's special motion to dismiss it. I do not reach LHF's litigation-privilege defense.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that LHF's motion to dismiss Kabala's counterclaims **[ECF No. 120] is GRANTED in part**, and LHF's special motion under NRS 41.660 to dismiss Kabala's abuse-of-process counterclaim **[ECF No. 136] is GRANTED**. Both of Kabala's counterclaims are **DISMISSED with prejudice**. Counsel for LHF may file a separate application for fees and costs under NRS 41.670 that complies with Local Rule 54-14, and I will rule on it in the ordinary course.

IT IS FURTHER ORDERED that LHF's motion to voluntarily dismiss with prejudice its claims against Kabala **[ECF No. 174] is GRANTED.**

IT IS FURTHER ORDERED that all other pending motions **[ECF Nos. 175, 178] are DENIED as moot**.

---

[48] *Abbott*, 718 F. Supp. at 834 (citing *Laxalt v. McClatchy*, 622 F. Supp. 737, 752 (D. Nev. 1985); *Ging v. Showtime Entertainment, Inc.*, 570 F. Supp. 1080, 1083 (D. Nev. 1983)).

[49] *Momot v. Mastro*, 2010 WL 2696635, at *4 (D. Nev. July 6, 2010).

The **Clerk of Court** is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE**.

Dated: August 23, 2018

_____
U.S. District Judge Jennifer A. Dorsey