JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
ERIC D. WALTHER, ESQ.
Nevada Bar No. 13611
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada  89145
Telephone:  (702) 362-7800
Facsimile:  (702) 362-9472
E-Mail:     jblum@klnevada.com
            ewalther@klnevada.com
LISA L. CLAY, ESQ. - *Pro Hac Vice (*Illinois Bar No. 6277257)
345 North Canal Street Suite C202
Chicago, Illinois 60606-1333
Telephone:  (312) 753-5302
Email:      lclayaal@gmail.com
-and-
JOSEPH CURTIS EDMONDSON, ESQ. - *Pro Hac Vice (*California Bar No. 236105)
**EDMONDSON IP LAW, LAW OFFICES OF J. CURTIS EDMONDSON, PLLC**
3699 NE John Olsen Ave.
Hillsboro, Oregon 97124
Telephone:  (503) 336-3749
Email       jcedmondson@edmolaw.com
*Attorneys for Defendant/Counter-Plaintiff
Brian Kabala*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LHF PRODUCTIONS, INC., a Nevada Corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>AGUSTIN BERTOLIN, an individual; MARIA GONZALEZ, an individual; BRIAN KABALA, an individual; JOHN KOEHLY, an individual; DANIEL O'CONNELL, an individual; DONALD PLAIN, an individual; DAVID POOR, an individual; ANTE SODA, an individual; MATTHEW STEWART, an individual; AARON TAKAHASHI, an individual; and JOHN AND JANE DOES, 1-10,<br><br>             Defendants. | CASE NO. 2:16-cv-02028-JAD-NJK<br><br>**AMENDED DECLARATION OF BRIAN KABALA'S IN SUPPORT OF COUNTER-PLAINTIFF'S MOTION FOR AWARD OF COSTS AND ATTORNEY FEES UNDER 17 U.S.C. § 505** |
| BRIAN KABALA, an individual,<br><br>             Counter-Plaintiff,<br>     vs.<br><br>LHF PRODUCTIONS, INC., a Nevada Corporation,<br>             Counter-Defendant. | |

I, BRIAN KABALA, declare that:

1. I am an adult resident of the State of Nevada and the Defendant/Counter-Plaintiff in the above-referenced action. I make this declaration based on my recollection of the events described, and if called upon to testify as to statement made herein, can do so competently.

2. Attorney Charles Rainey repeatedly threatened me and claimed he had evidence that I had infringed his client's copyright. He initially demanded a minimum of $4900 to settle this case but I explained to him several times that I had no interest in paying he or his client money for something I did not do.

3. I work as a forklift operator and make $16/hour. I do not have the means to hire an attorney, but I felt very strongly that the practices of this Plaintiff and its attorneys were wrong. For that reason, I did extensive research on PACER to learn about this Plaintiff and to locate sample answers, discovery and other documents that I could use to defend myself because I wanted to file an answer and counterclaim on my own behalf. I spent $1106.90 on PACER researching these claims before retaining counsel.

4. Before I obtained an attorney, I felt as though LHF's counsel tried to take advantage of my pro se status by lying to me about receiving documents, misrepresenting local rules and court requirements in an effort to confuse me.

5. When Attorney Rainey made it clear he would not dismiss the claims against me with prejudice, provide the requested declaration of non-infringement or reimburse my costs, I felt angry not just with Plaintiff but with the Court system. I am not a lawyer but I can't understand how these practices can be legal.

6. I promised Attorney Rainey that I would dismiss my counterclaims if his client would provide me a declaration of non-infringement or something else that would guarantee I would not be subject to further suit and reimburse my costs. That is all I ever wanted and I would have been happy to settle the matter at any time on those terms.

7. After Plaintiff dismissed its claim against me without prejudice, Attorney Rainey threatened me several times with re-filing LHF's claims. I assumed he was trying to bully me into dismissing my claims against LHF.

8. After the Court granted my motion regarding LHF's failure to timely respond to

1  my Requests for Admission, and denied in part and granted in part LHF's Motion regarding my
2  counterclaims, I knew I would need an attorney if I wanted to pursue the claim further. I was
3  introduced to an attorney in Chicago with experience handling these matters, and she agreed to
4  help me even though I could not pay her fees.

5    9.   I asked my new attorneys to refile abuse of process claims on my behalf because I
6  do not understand how a party can file litigation and then refuse to produce the evidence upon
7  which their claim is based. It has always bothered me that LHF thought because I was pro se
8  they could simply ignore my discovery and apparently assumed that they could outsmart me
9  because I did not have an attorney.

10   10.  I paid the pro hac vice application for Attorney Lisa Clay but I understand that is
11 not a cost for which I can be reimbursed. I also paid a handwriting expert $1000.00 and
12 understand that is also not a cost for which I may seek reimbursement.

13   11.  I am seeking reimbursement for $1,106.90 in PACER charges and $39.58 in
14 copying and related charges, for a total request of $1146.48.

I, Brian Kabala, declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

EXECUTED this 9th day of September, 2018.


BRIAN KABALA

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Kolesar & Leatham, and that on the 10th day of September, 2018, I caused to be served a true and correct copy of foregoing **AMENDED DECLARATION OF BRIAN KABALA'S IN SUPPORT OF COUNTER-PLAINTIFF'S MOTION FOR AWARD OF COSTS AND ATTORNEY FEES UNDER 17 U.S.C. § 505** in the following manner:

(ELECTRONIC SERVICE)  Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

*/s/ Kristina R. Cole*
An Employee of KOLESAR & LEATHAM