1
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
2
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
3
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
4
Facsimile: (702) 362-9472
E-Mail: jblum@klnevada.com
5
LISA L. CLAY, ESQ. - *Pro Hac Vice (*Illinois Bar No. 6277257)
345 North Canal Street Suite C202
6
Chicago, Illinois 60606-1333
Telephone: (312) 753-5302
7
Email: lclayaal@gmail.com
-and-
8
JOSEPH CURTIS EDMONDSON, ESQ. - *Pro Hac Vice (*California Bar No. 236105)
**EDMONDSON IP LAW, LAW OFFICES OF J. CURTIS EDMONDSON, PLLC**
9
3699 NE John Olsen Ave.
Hillsboro, Oregon 97124
10
Telephone: (503) 336-3749
Email jcedmondson@edmolaw.com
11
*Attorneys for Defendant/Counter-Plaintiff*
*Brian Kabala*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL.: (702) 362-7800 / FAX: (702) 362-9472

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

LHF PRODUCTIONS, INC., a Nevada Corporation,

Plaintiff,

vs.

AGUSTIN BERTOLIN, an individual; MARIA GONZALEZ, an individual; BRIAN KABALA, an individual; JOHN KOEHLY, an individual; DANIEL O'CONNELL, an individual; DONALD PLAIN, an individual; DAVID POOR, an individual; ANTE SODA, an individual; MATTHEW STEWART, an individual; AARON TAKAHASHI, an individual; and JOHN AND JANE DOES, 1-10,

Defendants.

BRIAN KABALA, an individual,

Counter-Plaintiff,

vs.

LHF PRODUCTIONS, INC., a Nevada Corporation,

Counter-Defendant.

CASE NO. 2:16-cv-02028-JAD-NJK

**COUNTER-PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF COSTS AND ATTORNEY FEES UNDER 17 U.S.C. § 505 [ECF NO.184]**

1

**COUNTER-PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF COSTS AND ATTORNEY FEES UNDER 17 U.S.C. § 505 [ECF NO.184]**

2

3        Counter-Plaintiff Brian Kabala ("Kabala"), in accordance with Fed. R. Civ. P. 54, LR 54-

4   14, 17 U.S.C. § 505 and other authorities discussed herein, respectfully answers the objection of

5   Plaintiff LHF Productions Inc." ("LHF" or "Plaintiff") and reiterates his request for an award of

6   attorneys' fees against Plaintiff/Counter-Defendant LHF.  As more fully set forth below, Kabala

7   is a prevailing party under §505 of the Copyright Act. Application of the analysis recently set

8   forth by the Ninth Circuit in *Glacier Films (USA), Inc. v. Turchin*, No. 16-35688, 2018 U.S.

9   App. LEXIS 20521 (9th Cir. July 24, 2018) supports – indeed obligates – a fee award to

10  prevailing party Kabala.

11        Dated this 9th day of October, 2018.

12                                          **KOLESAR & LEATHAM**

13

14              By _____
                    JONATHAN D. BLUM, ESQ.

15                  Nevada Bar No. 009515
                    **KOLESAR & LEATHAM**

16                  400 South Rampart Boulevard, Suite 400
                    Las Vegas, Nevada  89145

17
                    -and-

18
                    LISA L. CLAY, ESQ. - *Pro Hac Vice*

19                  Illinois Bar No. 6277257
                    345 North Canal Street Suite C202

20                  Chicago, Illinois 60606-1333
                    Telephone:  (312) 753-5302

21                  Email:      lclayaal@gmail.com

22                  JOSEPH CURTIS EDMONDSON, ESQ. - *Pro Hac Vice* (California Bar No. 236105)

23                  **EDMONDSON IP LAW, LAW OFFICES OF J. CURTIS EDMONDSON, PLLC**
                    3699 NE John Olsen Ave.

24                  Hillsboro, Oregon 97124

25                  *Attorneys for Defendant/Counter-Plaintiff Brian Kabala*

26

27

28

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

2986879_2 (10254-1)

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.    RESPONSE TO LHF'S FALSE AND MISLEADING RECITATION OF "RELEVANT FACTUAL AND PROCEDURAL HISTORY."**

3

4

Plaintiff begins its response by suggesting that "in recognition of the fact that this case

5

did not warrant the further cost or expense of litigation … LHF made numerous overtures

6

through its counsel from the outset of this case to settle this case." [ECF No. 190 at 2:2-3.] This

7

statement is the first of many false statements made in LHF's filing. Kabala and his counsel

8

suggest that LHF made only one actual settlement offer, and that offer was insufficient as a

9

matter of law. Specifically, Kabala disputes that LHF ever offered to settle "for as low as

10

$50.00." [ECF No. 190 at 2:8.] (Declaration of Brian Kabala ("Kabala Dec.") attached hereto as

11

**Exhibit A** at ¶ 3.) As to the November 2017 discussions LHF attempts to characterize as

12

negotiations, they were, through the eyes of a pro se defendant, just more of the same bullying

13

and threats Kabala had heard since he was first pressed by Plaintiff to pay for something he

14

didn't do. . (Kabala Dec. ¶¶ 4, 5.)  As Attorney Rainey's own words make clear:

15

> "If you press on, then my client will have no choice but to re-file its claims
> against you. And this new case would be entirely focused on you and you alone."
> [ECF No. 190-3 at 5.];

16

17

> "… you should be forewarned that ghostwriting legal documents is illegal. Also, I
> would not place any trust in the advice of a person claiming to be a legal
> professional that would do blatantly violate the court's rules." (sic.) [ECF No.
> 190-3 at 5.];

18

19

20

> "[LHF] will not say that you didn't do it… I want you to meet with me in person
> and allow me the opportunity to dispel these conspiracy theories. You are
> allowing wild Internet speculation from extremely unreliable, self-serving
> sources, to paint your perception." [ECF No. 190-3 at 3];

21

22

> "[Y]ou still dig in your heels and refuse to settle insisting that I somehow 'clear
> your name.' What does that even mean? That's not a settlement." [ECF No. 190-2
> at 2.]

23

24

As LHF's Attorney's own words make plain, the only "offer" on the table was payment

25

of costs and "guarantees against future suits from LHF" [ECF No. 190-3 at 2] – whatever that

26

means – not entry of the declaration of non-infringement Kabala sought. And payment of costs

27

came with some hefty conditions, most notably a requirement that Kabala be "set straight"

28

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1   through an in person meeting with Attorney Rainey. These discussions never formed the basis of

2   a meaningful offer and were (reasonably) rejected by Kabala in any case. (Kabala Dec. ¶ 5.)

3       LHF also references an Offer of Judgment [ECF No. 190-4] but this Offer was made on

4   the same day – November 15, 2017 – that the Court ruled that **there were no pending claims**

5   (going either way) by striking Kabala's counterclaim and giving his just-retained counsel until

6   January 20, 2018 to "to file a counseled first amended counterclaim." *See* ECF No. 97 p. 1:20-

7   23. As such, based on the timing of the Offer, when absolutely no live claims were pending, the

8   Offer of Judgment was all but meaningless.[1] It is well established in the Ninth Circuit that "in

9   general, defendants making a Rule 68 offer contemplate a lump-sum judgment that represents

10  their ***total liability***." *Nusom v. Cohm Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997)

11  (emphasis added); *see also Ginena v. Alaska Airlines, Inc.*, No. 2:04-CV-01304-MMD-CWH,

12  2013 U.S. Dist. LEXIS 91487 at *18 (D. Nev. June 27, 2013) ("an offer of judgment generally

13  refers to the ***defendant's liability for the entire case, not only to the defendant's liability as***

14  ***alleged at the time the offer is made***.") (emphasis added). It is equally well established that "any

15  ambiguities will be construed against the offeror as the drafting party…" *Herrington v. County of*

16  *Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993).

17      Applying these principles to the matter at hand, Plaintiff's Offer is hopelessly unclear.

18  First, Plaintiff, "offers to allow judgment to be taken **against it by plaintiff for Five Thousand**

19  **dollars**". [ECF No. 190-4] (emphasis added). Since LHF is the plaintiff, this language is very

20  ambiguous. Further, it is unclear whether LHF was offering entry of judgment on Kabala's then-

21  stricken declaratory judgment and abuse of process counterclaims and/or on the affirmative

22  claim LHF had threatened to refile? Was the $5,000 intended to include or exclude attorneys'

23  fees? If the former, by what mechanism is the Court intending to distinguish state law (abuse of

24  process), which is not a fee-shifting statute, from the Copyright Act, which authorizes fees to a

---

26  [1] On November 13, Attorney Jonathan Blum filed his appearance. [ECF No. 91.] That same day, Kabala filed his
    Motion to Extend Time to Amend Counterclaim [ECF No. 92] and in case that Motion was not granted, Leave to
27  File Second Amended Complaint [ECF No. 93.] On November 15, the same day as the offer of judgment the Court
    granted Kabala's Motion to Extend Time and struck the First Amended Counterclaim he had filed the day prior.
28  [ECF No. 97.]

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1   prevailing Defendant? Neither the Offer on its face [ECF No. 190-4] nor the four-line description

2   of same in Plaintiff's response [ECF No. 190 at 3:10-13.] provide any guidance to Kabala or the

3   Court in this regard.[2]  Finally, an offer of judgment served two days after Kabala's counsel made

4   his initial appearance should be considered premature, as it did not provide sufficient time for

5   counsel to evaluate the case and evidence to determine what a reasonable settlement would be.

6        Plaintiff also misapprehends the Court's August 24, 2018 orders, stating incorrectly that

7   the Court "granted LHF's earlier pending motion to dismiss Kabala's declaratory judgment

8   counter claim for lack of subject matter jurisdiction … based on LHF's dismissal of its claims

9   with prejudice…" The Court did no such thing. Rather, the Court granted Plaintiff's special

10  motion to dismiss, and then dismissed Kabala's counterclaims with prejudice without

11  explanation. [ECF No. 179 at 9:15-24.] Kabala subsequently filed a Motion for Reconsideration

12  [ECF No. 187] and the Motion for an Award of Fees [ECF No. 184] addressed here. Tellingly,

13  Plaintiff does not contest a single statement of fact set forth in Kabala's nearly eight-page

14  Summary of Litigation [ECF No. 184 at 3:3 – 10:6] or mention the pending Motion for

15  Reconsideration.

16  **II.    LEGAL ARGUMENT**

17       **A.    LHF'S Initial Arguments Are Unsupported by Facts, Statute or Case Law.**

18       Bizarrely, despite acknowledging that, "a defendant is a prevailing party following

19  dismissal of a claim *if the plaintiff is judicially precluded from refiling the claim against the*

20  *defendant in federal court*." [ECF No. 190 at 4:22-25 (emphasis added)] LHF argues – without

21

22  [2] LHF makes two more false statements by the end of page 3 of its Response. First, Attorney Austin suggests that he
    "learned Kabala had previously indicated a potential interest in settling the matter upon payment of $20,000." [ECF

23  No. 190 at 3:15-16.] Neither Kabala nor his counsel ever made this indication, or any indication of its kind, at any
    time. (Kabala Dec. ¶ 6.); (Declaration of Lisa L. Clay ("Clay Dec.") ¶ 3, attached hereto as **Exhibit B**.) Rather, LHF

24  made a $20,000 offer informally at some point in the Spring of 2018. Counsel has no record of such an offer because
    it was never formalized in writing and was rejected for failing to provide full recovery of attorneys' fees or the

25  necessary declaration of non-infringement. (Clay Dec. ¶ 4.) Kabala has remained steadfast in his position that he did
    not want money (other than that necessary to pay his out-of-pocket costs and his attorneys); rather, he wanted a

26  declaration of non-infringement. He wanted his name cleared, and he wanted LHF to be shown, through legal
    proceedings, to have wrongfully accused him. (Kabala Dec. ¶ 9.) The second statement – that LHF "having earlier

27  ceased propounding any further discovery against Kabala," is also false: Plaintiff served a notice vacating the
    deposition of Kabala for the same reason depositions of other witnesses were vacated around that time: the parties

28  wished to obtain a ruling on the pending Motion to Compel. (Clay Dec. ¶ 5.)

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

citation to case law and contrary to Kabala's detailed statement of facts – that, (1) "Kabala is not entitled to any fees as a prevailing party under the Copyright Act because LHF dismissed its claims before Kabala retained counsel … and Kabala was not the prevailing party on his declaratory judgment claim," [ECF No. 190 at 4:12-14][3]; (2) "the petition (sic) must actually have incurred such fees by having retained counsel to prevail on the copyright claim." [ECF No. 190 at 5:1-2.]; (3) Kabala also cannot have incurred any fees in connection with the conversion of the Court's granting of LHF's dismissal of its claims with prejudice on August 24, 2018." [ECF No. at 5:15-16.] This is nonsense. LHF's initial dismissal without prejudice did not judicially preclude it from refiling its claims, and Kabala was forced to retain counsel to obtain that remedy. Indeed, as LHF's counsel's own emails make clear [ECF No. 190-3; ECF No. 85 at 5 - 10], LHF continued to threaten Kabala with refiling its claims. [ECF No. 190-3 at 5.]  Under this standard, LHF's initial dismissal was close to meaningless. Indeed, LHF continued to litigate – and acknowledged through use of a motion seeking to "convert" its original dismissal without prejudice to a dismissal with prejudice – that the original dismissal did not and could not end this litigation.[4]

Kabala does not seek fees as a prevailing party on his declaratory judgment claim, nor is he seeking fees for time "billed" prior to his having retained counsel. He is seeking attorneys' fees for the attorney time his counsel spent pushing Plaintiff to finally admit that it had no evidence and "throw in the towel," which took a great deal of attorney time and effort.   Indeed, it was only through the work of counsel that LHF served Kabala with a Covenant Not To Sue (dated August 6, 2018) and sought an order from this Court converting its prior dismissal without

---

[3] LHF cites to *Wall Data Inc. v. Los Angeles Cty. Sheriff's Dep't* in Section C of its Response claim i [ECF No. 190 at 6:11-17] to suggest that a prevailing party finding "require[es] the entry of a final judgment in favor of the petitioner claiming to be the 'prevailing party.'" This is another of LHF's lies. The pin cite to that case contains the following references to "prevailing party": "The Copyright Act provides for an award of reasonable attorneys' fees 'to the prevailing party as part of the costs.''; [The Court] found that Wall Data was the prevailing party, even though Wall Data's ultimate recovery was less than that which it originally sought"; and "'The Plaintiff will ordinarily be regarded as the prevailing party if he succeeds at trial in establishing the defendant's liability even if the damages awarded are nominal or nothing.'"

[4] On August 6, 2018, many months into heated discovery related primarily to the question of infringement raised by the Copyright claims, LHF finally relinquished the possibility of re-asserting its affirmative claims by serving a Covenant Not To Sue, coupled with its Motion to Voluntarily Dismiss with Prejudice its Claims Against Defendant Kabala [ECF No. 174].

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1    prejudice (which did not provide Kabala prevailing party status) to a dismissal with prejudice.

2    [ECF No. 174, Exhibit 1 thereto.]  As stated in Kabala's original Motion, "[t]hat this came about

3    when [Plaintiff] threw in the towel does not make [Kabala] less the victor than it would have

4    been had the judge granted summary judgment or a jury returned a verdict in [his] favor."

5    *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir.2008).) [ECF No. 184 at 10:9 –

6    22.]

7              **B.      This Court is Obligated to Follow the Ninth Circuit's Recent Holding in**
               ***Glacier Films (USA), Inc. v. Turchin* and Apply the *Fogerty* Factors.**

8

9              The Ninth Circuit recently addressed the award of fees in the BitTorrent context,

10   confirming that district courts should rely on a "nonexclusive list" – the so-called *Fogerty* factors

11   – in making fee determinations: "frivolousness, motivation, objective unreasonableness (both in

12   the factual and in the legal components of the case) and the need in particular circumstances to

13   advance considerations of compensation and deterrence." *Glacier Films (USA), Inc. v. Turchin*,

14   No. 16-35688, 2018 U.S. App. LEXIS 20521 at *8 (9th Cir. July 24, 2018) *citing Fogerty v.

15   Fantasy*, 510 U.S. 517, 534 n. 19 (1994); *see also Kirtsaeng v. John Wiley & Sons, Inc.,* 136 S.

16   Ct. 1979, 1985 (2016). Inexplicably, LHF does not mention the *Turchin* case at all despite its

17   status as binding precedent.

18             Rather, despite spending ***six pages*** discussing the *Fogerty* factors, Plaintiff does not cite

19   to *Turchin* at all. Instead, LHF recites its same tired and unsupported position regarding the

20   evidence [ECF No. 190 at 7:25-9:15] and instead of citing binding precedent, cites to (1) one

21   2003 non-BitTorrent Ninth Circuit case [*Ets-Hoken*, ECF No. 190 at 7:23]; (2) one non-

22   BitTorrent Central District of California case [*Giganews*, *Id.* at 8:1-2];[5] (3) one non-BitTorrent

23   District of Arizona case involving default [*Twentieth Century Fox Films Corp.*, *Id.* at 9:20-21];

24   (4) one non-BitTorrent District of Oregon case [*Mestre*, *Id.* at 10:5-8]; (5) two non-BitTorrent

25   Supreme Court cases from 1954 and 1975, both superseded by statute but not reflected as such in

26   Plaintiff's Response [*Mazer* and *Twentieth Century Music Corp.*, *Id.* at 10:10-16]; (6) one non-

27

28   ---
     [5] This is an exceedingly strange citation for this Plaintiff to rely upon given its holding: a ***five+ million dollar
     attorneys' fee award for a prevailing party defendant***.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

BitTorrent District of Massachusetts case [*BMG Music Entm't*, *Id.* at 10:19-20] (7) two non-BitTorrent district of Florida cases [*Crosspointe* and *Luken*, *Id.* at 10:23-25 and 11:7][6]; (8) one non-BitTorrent District of Kansas case (Fred Riley Home Bldg. Corp., Id. at 11:27-28] and (9) four so-called "peer to peer infringement cases" where "the infringement occurred in the defendant's household." [ECF No. 190 at 11:24 – 28.]

Even if this Court wished to consider these cases, and the factual arguments made by Plaintiff and applied to these cases, its hands are tied. "Binding authority … cannot be considered and cast aside; it is not merely evidence of what the law is. ***Rather, caselaw on point is the law.***" *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) (emphasis added). *Turchin* is a reported opinion that is binding on all district courts in the Ninth Circuit and *Fogerty* is the law of the land.[7] *See, e.g. Hernandez-Gutierrez v. United States Dist. Court (In re Zermeno-Gomez)*, 868 F.3d 1048, 1052 (9th Cir. 2017) ("Under our 'law of the circuit doctrine,' a published decision of [the Ninth Circuit] constitutes binding authority, 'which must be followed unless and until overruled by a body competent to do so.'"); *Newton v. Thomason*, 22 F.3d 1455, (9th Cir. 1994) ("'binding precedent for all courts is set only by the Supreme Court, and for the district court within a circuit, only by the court of appeals for that circuit (in the absence of Supreme Court authority'"). For that reason, Kabala stands on the *Fogerty* analysis contained in his original brief and suggests that the analysis of those same factors in Plaintiff's Response must be disregarded in its entirety for failing to incorporate – indeed to so much as mention – binding precedent as set forth in *Turchin* and *Fogerty*.

## C.   Kabala's Attorneys' Fees are Related to Copyright Claims and Are Recoverable Under § 505.

LHF takes multiple additional bites at variations of the "fees relating to the declaratory judgment claims are not recoverable" apple in Sections E 2 and 3 of its response (which appear

---

[6] LHF's only citation to a BitTorrent case involving fees to a prevailing party defendant is *Malibu Media v. Pelizzo* [ECF No. 11 at 8] a Florida District case with no precedential value here.

[7] Also conspicuously absent from reference – but directly on point and known to Plaintiff's counsel – is the attorneys' fees ruling in *Criminal Prods. v. Jenkins*, No. 2:16-CV02704 JCM (PAL), 2018 U.S. Dist. LEXIS 2706 (D. Nev., March 29, 2018).

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1   to be nearly identical) by suggesting that, "the only fees recoverable would be those incurred by

2   counsel on behalf of Kabala in connection with the defense against LHF's copyright claims prior

3   to the dismissal of such claims on July 26, 2017," [ECF No. 190 at 14:13-15.]; "Kabala did not

4   incur litigation fees in connection with any copyright claim; [*Id.* at 14:24-25]; "no legal fees

5   were ever expended in support of the declaratory judgment counterclaim" [*Id.* at 15:11-12]; "the

6   only remaining claim in the case upon which defense could engage in any billable activity was

7   the abuse of process claim." [*Id.* at 15:13-15].

8        The holding in *Gonzales* suggests otherwise: "a defendant is a prevailing party ***following***

9   ***dismissal of a claim*** if the plaintiff is ***judicially precluded from refiling the claim*** against the

10   defendant in federal court." [ECF No. 190 at 4:20-25.] Kabala became a prevailing party by

11   forcing Plaintiff to "throw in the towel." It is the work undertaken by counsel between November

12   of 2017 and dismissal with prejudice in August of 2018 that forced that outcome. Plaintiff's

13   attempts to suggest otherwise are unavailing.[8]

14       **D.**    **Kabala's Attorneys' Fees Are Sufficiently Specific.**

15        Plaintiff's last-ditch effort is to claim without citation, and using eight cherry-picked

16   billing entries, that counsel's billing records do not contain "the required accuracy and

17   precision." [ECF No. 190 at 16:4-7.] This is a red herring. First, and most importantly, "a

18   prevailing party 'is not required to record in great detail how each minute of his time was

19   expended' … The prevailing party … need only 'identify the general subject matter of his time

20   expenditures' to meet its burden…'" *Perfect 10, Inc. v. Giganews*, No. CV 11-07098-AB (SHx),

21   2015 U.S. Dist. LEXIS 54063 at *15-16 (C.D. Cal., March 24, 2015). Said another way, "the

22   request for attorney's fees should not result in a second major litigation." *Kasza v. Browner*, 932

23   F Supp. 254, 259 (D. Nev. 1996).  Second, there is no basis for suggesting that "[a]ll entries

24   redacting the subject of the entry are not recoverable." This case is still pending, and

25   attorney/client communications needed to be redacted given the real possibility that this litigation

---

[8] The timing of LHF's Covenant not to Sue and related motion is important. LHF did not submit its Covenant Not to Sue or file its Motion to Voluntarily Dismiss with Prejudice its Claims Against Defendant Kabala [ECF No. 174] until August, 2018, only after it was forced, in the face of a great deal of pressure from Kabala's counsel, to acknowledge that they had no evidence.

will continue, whether based on the Court's reconsideration or one or more party's appeal. Third, counsel has, as Plaintiff suggests is required, "excluded as outside the scope of recoverable," all entries related to the anti-SLAPP motion. (See blue highlighted entries in LLC billing records, ECF No. 184-2.] Indeed, Kabala's counsel's collective total invoice totals over $200,000, yet the amount requested here (including fees related to this reply) is barely over $140,000.[9]

## III.   CONCLUSION

Counter-Plaintiff Brian Kabala respectfully renews his request that this Court grant him an award of costs in the amount of $3,487.40 in costs and attorney fees in the amount of $138,648 and any other relief this Honorable Court deems just and proper.

DATED this 9th day of October, 2018.

KOLESAR & LEATHAM

By _____
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

-and-

LISA L. CLAY, ESQ. - *Pro Hac Vice*
Illinois Bar No. 6277257
345 North Canal Street Suite C202
Chicago, Illinois 60606-1333
Telephone: (312) 753-5302
Email:     lclayaal@gmail.com

JOSEPH CURTIS EDMONDSON, ESQ. - *Pro Hac
Vice (*California Bar No. 236105)
**EDMONDSON IP LAW, LAW OFFICES OF J.
CURTIS EDMONDSON, PLLC**
3699 NE John Olsen Ave.
Hillsboro, Oregon 97124*Attorneys for
Defendant/Counter-Plaintiff
Brian Kabala*

---

[9] Attorney Clay's time for this reply is incorporated into her declaration (**Exhibit B**).   Attorney Blum spent approximately four hours on this reply but is not seeking those fees.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I am an employee of Kolesar & Leatham, and that on the 9th day of October, 2018, I caused to be served a true and correct copy of foregoing **COUNTER-PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF COSTS AND ATTORNEY FEES UNDER 17 U.S.C. § 505 [ECF NO.184]** in the following manner:

(ELECTRONIC SERVICE)  Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

An Employee of KOLESAR & LEATHAM

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

EXHIBIT A

1  JONATHAN D. BLUM, ESQ.
   Nevada Bar No. 009515
2  ERIC D. WALTHER, ESQ.
   Nevada Bar No. 13611
3  **KOLESAR & LEATHAM**
   400 South Rampart Boulevard, Suite 400
4  Las Vegas, Nevada 89145
   Telephone: (702) 362-7800
5  Facsimile: (702) 362-9472
   E-Mail:   jblum@klnevada.com
6             ewalther@klnevada.com
   LISA L. CLAY, ESQ. - *Pro Hac Vice*
7  Illinois Bar No. 6277257
   345 North Canal Street Suite C202
8  Chicago, Illinois 60606-1333
   Telephone: (312) 753-5302
9  Email:   lclayaal@gmail.com
   JOSEPH CURTIS EDMONDSON, ESQ. - *Pro Hac Vice (*California Bar No. 236105)
10 **EDMONDSON IP LAW, LAW OFFICES OF J. CURTIS EDMONDSON, PLLC**
   3699 NE John Olsen Ave.
11 Hillsboro, Oregon 97124
   Telephone: (503) 336-3749
12 Email    jcedmondson@edmolaw.com
   *Attorneys for Defendant/Counter-Plaintiff*
13 *Brian Kabala*

                    **UNITED STATES DISTRICT COURT**
14
                           **DISTRICT OF NEVADA**
15
                                  * * *
16

17 LHF PRODUCTIONS, INC., a Nevada          CASE NO. 2:16-cv-02028
   Corporation,

18                Plaintiff,               **DECLARATION OF BRIAN
                                           KABALA, IN SUPPORT OF REPLY
19       vs.                               IN SUPPORT OF MOTION FOR
                                           COSTS AND FEES UNDER 17 U.S.C.
20 AGUSTIN BERTOLIN, an individual; MARIA  § 505**
   GONZALEZ, an individual; BRIAN KABALA,
21 an individual; JOHN KOEHLY, an individual;
   DANIEL O'CONNELL, an individual;
22 DONALD PLAIN, an individual; DAVID
   POOR, an individual; ANTE SODA, an
23 individual; MATTHEW STEWART, an
   individual; AARON TAKAHASHI, an
24 individual; and JOHN AND JANE DOES, 1-10,

25                Defendants.

26

27       I, BRIAN KABALA., declare that:

28

                              Page 1 of 3

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1.    I am an adult resident of the State of Nevada and the Defendant/Counter-Plaintiff in the above-referenced action. I make this declaration based on my recollection of the events described, and if called upon to testify as to statement made herein, can do so competently.

2.    Attorney Charles Rainey repeatedly threatened me and claimed he had evidence that I had infringed his client's copyright. He initially demanded a minimum of $4900 to settle this case but I explained to him several times that I had no interest in paying he or his client money for something I did not do.

3.    Charles Rainey's declaration claims he offered to settle this case for $50, and that all he asked me to do was provide proof of income. The only reference is I remember to $50 was Rainey offering to give me $50, but he said it in such a snide and joking manner I did not think he was serious. And he never asked me for proof of my income at any time.

4.    I ask that the Court not forget that the November 2017 communications between me and Mr. Rainey are full of threats, both direct and indirect. I did not believe Mr. Rainey's communications to be good faith settlement negotiations. I perceived them as bullying rants.

5.    I also ask that the Court not forget that prior communications with Mr. Rainey were also full of bullying rants. My prior declaration describing two of my conversations with him in July of 2017 is attached hereto as Exhibit 1.

5.    Charles Rainey's declaration also claims that Mr. Rainey offered to pay my costs. While he did eventually make that offer, it was contingent on my agreement to a "talking to" with him in person, a condition that I would not agree to.

6.    Attorney Austin's declaration suggests that he "learned" that I "had previously indicated an interest in settling this matter upon the payment of $20,000." I have never expressed such an interest or given my counsel authority to do so on my behalf. Any settlement offer would have had to include a declaration of non-infringement and cover all of my attorneys' fees.

7.    As I stated in my prior declaration, after Plaintiff dismissed its claim against me without prejudice, Attorney Rainey threatened me several times with re-filing LHF's claims. I assumed he was trying to bully me into dismissing my claims against LHF.

8.    As I stated in my prior declaration, I asked my new attorneys to refile abuse of

process claims on my behalf because I do not understand how a party can file litigation and then refuse to produce the evidence upon which their claim is based. It has always bothered me that LHF thought because I was pro se they could simply ignore my discovery and apparently assumed that they could outsmart me because I did not have an attorney.

9.    If LHF had been willing to enter a declaration of non-infringement in my favor I would have been willing to consider settlements that did not include large monetary amounts. At all times I have been ready, willing, and able to walk away from this litigation if my expenses and attorneys' fees were paid – as long as my name was cleared. I did not infringe and want a court order that says that. Similarly, if LHF had provided an Offer of Judgment that included these terms I would have considered it.

I, Brian Kabala, declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

EXECUTED this 8th day of October, 2018.



BRIAN KABALA

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

# EXHIBIT #1

1   Brian Kabala
    4920 Holly Grove Drive
2   Las Vegas, Nevada 89130

3

4

5

6

7

8                   **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**
9

10  LHF PRODUCTIONS, INC.,                    ) CASE NO.: 2:16-CV-02028-JAD-NJK
                                              )
11                Plaintiff,                  )
                                              )
12  VS.                                       )
                                              )
13  DONALD PLAIN, et al                       )
                                              )
                  Defendants.                 )
14  _____  )
    BRIAN KABALA,                             )
15                                            )
                 Counter-Claimant,            )
16                                            )
    VS.                                       )
17  LHF PRODUCTIONS, INC.,                    )
                                              )
18              Counter-Defendant.            )

19  <u>**DECLARATION OF BRIAN KABALA IN SUPPORT OF RESPONSE TO MOTION FOR**</u>

20  <u>**RECONSIDERATION OF THE COURT'S ORDER [ECF NO. 80]**</u>

21                   I, Brian Theodore Kabala, state as follows:

22      1.  I am a Pro Se Defendant of the above captioned case. I am over the age of 21 years and

23          otherwise competent to make this affidavit. I have personal knowledge of each and every

24          fact stated herein. Each and every fact stated herein is true and correct.

25      2.  On March 31, 2017 at 9:00 a.m., I met with Plaintiff LHF Production, Inc.'s Counsel "Mr.

26          Rainey" for the discovery conference. *See* Dkt. 40 at 2. Before leaving, Mr. Rainey

27          served me three sets of Discovery Requests.

28

                                    1

3. On May 1, 2017, I served Plaintiff LHF Productions, Inc. ("LHF") "Brian Kabala's First Set of Requests for Admission upon Plaintiff LHF Productions" in proper person as set forth in my Certificate of Service attached to Dkt. 74. On that same day, I had also served "Defendant Kabala's First Set of Interrogatories upon Plaintiff LHF Productions" and "Defendant Kabala's First Set of Requests for Production upon Plaintiff LHF Productions" to LHF. *See* Exhibits #2 and #3.

4. Also on May 1, 2017, I served three responses to LHF's discovery requests detailed in ¶ 2. *See* Exhibits #4 - #6 for the certification and certificate of service of each response.

5. On May 6, 2017, I sent Mr. Rainey an E-mail regarding the service of Requests for Production (*See* ¶ 2), answers to LHF's Requests for Production (*See* ¶ 3) and more documents which were later served on May 8, 2017. This E-mail also inquired about any proposed dismissals by LHF. *See* Exhibit #7. After it was sent, I received an automated E-mail that stated a change in E-mail address for Mr. Rainey and also stated he "will still receive the message." This E-mail is also attached in Exhibit #7.

6. On June 16, 2017 at around 4:00 p.m., I served LHF "Brian Kabala's Second Set of Requests for Admission upon Plaintiff LHF Productions" in proper person as set forth in my Certificate of Service attached to Dkt. 74.

7. Also on June 16, 2017 at around 4:00 p.m., I served LHF "Defendant Brian Kabala's Amended Response To Order To Show Cause And Memorandum Of Law In Support Of Defendant Brian Kabala's Amended Response To Order To Show Cause"

8. When I arrived at the Rainey Legal Group at that date and time in ¶'s 6 and 7, I asked a man and a woman behind the front desk if Mr. Rainey or anyone affiliated with Hamrick & Evans, LLP was currently in the office. They informed me Mr. Rainey had left about an hour ago and no one else was there with Hamrick & Evans, LLP. I asked these same people if Mr. Rainey had an inbox I could place the documents I had to serve. They said they didn't know about that. They also wouldn't accept the filings on his behalf, although they told me they would let Mr. Rainey know I had served him. Left with no other options,

1     I ended up slipping the two filings I had to serve underneath his office door. I had

2     personally served previous filings to him in that office.

3     9. On July 20, 2017 at 11:09 a.m., I spoke to Mr. Rainey for 14 minutes. During this call I

4     inquired about resolving my Counterclaims and LHF's responses to my Requests for

5     Production. Mr. Rainey informed me he and "the national counsel" decided not answer

6     my discovery requests due to their decision to dismiss me. Some of the other statements

7     Mr. Rainey made during this conversation weren't exactly professional. For instance,

8     when I told him about my PACER fees ($1,000 at the time), he said I was obsessed with

9     this case.

10     10. During this same call, I had also specifically told him about how I served the Second Set

11     of Requests for Admission. I informed him I slipped them underneath his office door

12     since the man and the woman in the front wouldn't receive them and I couldn't find an

13     inbox for him. Mr. Rainey said those people in the front were new tenants and he knew

14     them. He also told me about how he owned that office building and would be moving out

15     of it in a month or so. Because of this, I started serving filings to the office at 7670 W.

16     Lake Mead Blvd again.

17     11. After this conversation, I had intended to file a Motion to Deem Facts Admitted on July

18     24, 2017. I couldn't make it to the Court on that day or the two following days.

19     12. I spoke to Mr. Rainey again on July 26, 2017 at 9:15 AM for 11 minutes. During this

20     conversation, we discussed LHF's final offer to resolve my counterclaims and the

21     conditions of that offer. One of the conditions was that I would have to sign a declaration

22     stating Mr. Rainey didn't engage in any coercive conduct. Mr. Rainey said he would

23     prepare that declaration for me and it would, in effect, alleviate any suspicions the Court

24     had regarding himself, LHF and the whole "orders to show cause" ordeal. We also

25     discussed the possibility of me being dismissed with prejudice. I said I would consider

26     Mr. Rainey's final offer.

27     13. At no point during the conversations I had with Mr. Rainey on the 20th and 26th of July,

28     did I ever conclusively agree with what Mr. Rainey was proposing.

14. Given the fact that I was dismissed without prejudice (*See* Dkt. 72.), LHF had threatened to re-file against me (*see* Dkt. 59 at 6), I had already made the Motion to Deem Facts Admitted and didn't feel comfortable signing a declaration drafted by the opposing Counsel, I made the decision to file the Motion on the following day.

15. I didn't engage in any "nefarious" plot in relation to filing Dkts. 73 and 74. I sought compensation for the damages I've incurred (including $1,100 in PACER fees so far), but, most of all, I wanted my name cleared. What being dismissed without prejudice means to me is that there was no conclusion to the claims brought against me and LHF could re-file with those same claims, to which I have argued lack truth and merit. I could think of no other course of action that would absolve my name better than a judgement declaring I didn't infringe London Has Fallen.

Dated this 11th of September, 2017.

Respectfully submitted,

Brian Kabala

4

4920 Holly Grove Drive
Las Vegas, Nevada 89130
*Counter-Claimant, Pro Se*

EXHIBIT B

1   JONATHAN D. BLUM, ESQ.
    Nevada Bar No. 009515
2   **KOLESAR & LEATHAM**
    400 South Rampart Boulevard, Suite 400
3   Las Vegas, Nevada 89145
    Telephone: (702) 362-7800
4   Facsimile: (702) 362-9472
    E-Mail:   jblum@klnevada.com
5   LISA L. CLAY, ESQ. - *Pro Hac Vice*
    Illinois Bar No. 6277257
6   345 North Canal Street Suite C202
    Chicago, Illinois 60606-1333
7   Telephone: (312) 753-5302
    Email:    lclayaal@gmail.com
8   JOSEPH CURTIS EDMONDSON, ESQ. - *Pro Hac Vice* (California Bar No. 236105)
    **EDMONDSON IP LAW, LAW OFFICES OF J. CURTIS EDMONDSON, PLLC**
9   3699 NE John Olsen Ave.
    Hillsboro, Oregon 97124
10  Telephone: (503) 336-3749
    Email    jcedmondson@edmolaw.com
11  *Attorneys for Defendant/Counter-Plaintiff*
    *Brian Kabala*

12                          **UNITED STATES DISTRICT COURT**

13                               **DISTRICT OF NEVADA**

14                                        * * *

15  LHF PRODUCTIONS, INC., a Nevada            CASE NO. 2:16-cv-02028-JAD-NJK
    Corporation,
16                          Plaintiff,
17              vs.                             **DECLARATION OF LISA L. CLAY,**
                                                **ESQ. IN SUPPORT OF REPLY IN**
18  AGUSTIN BERTOLIN, an individual; MARIA     **SUPPORT OF MOTION FOR**
    GONZALEZ, an individual; BRIAN KABALA,     **AWARD OF COSTS AND**
    an individual; JOHN KOEHLY, an individual; **ATTORNEY FEES UNDER**
19  DANIEL O'CONNELL, an individual;           **17 U.S.C. § 505**
    DONALD PLAIN, an individual; DAVID
20  POOR, an individual; ANTE SODA, an
    individual; MATTHEW STEWART, an
21  individual; AARON TAKAHASHI, an
    individual; and JOHN AND JANE DOES, 1-10,
22
23                          Defendants.

24  BRIAN KABALA, an individual,

25                          Counter-Plaintiff,

26              vs.

27  LHF PRODUCTIONS, INC., a Nevada
    Corporation,
28                          Counter-Defendant.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

**DECLARATION OF LISA L. CLAY, ESQ. IN SUPPORT OF REPLY IN SUPPORT OF MOTION FOR AWARD OF COSTS AND ATTORNEY FEES UNDER 17 U.S.C. § 505**

I, LISA L. CLAY, ESQ., declare that:

1.      I am an attorney licensed in Illinois, Washington and Washington D.C. I have been practicing law since 2002. I represent Defendant Brian Kabala pro hac vice in the above-referenced matter. I make these statements upon my personal knowledge of the facts stated herein.

2.      I incorporate all prior representations in my prior declaration in support of my client's Motion for an Award of Costs and Attorney Fees Under 17 U.S.C. § 505 hereto.

3.      Attorney Austin states in his declaration that he "learned Kabala had previously indicated a potential interest in settling the matter upon payment of $20,000." My client has never asked me to extend such an offer, and no such offer was made. My client has been unequivocal in that the thing he wanted most from this litigation was to clear his name. No meaningful settlement discussions have ever taken place in this case because Plaintiff has always refused to discuss that condition.

4.      I do recall learning from my local counsel at some point in the Spring of 2018 that Attorney Austin had called Jon Blum and asked whether Mr. Kabala would dismiss his claims in exchange for $20,000. Because our fees by that point were well in excess of that amount and there was no mention of the requisite declaration of non-infringement, there were no further discussions regarding that issue.

5.      Attorney Austin misrepresents the reason Mr. Kabala's deposition was vacated. As the letter attached as **Exhibit 1** explains, all depositions scheduled for around that time were vacated because the parties wished to obtain a ruling on the pending Motion to Compel.

/ / /

/ / /

/ / /

/ / /

/ / /

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

6.      My additional billing drafting this reply brief is as follows:

Time unbilled for purposes of fee petition
Administrative Time unbilled for purposes of fee petition
Costs incurred but not sought (LR 54-11)
REDACTION of Attorney/Client or other privileged communication

| | | | |
|---|---|---|---|
| September 6 | 3.4<br><br>Lexis 1.5 at $75/hr | $1360.00<br><br>$112.50 | Review response brief (.5); review, analyze and distinguish case law cited by Counter-Defendant in response brief (2.3); begin outlining reply brief arguments (.6) |
| September 7 | 7.2<br><br>Lexis .5 at $75/hr | $2880.00<br><br>$37.50 | Continue outlining reply brief arguments (.5); draft reply (2.9); review and edit same (.5); continue drafting reply (2.1); t/c with client (.4); research regarding binding precedent, untimeliness and other reply issues (.5); continue drafting (.3) |
| September 8 | 4.9<br>[-.3]<br>[-.3]<br>Lexis .8 @$75/hr | $1960.00<br>[-$120.00]<br>[-$120.00]<br>$60.00 | Continue research regarding standard for fees, appellate deference and other reply issues (.8); incorporate legal research into draft reply (.7); draft declaration (.4); draft response to objection to Edmondson bill of costs (.8); emails with local counsel regarding drafts (.2); emails and attempted calls with opposing counsel regarding requested stipulation regarding extension to respond to motion for reconsideration (.3); review and finalize reply brief to incorporate local counsel edits (.9) t/c with local counsel regarding drafts (.3); emails with local counsel regarding final edits (.2); create billing regarding reply time (.3) |
| September 9 | .6 | $240.00 | Prepare exhibits, finalize reply and declarations for filing (.3); emails with local counsel regarding same (.2) |
| Additional Billing Relating to Reply | 16.1 | $6440.00 | |
| Writeoffs | [1.2] | [$600.00] | |
| **Additional Fees Requested** | | **$5960.00** | |

I, Lisa L. Clay, declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

EXECUTED this 9th day of October, 2018.

*/s/ Lisa L. Clay, Esq.*
**LISA. L. CLAY, ESQ.**

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

# EXHIBIT 1

# EXHIBIT 1

# LISA L. CLAY, ATTORNEY AT LAW

345 N. CANAL STREET, SUITE C202          2100 MANCHESTER ROAD, SUITE 942
CHICAGO, IL 60606                        WHEATON, IL 60187
312.753.5302/630.456.4818               lclayaal@gmail.com

March 14, 2018

*VIA EMAIL ONLY*

Charles C. Rainey, Esq.                  Charles C. Rainey
Hamrick & Evans LLP                      Hamrick & Evans, LLP
7670 W. Lake Mead Blvd., Ste. 140        2600 West Olive Avenue, Suite 1020
Las Vegas, NV 89128                      Burbank, CA 91505

J. Christopher Austin
Weide & Miller, Ltd.
10655 Park Run Drive, Suite 100
Las Vegas, NV  89144

        Re:    LHF v. Kabala, Case No. 17 cv 2028

Dear Messrs. Rainey and Austin:

On March 7, 2017, Charles Rainey, Chris Austin, Jon Blum, Curt Edmondson and the
undersigned conducted a lengthy meet and confer telephone conference. Counsel for Counter-
Plaintiff Brian Kabala made numerous representations under the impression that the Court was in
possession of a fully-briefed motion to compel. Counsel's representations during that call were
premised on the idea that there was a likelihood that the motion to compel would be resolved on
or before April 9, 2017, the date which the parties hereto discussed taking the deposition of
Daniel Arheidit. During that conference the parties also discussed taking the deposition of Mr.
Kabala on April 10 and Jonathan Yunger on April 11.

During or prior to that call I asked that Mr. Rainey previously-produced documents in an
organized and bates labeled form. He has not done so. During our call I asked that Mr. Rainey
review proposed redlines to his protective order so that we can present an agreed version to the
court. He has not done so. During our call I asked that Mr. Rainey or his expert provide a
suggested protocol for the review of Mr. Kabala's hard drive. He has not done so.

Furthermore, on March 9, 2018 the undersigned learned that Counter-Defendant had not yet
provided the Court with a courtesy copy of their response to Plaintiff's Motion to Compel. (See
ECF No. 131). On March 12, 2018 the Court had still not received the requested courtesy copy
(See ECF No. 132). We presume that a courtesy copy was delivered today, as there was no
minute order addressing this issue. Unfortunately, these delays all but guarantee the motion to
compel will not be addressed in sufficient time to go forward with the depositions as discussed
during our meet and confer. I intended to advise you of our request that the depositions be
rescheduled by early afternoon yesterday, but other matters prevented me from doing so.

March 14, 2018
Page 2

Instead of engaging in the follow-up suggested above, at approximately 6:12 p.m. CST yesterday my local counsel called to advise me that Mr. Austin had called him a few moments prior to discuss the deposition of Mr. Kabala. Despite being advised that in order for Mr. Kabala's deposition to proceed Counter-Defendant's counsel would need to address the hard drive issues directly with Attorney Edmondson; despite knowing that both Attorney Edmondson and Attorney Clay will have to travel for this deposition; and despite knowing that Mr. Blum is local counsel and not a substantive decision maker in this matter, Mr. Austin called Mr. Blum instead of me or Attorney Edmonson to suggest that the deposition of Mr. Kabala should proceed on April 10. I spoke with Mr. Blum only minutes after that call and suggested that I would call Mr. Austin to advise him of Counter-Plaintiff's counsel's position that we will not be producing any witnesses or taking any depositions (a notice to vacate for Mr. Arheidt in enclosed) until the motion to compel has been addressed. I left a message for Mr. Austin that he ignored. I emailed Mr. Austin my cell phone number and asked him to call me. He ignored that request. Instead he sent a notice of deposition for Mr. Kabala, and then also ignored my request that he contact me to discuss the notice.

Mr. Austin called me earlier today and first suggested that he did not want to call me after hours and that was the reason for not responding to my requests for a return call, but then suggested that he had in fact called my cell phone from his office (although my phone has no record of such a call). I terminated the call abruptly after he repeatedly interrupted me and suggested when I asked him to please stop doing so that he was "trying to help me."

Our position is very simple. There is a pending motion to compel that needs to be resolved before any depositions take place. We cannot prepare for these depositions adequately and thoroughly without viewing Plaintiff's electronic data: *the PCAP(s), the ".torrent" file, the depository copy of the work, the copy used by the investigators to make the comparison, and a copy of the work that your "investigators" claim was the basis for this lawsuit and all other electronic evidence that is subject to the motion to compel.* Furthermore, there is now an additional discovery request (served March 9, 2018) that will need to be answered in full before the depositions of Arheidit, Yunger or anyone else go forward.

If we do not receive a notice to vacate the deposition notice that was sent yesterday by close of business tomorrow will get our motion for protective order on file promptly. Mr. Edmondson or the undersigned, rather Attorney Blum, should be contacted directly to discuss any matters of substance regarding discovery requests or responses or deposition scheduling.

Sincerely,

/s/ Lisa L. Clay

cc:     Jonathan D. Blum
        J. Curtis Edmondson
        client

JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
ERIC D. WALTHER, ESQ.
Nevada Bar No. 13611
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:   jblum@klnevada.com
          ewalther@klnevada.com
-and-
LISA L. CLAY, ESQ. - *Pro Hac Vice*
Illinois Bar No. 6277257
345 North Canal Street Suite C202
Chicago, Illinois 60606-1333
Telephone: (312) 753-5302
Email:   lclayaal@gmail.com

*Attorneys for Defendant/Counter-Plaintiff*
*Brian Kabala*

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### * * *

| | |
|---|---|
| LHF PRODUCTIONS, INC., a Nevada Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AGUSTIN BERTOLIN, an individual; MARIA GONZALEZ, an individual; BRIAN KABALA, an individual; JOHN KOEHLY, an individual; DANIEL O'CONNELL, an individual; DONALD PLAIN, an individual; DAVID POOR, an individual; ANTE SODA, an individual; MATTHEW STEWART, an individual; AARON TAKAHASHI, an individual; and JOHN AND JANE DOES, 1-10, <br><br> Defendants. <br>―――――――――――――――<br> BRIAN KABALA, an individual, <br><br> Counter-Plaintiff, <br><br> vs. <br><br> LHF PRODUCTIONS, INC., a Nevada Corporation, <br><br> Counter-Defendants. | CASE NO. 2:16-cv-02028-JAD-NJK <br><br><br> **NOTICE VACATING THE DEPOSITION OF DANIEL ARHEIDT** <br><br><br> **Date:  March 5, 2018/April 9, 2018** <br> **Time: 9:00 a.m.** |

1

### NOTICE VACATING THE DEPOSITION OF BENJAMIN PERINO

2

Please take notice that Counter-Plaintiff, BRIAN KABALA vacates the deposition of

3   Daniel Arheidt scheduled for March 5, 2018 and later rescheduled without formal amendment to

4   April 9, 2018 at 9:00 a.m.

5

DATED this 14th day of March, 2018.

6

KOLESAR & LEATHAM

7

8

By   /s/ Lisa L. Clay
        JONATHAN D. BLUM, ESQ.
        Nevada Bar No. 009515

9        ERIC D. WALTHER, ESQ.
        Nevada Bar No. 13611

10       KOLESAR & LEATHAM
        400 South Rampart Boulevard, Suite 400

11       Las Vegas, Nevada 89145

12       -and-

13       LISA L. CLAY, ESQ. - *Pro Hac Vice*
        Illinois Bar No. 6277257

14       345 North Canal Street Suite C202
        Chicago, Illinois 60606-1333

15       Telephone:  (312) 753-5302
        Email:      lclayaal@gmail.com

16

17       *Attorneys for Defendant/Counter-Plaintiff*
        *Brian Kabala*

18

19

20

21

22

23

24

25

26

27

28

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL.: (702) 362-7800 / FAX: (702) 362-9472

**CERTIFICATE OF SERVICE**

I hereby certify that I am one of the attorneys of record in the above matter, and that on the 20th day of February, 2018 I caused to be served a true and correct copy **NOTICE VACATING THE DEPOSITION OF DANIEL ARHEIDT** in the following manner:

(EMAIL) By emailing a copy of the above-referenced document as a PDF to email addresses for Charles Rainey and J. Christopher Austin.

(UPS) By sending via United Parcel Service, ground service, on March 14, 2018, a copy of the above-referenced document, fully prepaid, and addressed to the following:

Charles C. Rainey, Esq.                     Charles C. Rainey
Hamrick & Evans LLP                         Hamrick & Evans, LLP
7670 W. Lake Mead Blvd., Ste. 140           2600 West Olive Avenue, Suite 1020
Las Vegas, NV 89128                         Burbank, CA 91505

J. Christopher Austin
Weide & Miller, Ltd.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144

/s/ Lisa L. Clay

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472