1  JONATHAN D. BLUM, ESQ.
   Nevada Bar No. 009515
2  **KOLESAR & LEATHAM**
   400 South Rampart Boulevard, Suite 400
3  Las Vegas, Nevada  89145
   Telephone:  (702) 362-7800
4  Facsimile:  (702) 362-9472
   E-Mail:    jblum@klnevada.com
5
   LISA L. CLAY, ESQ. - *Pro Hac Vice (*Illinois Bar No. 6277257)
6  345 North Canal Street Suite C202
   Chicago, Illinois 60606-1333
7  Telephone:  (312) 753-5302
   Email:    lclayaal@gmail.com
8  -and-
   JOSEPH CURTIS EDMONDSON, ESQ. - *Pro Hac Vice (*California Bar No. 236105)
9  **EDMONDSON IP LAW, LAW OFFICES OF J. CURTIS EDMONDSON, PLLC**
   3699 NE John Olsen Ave.
10 Hillsboro, Oregon 97124
   Telephone:  (503) 336-3749
11 Email    jcedmondson@edmolaw.com
   *Attorneys for Defendant/Counter-Plaintiff*
12 *Brian Kabala*

13                **UNITED STATES DISTRICT COURT**

14                    **DISTRICT OF NEVADA**

15  LHF PRODUCTIONS, INC., a Nevada          CASE NO. 2:16-cv-02028-JAD-NJK
    Corporation,
16                        Plaintiff,
17          vs.                                   **COUNTER-PLAINTIFF'S
                                                 RESPONSE IN OPPOSITION TO
    AGUSTIN BERTOLIN, an individual; MARIA      LHF'S MOTION FOR ATTORNEY
18  GONZALEZ, an individual; BRIAN KABALA,      FEES AND COSTS PURSUANT TO
    an individual; JOHN KOEHLY, an individual;    NRS § 41.670 [ECF NO. 197]**
19  DANIEL O'CONNELL, an individual;
    DONALD PLAIN, an individual; DAVID
20  POOR, an individual; ANTE SODA, an
    individual; MATTHEW STEWART, an
21  individual; AARON TAKAHASHI, an
    individual; and JOHN AND JANE DOES, 1-10,
22
                        Defendants.
23  _____
    BRIAN KABALA, an individual,
24
                        Counter-Plaintiff,
25
            vs.
26  LHF PRODUCTIONS, INC., a Nevada
    Corporation,
27                        Counter-Defendant.
    _____
28

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1
2

**COUNTER-PLAINTIFF'S RESPONSE IN OPPOSITION TO LHF'S MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO NRS § 41.670 [ECF NO.197]**

3       Counter-Plaintiff Brian Kabala ("Kabala"), in accordance with Nev. Rev. Stat. § 41.670

4   and other authorities discussed herein, respectfully objects to LHF Productions, Inc.'s ("LHF")

5   Motion for Attorney Fees and Costs.  As more fully set forth below, a determination of fees and

6   costs is premature, and any costs and fees eventually awarded to LHF, if any, must be limited to

7   those supported by a fee request that is complaint with LR 54-14 and sufficiently related to time

8   spent on its Anti-SLAPP Motion.

9       Dated this 22nd day of October, 2018.

10                                          **KOLESAR & LEATHAM**

11
                                           By_____
12                                          JONATHAN D. BLUM, ESQ.
                                           Nevada Bar No. 009515
13                                          **KOLESAR & LEATHAM**
                                           400 South Rampart Boulevard, Suite 400
14                                          Las Vegas, Nevada  89145

15                                          -and-

16                                          LISA L. CLAY, ESQ. - *Pro Hac Vice*
                                           Illinois Bar No. 6277257
17                                          345 North Canal Street Suite C202
                                           Chicago, Illinois 60606-1333
18                                          Telephone:  (312) 753-5302
                                           Email:     lclayaal@gmail.com
19
                                           JOSEPH CURTIS EDMONDSON, ESQ. - *Pro Hac*
20                                          *Vice (*California Bar No. 236105)
                                           **EDMONDSON IP LAW, LAW OFFICES OF J.**
21                                          **CURTIS EDMONDSON, PLLC**
                                           3699 NE John Olsen Ave.
22                                          Hillsboro, Oregon 97124

23                                          *Attorneys for Defendant/Counter-Plaintiff*
                                           *Brian Kabala*
24
25
26
27
28

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    RESPONSE TO LHF'S FALSE AND MISLEADING RECITATION OF "RELEVANT FACTUAL AND PROCEDURAL HISTORY."**

LHF begins its motion by relying on the same misleading "Factual and Procedural History" contained in its Response to Kabala's request for an award of fees. [ECF. No. 190 at 2:1 – 4:10.] Next, LHF suggests without citation or authority that because Kabala "successfully was able to obtain an order deeming LHF's failure to deny a request for an admission of non-infringement 'admitted[,]' [t]his left the abuse of process claim as the only contested claim for which discovery proceeded." [ECF No. 197 at 2:18 – 3:1.] This is nonsensical. If that was true, Kabala would have filed for summary judgment, rather than include a claim for declaration of non-infringement in his Amended Counterclaim. [ECF No. 111.] Indeed, Kabala's litigation efforts have been focused almost exclusively on the infringement issue for the simple fact that Kabala needed to prove that no infringement had taken place – and that LHF had no evidence of infringement having taken place – in order to prevail on his abuse of process claim. For these reasons, LHF's attempts to improperly frame all discovery as having related to the abuse of process claim are unsupported by the record, not to mention their own arguments and billing records, and should be disregarded by this Court.

LHF doubles down on its misrepresentations by first implying that "the parties" requested a stay. That is incorrect. After LHF's Motion was fully briefed, Kabala suggested, in May of 2018, that the Nevada statute required entry of a stay and drafted a stipulation for LHF's review. (Declaration of Lisa L. Clay, "Clay Dec." Attached hereto as Exhibit A, ¶ 2.) LHF's own billing records confirm that fact. [ECF No. 197-3 at 5-6.] The parties' Stipulation was not limited to "discovery on the abuse of process claim" [ECF No. 197 at 3:12] nor did the Court read it as such. [ECF No. 145.]  It is also incorrect to suggest that the Court "permitted Kabala to engage in discovery on the abuse of process counterclaim during the pendency of the anti-SLAAP motion." [ECF No. 197 at 3:14-15.] The plain language of this Court's order denying the requested stay makes it clear that discovery was not limited to abuse of process:

. . .

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

[t]he stipulation fails to explain why or how it applies in this case given that LHF's anti-SLAPP motion to dismiss is only targeting one of Kabala's amended counterclaims. *See* Docket No. 136 (challenging only the abuse of process amended counterclaim). The parties do not explain why it would be efficient or appropriate to stay *all discovery* based on the anti-SLAPP law when ***LHF's anti-SLAPP motion does not impact all of Kabala's counterclaims***. *Cf. TradeBay*, 278 F.R.D. at 602 ("the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought"). Third, even assuming the automatic stay provision applies generally, that provision is designed to apply at the beginning of a case before discovery is in full swing. *Cf.* N.R.S. 41.660(2) (a special motion to dismiss "must be filed within 60 days after service of the complaint"). In this case, Kabala filed an abuse of process counterclaim 14 months ago, on March 13, 2017, Docket No. 22 at 11-12, and LHF did not challenge that claim under the Nevada anti-SLAPP law, *see* Docket No. 28 (motion to dismiss on other grounds). The parties instead proceeded with discovery. *See* Docket No. 41 (scheduling order issued May 3, 2017). As such, discovery has been ongoing for some time and should be in its final stage. The stipulation fails to explain why the Court should stay discovery at this late date, when a stay was not sought previously and the parties instead proceeded with discovery. [ECF No. 145 at 2:23-3:14.]

LHF's recharacterization of their efforts to "obtain some leverage by moving to withdraw the deemed admission with regard to the declaratory judgment claim, in favor of proceeding on the merits of that claim," [ECF No. 197 at 3:19 – 4:1] is nonsensical. There was never a finding that the merits of the declaratory judgment action had been determined based on a single admission drafted by a then pro-se litigant. If that had been the case, Kabala would have filed for summary judgment on the declaratory judgment action after the Court's original ruling deeming the admission admitted. Equally unavailing is LHF's attempt to suggest that "Kabala's counsel acknowledged that she had taken on the case in reliance upon the 'deemed admission' and had not, therefore, engaged in any discovery on the declaratory judgment claim." [ECF No. 197 at 4:2-3] The quote from Kabala's brief makes no reference to his counsel's "reliance," nor does it parse discovery between the declaration and abuse of process claims. To the contrary, the quoted language makes clear that the admission did nothing more than save Kabala from having to serve "additional written discovery [and] file additional motions to compel…" [ECF No. 197 at 4:6-7.] Because a declaration of non-infringement could not possibly be won on a single admission, Kabala continued infringement discovery. Indeed, Kabala was scheduled to (finally) take the depositions of LHF's declarant and purported expert, Daniel Arheidt and Benjamin Perino, five days after the Court dismissed these claims. (Clay Dec. ¶ 3.)

1    LHF's arguments are belied by its own billing statements and statements. First, consider

2    the admission that, "[t]o *then* at least limit the action to just the abuse of process claim

3    challenged by the anti-SLAPP motion, on *August 13, 2018* LHF moved to essentially convert its

4    earlier voluntary dismissal of its copyright claims from "without prejudice" to 'with prejudice...'

5    [ECF No. 197 at 4:9-10.]. ***Clearly LHF believed as late as August 13, 2018 that discovery was***

6    ***not yet limited to abuse of process***. More damning, counsel's own billing records contain the

7    following August 15, 2018 entry: "draft second amended initial disclosures, removing all

8    witnesses other than Yunger, and ***limiting discovery only to the abuse of process***

9    ***counterclaim***..." [ECF No. 197-3 * (emphasis added)] If the purpose of drafting amended

10   disclosures on August 15 was "limiting discovery only to the abuse of process counterclaim,"

11   LHF has conceded that all discovery prior to that time ***did not*** have that same limitation.

12   Finally, LHF improperly suggests that this Court has found that "by prevailing on its anti-

13   SLAPP motion, LHF is entitled to recover its attorney's fees and costs incurred in opposing the

14   dismissed counterclaim for abuse of process." [ECF No. 197 at 4:18-20.] The Court made no

15   such ruling. Rather, the Court's order stated that "[c]ounsel for LHF may file a separate

16   application for fees and costs under NRS 41.670 that complies with Local Rule 54-14, and I will

17   rule on it in the ordinary course." [ECF No. 179 at 9:18-20.] Such award, if any, should be

18   extremely limited, as outlined below.

19   **II.   LEGAL ARGUMENT**

20       **A.   NRS 41.670 Authorizes a Very Limited Award of Fees and That Fee Award**
21          **Should Be Delayed Until After the Court Rules Upon Kabala's Motion for**
            **Reconsideration.**

22   LHF's request for $72,000+ in fees is perplexing in light of its acknowledgement of the

23   applicable standard and the case law applying that standard. LHF's entitlement to fees is – by its

24   own admission – limited to those fees "incurred in relation to the individual defendants' ...

25   special motions to dismiss and related discovery..." *Rebel Comms, LLC v. Virgin Valley Water*

26   *Dist.*, 2012 U.S. Dist. LEXIS 107985 at 4 (D. Nev. Aug. 1, 2012). Indeed, a later Order in the

27   *Rebel* case confirms the narrow nature of fee awards under NR 41.670:

28   . . .

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

> The Court finds that defendants Smith and Gustaveson's request for attorneys' fees encompassing work unrelated to the renewed special motion to dismiss … is inappropriate. The court specifically delimited the scope of work for which an award of attorneys' fees was contemplated: work respecting the renewed special motion to dismiss..."[1]

More recently, in *Jablonski Enters. v. Nye Cty.*,[2] the Court first determined that "Defendant's special motions to dismiss were granted within the meaning of Nevada's Anti-SLAPP statute," and held that "the Defendants are entitled to reasonable attorney's fees pursuant to N.R.S. § 41.670(1)." *Id.* at *6. But the Court reduced the $13,350 fee request to $2,287.50 to reflect only "work performed on Defendants' motion to dismiss and related legal research." *Id.* at *8. That is exactly what the Court is required to do in this case. As the Court pointed out in denying the parties' stipulation requesting a stay, "***LHF's anti-SLAPP motion does not impact all of Kabala's counterclaims.***"  Importantly, LHF must also take responsibility for failing to file its Motion until 14 months after Kabala filed his counterclaim. [ECF No 145 at 3:7-10.] Finally, LHF should not be allowed to seek fees through an untimely motion that does not comply with LR 54-14, as specifically required by this Court. [ECF No. 179 at 9:19.] Because the Court was correct in denying a stipulation that "fail[ed] to explain why the Court should stay discovery at this late date, when a stay was not sought previously and the parties instead proceeded with discovery," [ECF No. 145 at 3:12-14.] LHF may not now benefit from that delay by attempting to claim that every minute of its billing relates to the abuse of process claim. To the contrary, LHF's award, if any, should be limited to work performed on the motion in question, as described in detail below.

Kabala also suggests that a ruling on this motion in light of the pending Motion for Reconsideration [ECF No. 187] could create unnecessary and avoidable confusion. Because granting the reconsideration may moot an award of fees, Kabala respectfully requests that LHF's Motion here be ruled upon after that Motion, for the sake of judicial efficiency.

. . .

---

[1] The *Rebel* Court's November 16, 2012 Order is attached to the declaration of Lisa L. Clay as Exhibit 1. (Clay Dec. ¶ 4.)

[2] No. 2:15-cv-02296, 2017 U.S. Dist. LEXIS 176693 (D. Nev. Oct. 25, 2017).

**B.      LHF's Fees Are Not Reasonable Because They Encompass Work Far Exceeding the Scope of the Anti-SLAPP Motion.**

LHF has done little to its invoice other than attach it, with limited total redactions, and suggest that all entries were "actually, and necessarily, billed to Defendants in this matter related to the filing of the Anti-SLAPP motion and the discovery on Defendant's abuse of process claim." [ECF No. 197-1 ¶13.] Although LHF suggests that "billing unrelated to those relevant to the Motion for fees and costs have not been included in this report," [*Id.*] Kabala represents that it is impossible for Kabala or this Court to determine the propriety of that representation without reviewing the unbilled entries.[3] (Clay Dec. ¶ 5.) In truth, Mr. Austin and Mr. Gile spent a fraction of those hours on the anti-SLAPP motion itself. "Mr. Austin billed approximately 16.1 hours on the motion issues arising from it, including efforts to stay discovery, and Mr. Gile billed a mere 5.9 hours on the Motion and the Reply." *See* Motion, ECF No. 197 p. 10:15-16.  LHF admits that the bulk of the fees they seek were incurred while the Anti-SLAPP motion was pending stating, "This means, unfortunately that **LHF incurred approximately $65,000 in legal fees** directly related to the numerous discovery matters **that proceeded during the pendency of the motion ….**" *Id.*  at p. 10:17-22.

A few examples of unrelated billing entries are illustrative:[4]

| Date 2018 | Atty | Details | Hrs/ Rate | Comments |
|---|---|---|---|---|
| 3/19 | RRG | … Confer with FCA regarding subpoena to Cox… | .2 | A Cox subpoena has nothing to do with abuse of process. |
| 5/22 | FCA | … teleconference with client counsel specifically assessing appropriate PMK for each topic for the 3 deposition notices … | 5.2 | Most 30(b)(6) testimony related to specific statements made in LHF's complaint and/or the declaration of Daniel Arheidt and were intended to address copyright infringement, not abuse of process. |
| 6/5 | | Email to client counsel regarding research needed in support of our claim that we are not obligated to produce third parties as 30(b)(6) witnesses… | 3.2 | |

---

[3] Failure to provide this information means failure to comply with LR 54-14, and such failure warrants denial of the motion. *See, e.g. Branch Banking & Trust Co. v. Jones/Windmill, LLC*, No. 2-12-CV-452-JCM (GWF), 2017 U.S. Dist. LEXIS 17835 at *7 (D. Nev. Feb. 7, 2017) (denying requested attorneys' fees where non-compliance "impair[ed] the court's performance of its obligations to scrutinize the attorney fees payable…")

[4] A color-coded version of LHF's invoice is attached to the declaration of Lisa L. Clay as Exhibit 2.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

| | | | | |
|---|---|---|---|---|
| 6/6 | | …research in response to opposing counsel's argument that we must designate a witness to respond to all identified topics in a 30(b)(6) notice… Receipt and analysis of detailed letter from opposing counsel challenging our Rule 30(b)(6) designations… | 2.0 | |
| 6/7 | | …research, revise and add additional substantive arguments to motion for protective order against overbroad Rule 30(b)(6) topics. | 4.0 | |
| 7/3 | | Receipt and assessment of court's summary denial of motion for protective order… | 2.9 | |
| 6/1 | FCA | …Conference with opposing counsel team to assess outstanding issues and particularly issues regarding deposition and protective orders regarding access to defendant's computer… | 3.3 | Review of Defendant's computer and issues regarding source code relate solely to copyright claims. |
| 6/22 | | Review and revise proposed source code protective order pursuant to direction of Guardaley… | 6.6 | |
| 6/25 | | Assess issues with opposing party demand that we exclude from public lines of code from classification… | 3.3 | |
| 6/18 | FCA | Receipt and review of opposing party renewed motion to compel… | .5 | All information sought in prior and renewed motion to compel related to infringement (i.e. raw data necessary to establish the existence or non-existence of same) |
| 6/27 | | …review and revise opposition to motion to compel, outline declaration in support of same… | 5.6 | |
| 6/29 | | …finalize revisions to opposition to motion to compel… | 1.2 | |
| 8/13 | | Call from opposing counsel, Curt Edmondson, regarding inability to open .tar and .torrent files | 1.4 | |
| 8/20 | | receipt of opposing counsel declaration in support of motion to compel, assessment of same… | 2.8 | |
| 6/11 | FCA | …review of Perino's expert report… | 4.9 | All communications or documents prepared by experts or declarants (Perino, Bunting and Arheidt) and related to deposition of experts or declarants related primarily to infringement (i.e. analysis of raw data necessary to establish the existence or non-existence of same) |
| 6/20 | | Call from Ben Perino regarding conditions for disclosure of Code… | 2.7 | |
| 7/19 | | …response to opposing counsel regarding depositions of Aheidt and Perino… | 1.6 | |
| 7/20 | | …assess issues with moving for a protective order on the Code… | 5.9 | |
| 7/23 | | Correspondence with opposing counsel regarding deposition notice of Arheidt and Perino… | 2.6 | |
| 7/25 | | Call to R. Green and Marc Randazza confirming ability to timely represent GL [Guardaley] and ME [Maverickeye]… | 2.2 | |
| 8/15 | | Receipt and assessment of Perino revised objections… draft withdrawal of initial expert disclosures, removing same as | 7.0 | |

| | | | | | |
|---|---|---|---|---|---|
| | | witnesses in this action. | | | |
| 6/25 | FCA | …correspondence with opposing counsel seeking extension to file reply in support of motion to withdraw admission… | 3.2 | Motion practice regarding withdrawal of admission relates solely to issue of infringement. |
| 7/13<br><br>7/16 | FCA | Follow-up with client counsel regarding production of copyright deposits…<br>…correspondence with LHF counsel regarding documents and evidence needed to prove copyright ownership. | 1.8<br><br>2.8 | Requests for depository copies and documents reflecting copyright filings relate to motions to compel, which relate to infringement. |
| 8/6<br><br>8/14 | FCA | Covenant to limit same to scope of complaint…<br>Correspondence with client representative on status of matter and forwarding recently filed motions to dismiss | 2.2<br><br>3.3 | Time related to LHF's attempt to "convert" their prior dismissal, to dismiss Kabala's counterclaim, and to the covenant related thereto, are Copyright Act issues and not compensable under Anti-SLAPP statute. |
| 9/10<br><br><br><br>9/24 | FCA | Review and analysis of Edmondson's Bill of costs…correspondence with Chaz Rainey regarding all conversations and supporting records Rainey had with Kabala after LHF dismissed its claims…<br>Draft factual background to opposition to Kabala Motion for prevailing party fees and costs… | 3.4<br><br><br><br>9.8 | Time related to responding to Kabala's Bill(s) of Costs and timely filed request for attorneys' fees under Copyright Act § 505 are not compensable under Anti-SLAPP statute. |

### C.   LHF Has Not Complied With LR 54-14.

1.   The Request was Untimely.

Rule 54-14 states as follows: Time for Filing. When a party is entitled to move for attorney's fees *the motion must be filed with the court and served within 14 days after entry of the final judgment or other order disposing of the action.* On August 30, 2018, the parties' submitted a proposed stipulation requesting that the briefing on attorneys' fees (for both sides) not take place until *after* the motion for reconsideration was decided. [ECF No. 182.] When the Court had not signed the stipulation by the 14-day deadline for motions to be filed pursuant to Federal and Local rules, Kabala timely filed his request on September 7, 2018. [ECF No. 184.] LHF did not. Instead, after the Court showed it unrequested mercy almost three weeks later, and allowed LHF another 10 days from the date of denial of the requested stipulation [ECF No. 192: "Should LHF intend to file a motion for fees or costs, it has 10 days from this order to do so."]

. . .

. . .

. . .

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

LHF missed that second gift of a deadline too and filed this Motion the next day.[5] "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 610 (9th Cir. 1992). This Court – indeed all courts – maintain discretion to manage their dockets. *Id*. Given that untimeliness has become the norm and not the exception for LHF, this Court can and should exercise its discretion to disregard Plaintiff's filing for being untimely.

### 2. LHF's Request for Costs is improper.

LHF also improperly attempts to seek reimbursement for a number of improper paralegal, office overhead and travel expenses, and failed to file a proper Bill of Costs.

| | | | |
|---|---|---|---|
| 3/1/18<br>3/24/18<br>4/9/18<br>5/1/18<br>6/28/18 | Courthouse deliveries, process service and postage | | Cost not ordinarily allowed under LR 54-11: (i) fees for investigative or paralegal services; (j) fees for general office overhead. |
| 4/1/18<br>5/1/18<br>6/1/18<br>7/2/18<br>9/3/18 | Lexis-Nexis research | | Costs not ordinarily allowed under LR 54.11: (g) computer research fees. |
| 7/8/18<br>7/9/18<br>7/10/18 | Airline, parking and hotel | | Costs not ordinarily allowed under LR 54.11: (k) an attorney's travel expenses. |

LR 54-11 is clear on these issues, and should be followed here, necessitating denial of all of LHF's requested costs.

. . .

. . .

. . .

---

[5] This has become LHF's pattern. Its response to Kabala's Motion for Fees was due September 24, 2018 but was filed September 25. [ECF No. 190.] LHF has filed a Motion to authorize that untimely filing [ECF No. 195] but the Court has yet to rule on it. LHF's Motion for Fees was due October 5, 2018 but was filed on October 6, 2018. [ECF No. 197.] LHF's response to Kabala's Motion for Reconsideration was originally due pursuant to granted stipulation on October 9, but counsel sought and filed a second stipulation on October 9 [ECF No. 198] that has not been ruled upon. LHF missed its still-unauthorized deadline of October 15 and filed its Response to the Motion for Reconsideration on October 16. [ECF No. 202.] LHF has not yet filed a Motion requesting that the Court authorize either of its recent untimely filings.

KOLESAR & LEATHAM<br>400 S. Rampart Boulevard, Suite 400<br>Las Vegas, Nevada 89145<br>TEL: (702) 362-7800 / FAX: (702) 362-9472

## III.    CONCLUSION

Counter-Plaintiff Brian Kabala respectfully requests that an award of Attorneys' fees and costs under Nev. Rev. Stat. 41.670 be deferred pending the Court's ruling on Kabala's pending Motion for Reconsideration; and that only if such Motion is denied, an award of Fees and Costs be limited to no more than the fees and costs related to LHF's Special Motion to Dismiss and the fee petition related thereto, or at maximum $11,608.00.

DATED this 22nd day of October, 2018.

KOLESAR & LEATHAM

By _____
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada  89145

-and-

LISA L. CLAY, ESQ. - *Pro Hac Vice*
Illinois Bar No. 6277257
345 North Canal Street Suite C202
Chicago, Illinois 60606-1333
Telephone:  (312) 753-5302
Email:      lclayaal@gmail.com

JOSEPH CURTIS EDMONDSON, ESQ. - *Pro Hac Vice (*California Bar No. 236105)
EDMONDSON IP LAW, LAW OFFICES OF J. CURTIS EDMONDSON, PLLC
3699 NE John Olsen Ave.
Hillsboro, Oregon 97124*Attorneys for Defendant/Counter-Plaintiff Brian Kabala*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KOLESAR & LEATHAM**
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

### CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Kolesar & Leatham, and that on the 22nd day of October, 2018, I caused to be served a true and correct copy of foregoing **COUNTER-PLAINTIFF'S RESPONSE IN OPPOSITION TO LHF'S MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO NRS § 41.670 [ECF NO.197]** in the following manner:

(ELECTRONIC SERVICE)  Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

*Mary A Barnes*

An Employee of KOLESAR & LEATHAM