# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LHF Productions, Inc.,

    Plaintiff

v.

Brian Kabala, et al.,

    Defendants

Case No.: 2:16-cv-02028-JAD-NJK

**Order Denying Motion for Reconsideration, Motion to Strike, and Motion for Leave to Supplement**

[ECF Nos. 187, 205, 213]

    LHF Productions, Inc. filed this copyright-infringement action against defendant Brian Kabala and several later-identified doe defendants, alleging that they had used BitTorrent software to illegally download the film *London Has Fallen*.[1] Kabala counterclaimed for a declaration of non-infringement and for abuse of process.[2] I granted LHF's voluntary motion to dismiss,[3] but Kabala reasserted his counterclaims.[4] I then dismissed Kabala's counterclaims because his abuse-of-process claim challenged LHF's protected communication under Nevada's anti-SLAPP law (NRS § 41.660), and he could not show that LHF had an ulterior motive or committed an improper act by filing its lawsuit.[5] I also denied the declaration of non-infringement because LHF had no live claims against Kabala to anchor his request for declaratory relief.[6]

---

[1] ECF Nos. 1 (complaint), 7 (amended complaint).
[2] ECF No. 22.
[3] ECF No. 72.
[4] ECF No. 73.
[5] ECF No. 179.
[6] *Id.*

Kabala now asks me to reconsider my dismissal of his abuse-of-process counterclaim, arguing that new evidence shows that LHF never had the data evincing the infringement it claimed to have, that I applied the wrong standard to assess his burden under the anti-SLAPP statute, and that recent Ninth Circuit caselaw requires a finding that LHF did not bring its copyright infringement action in good faith.[7] Because Kabala's new-evidence argument is unsupported by the record, the Ninth Circuit's decision is factually and procedurally inapposite, and Kabala cannot satisfy his burden even under NRS 41.600's prima-facie standard, I deny his motion to reconsider my previous dismissal. I also find that he has not shown good cause to reopen discovery, strike LHF's opposition to this motion for reconsideration, or supplement his filings.[8]

**Background**

LHF Productions, Inc. holds the copyright for the film *London Has Fallen*.[9] In 2016, LHF discovered that a number of individuals had used a BitTorrent peer-to-peer file sharing protocol "and the internet to reproduce, distribute, and display or perform" the film.[10] LHF's investigator traced the IP addresses of torrenting activity to physical addresses and sued the does connected to those IP address for direct, contributory, and vicarious copyright infringement.[11] After conducting limited discovery, LHF amended its complaint to identify the does based on physical addresses for each of the infringing IP addresses and named Brian Kabala as one such

---

[7] ECF No. 187.

[8] I find these motions are suitable for resolution without oral argument. I recognize that motions for attorneys' fees remain pending, and I will address them by separate order.

[9] ECF No. 1.

[10] *Id.* at ¶ 36.

[11] *See, e.g.*, ECF No. 1.

2

defendant.[12] LHF attached to its amended a complaint a list of the infringing IP addresses with the corresponding date, time, physical location, and person living at the address.[13] The entry corresponding to Kabala's IP address showed that torrenting activity occurred on June 16, 2016, at 1:49 a.m.[14]

Kabala answered the complaint, asserting various affirmative defenses, and counterclaimed against LHF for abuse of process and a declaration of non-infringement.[15] In turn, LHF sought a voluntary dismissal of its copyright-infringement claim, as it had with other defendants, and I granted its request without prejudice.[16] Kabala pressed on with his counterclaims,[17] and after a round of dismissal-motion briefing, I dismissed Kabala's abuse-of-process claim and granted him leave to amend his counterclaims.[18] Kabala amended his complaint, re-alleging both claims,[19] but LHF moved to dismiss again under Rule 12(b)(6) and also filed a separate special motion to dismiss under Nevada's anti-SLAPP statute, NRS 41.660.[20]

I found that both of Kabala's counterclaims should be dismissed as a matter of law. He was not entitled to declaratory relief when LHF no longer had live claims in this case because

---

[12] ECF No. 7.
[13] ECF No. 7-1.
[14] *Id.*
[15] ECF No. 22.
[16] ECF Nos. 70, 72.
[17] ECF No. 73.
[18] ECF No. 90.
[19] ECF No. 120.
[20] ECF No. 136.

LHF voluntarily dismissed them.[21] And, in light of LHF's motion to convert the dismissal to one with prejudice,[22] I rejected as moot Kabala's argument that his non-infringement declaratory relief should preclude LHF from refiling claims against him.[23]

Applying Nevada's framework for resolving anti-SLAPP motions, I also dismissed Kabala's abuse-of-process claim. I found that Kabala's action challenged LHF's good-faith right to petition the courts and that Kabala did not show by clear and convincing evidence that he had a probability of succeeding, having provided no evidence that LHF had an ulterior motive or committed an improper willful act by filing its copyright-infringement action.[24] I also denied as moot LHF's motion to dismiss Kabala's counterclaim for declaratory judgment for lack of subject-matter jurisdiction and his motion challenging the confidential designation of certain documents, and I closed this case.[25]

Kabala now moves for reconsideration of my dismissal of his abuse-of-process claim for three reasons: (1) newly discovered evidence shows that LHF did not bring its copyright infringement action in good faith, thus preventing it from meeting its burden under NRS 41.660(3)(a); (2) the court clearly erred in using the clear-and-convincing standard to assess Kabala's probability of success on the merits when NRS 41.660(3)(b) requires a prima facie standard; and (3) the Ninth Circuit's decision in *Cobbler Nevada v. Gonzalez*,[26] issued three days

---

[21] *See* ECF No. 179 at 2.
[22] ECF No. 174.
[23] ECF No. 179 at 3.
[24] *Id*. at 3–9.
[25] ECF No. 179.
[26] *Cobbler Nevada v. Gonzalez*, 901 F.3d 1142 (9th Cir. 2018)

after I granted LHF's anti-SLAPP motion, requires and supports Kabala's prima facie abuse-of-process case.

**Discussion**

**A.     Kabala's Motion for Reconsideration [ECF No. 187]**

Motions for reconsideration are not expressly authorized in the Federal Rules of Civil Procedure, but district courts may grant them under Rule 59(e).[27] Reconsideration is only warranted when: (1) the movant presents newly discovered evidence, (2) the district court committed clear error or the initial ruling was manifestly unjust, or (3) there is an intervening change in controlling law.[28] Although reconsideration may also be warranted under other highly unusual circumstances, it is well recognized as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[29] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled."[30]

   *1.     There is no new evidence to consider.*

Kabala argues that newly-discovered evidence has come about since he briefed his opposition to LHF's anti-SLAPP motion that establishes that LHF didn't bring its lawsuit in good faith.[31] First, he contends that LHF never captured any PCAPs (or "recordings of the

---

[27] *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[28] *Id.* (citing *All Haw. Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Haw. 1987)).

[29] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2007) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)).

[30] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[31] ECF No. 187.

5

infringing computer transactions"[32]) associated with BitTorrent activity with Kabala's IP address of the film *London Has Fallen*, meaning that LHF never had the information on which it based its lawsuit.[33] LHF explains that its counsel was confused when it previously reported that LHF had PCAP evidence linking the film distribution to Kabala's IP address because he assumed that LHF has used later added forensic technology.[34] But LHF used a different "Detection System" in this case, and it "accurately reported that by 1:52 a.m. on June 6, 2016, the IP address belonging to Kabala reported it had downloaded a complete copy of LHF's copyrighted [w]ork, had successfully distributed and was distributing pieces of that [w]ork, and have made the entire copy of the [w]ork available to be distributed to others, all via the BitTorrent protocol."[35] The absence of specific PCAP data does not mean there was no evidence of infringement, and that LHF's counsel may have misunderstood which forensic program captured the data connecting Kabala to the torrenting activity does not undermine my previous conclusion that LHF had a basis for bringing its copyright-infringement claim against Kabala.

Second, Kabala argues that LHF's Rule 30(b)(6) witness testimony revealed that LHF delegated its enforcement activity to a consulting group, Guardley/CMS, and the fact that "LHF had no material involvement in the litigation filed against [him] makes it highly improbable that the litigation communications purportedly made on behalf of LHF were in good faith."[36] LHF responds that Kabala's counsel knew that the 30(b)(6) witness was not directly involved with the lawsuit and declined LHF's suggestions of others with the requisite knowledge. And LHF

---

[32] ECF No 187-1 at 4.
[33] ECF No. 187 at 7.
[34] ECF No. 202 at 5.
[35] *Id*.
[36] *Id*. at 10–12.

6

argues that its retention of counsel and consultants on a contingency basis does not demonstrate an absence of good faith.

Kabala does not identify any authority, and I have found none, to support his claim that a corporation cannot meet the anti-SLAPP good-faith requirement when it delegates the enforcement of a claim to a consulting group. Nevada Revised Statutes §§ 41.600 and 41.637 require that the purported protected communication be made in good faith, meaning "truthful or made without knowledge of its falsehood," and the Ninth Circuit has explained that, in the absence of contradictory evidence, an attorney's signature certifying the veracity of a complaint will satisfy this requirement.[37] So the 30(b)(6) witness's lack of involvement and LHF's delegation of enforcement activity to a third party does not show that it did not file its copyright infringement action in good faith.

Third, Kabala argues that LHF "knew or should have known" when it filed this action that "an IP address alone" was insufficient to support a copyright-infringement claim because one of its attorneys lost on that issue in the District of Oregon, and the Ninth Circuit ultimately affirmed that proposition in *Cobbler Nevada v. Gonzalez*.[38] But Kabala fails to develop how this new case constitutes "new evidence" meriting reconsideration, and it is not apparent. I thus conclude that there is no new evidence meriting reconsideration of my dismissal order.

---

[37] *Century Sur. Co. v. Prince*, --Fed.Appx.--, 2019 WL 3285535, at *1 (9th Cir. July 22, 2019) (providing that, under Nevada Rule of Civil Procedure 11, an attorney's unchallenged signature certifying a complaint meets the good-faith requirement under NRS 41.660(3)(a)).

[38] ECF No. 187 at 6–7.

7

### *2. While I applied the higher, outdated standard, the result remains the same under either standard.*

I previously held that, based on the 2013 amendments to NRS 41.660(3)(b), Kabala had to demonstrate by clear and convincing evidence his probability of success on the merits of his abuse-of-process claim.[39] I also found that Kabala failed to meet this burden because he did not provide any evidence to support the two elements of his abuse-of process claim: that LHF had an ulterior motive and committed an improper act. Kabala argues that I committed clear error when I applied the "clear and convincing" standard because NRS 41.660(3)(b) requires the court to apply a prima-facie standard instead.[40] He contends that "LHF's many representations that it had PCAP evidence" when the newly discovered evidence, discussed above, shows that it didn't, establishes his prima facie abuse-of-process case.[41]

The Nevada Legislature has repeatedly amended the burdens parties must meet in litigating anti-SLAPP motions.[42] The latest amendments, passed in 2015, reduced the plaintiff's burden of proof from "clear and convincing" to "prima facie" evidence.[43] "A prima facie case is defined as sufficiency of evidence in order to send the question to the jury."[44] And because the Nevada Supreme Court has made it abundantly clear that the current statute requires courts to treat anti-SLAPP motions as summary-judgment motions,[45] courts must "[c]onsider such

---

[39] ECF No. 179 at 7.
[40] ECF No. 187 at 12–13.
[41] *Id*. at 13.
[42] *Coker v. Sassone*, 432 P.3d 746, 748 (Nev. 2019).
[43] *Id*.
[44] *Vancheri v. GNLV Corp.*, 777 P.2d 366, 368 (1989) (internal quotation marks omitted)
[45] *Coker*, 432 P.3d at 748.

evidence, written or oral, by witnesses or affidavits, as may be material" in resolving the motion.[46]

Although I applied the higher, outdated standard, the result would have been the same under the lower standard. Kabala could not have met his burden even under the prima-facie standard because he didn't submit any evidence to controvert LHF's arguments that it filed this copyright-infringement action in good faith and that the anti-SLAPP statute protects LHF's right to petition. Nor did he submit evidence to show that LHF had an ulterior motive. As I previously explained, filing legitimate lawsuits with the hope of resolving them by settlement is not an improper use of the legal process unless the defendant can show that the plaintiff knew it had no basis for the claim.[47] And Kabala did not submit any evidence to show that LHF had no basis to file the its copyright infringement claim against Kabala. His argument that new evidence showing that LHF never had PCAP data, which I rejected above, establishes his probability of success on the merits is also wrong—LHF counsel's misunderstanding of which forensic technology detected the torrenting activity is not evidence of LHF's ulterior motive. Thus, even if I had applied the prima facie standard, Kabala would still not have met his burden for lack of evidence.

### 3. *The Ninth Circuit's decision in <u>Cobbler Nevada</u> does not merit reconsideration.*

Kabala's last attempt to argue for reconsideration assumes that both of his previous arguments prevail, and it fails for the same reasons: lack of evidence. Kabala argues that the Ninth Circuit's decision in *Cobbler Nevada v. Gonzalez*, which issued three days after I

---

[46] Nev. Rev. Stat. § 41.660(3)(d).

[47] ECF No. 179 at 8 (citing *Bull v. McKuskey*, 615 P.2d 957, 960 (Nev. 1980) *overruled in part on other grounds, Ace Truck and Equip. Rentals, Inc. v. Kahn*, 746 P.2d 132 (Nev. 1987)).

dismissed his claims, resolves this case in his favor. In *Cobbler Nevada*, the court considered whether the District of Oregon had erred in granting a subscriber's motion to dismiss when "[t]he only connection between [the defendant-subscriber] and the infringement was that he was the registered internet subscriber and that he was sent infringement notices."[48] This IP-address-only evidence was too weak of a link to trace the infringing activity to the defendant, particularly because the IP address was traced to a facility "where numerous people live in and visit."[49] The court explained that the IP address data only identified the account holder, and "simply establishing an account does not mean the subscriber is even accessing the internet, and multiple devices can access the internet under the same IP address."[50] So it affirmed the dismissal.

Kabala argues that, like the copyright holder in *Cobbler Nevada*, LHF based its claim solely on the IP address it traced to him.[51] He adds that the attorney who represented Cobbler Nevada, LLC before the District of Oregon was also retained by LHF in this case just two months after that decision issued.[52] So, based on the lower court's decision in that case, LHF's counsel in this case "knew or should have known that it had insufficient evidence to state a claim for copyright infringement against Kabala," and the fact that it filed the action despite the Oregon decision shows that LHF did not file it in good faith.[53]

*Cobbler Nevada* is factually and procedurally distinguishable. Unlike the subscriber in *Cobbler Nevada* who lived in a multi-person dwelling, Kabala does not refute that he lives

---

[48] *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1147 (9th Cir. 2018).
[49] *Id*. at 1146.
[50] *Id*.
[51] ECF No. 187 at 15.
[52] *Id*.
[53] *Id*. at 15.

alone,[54] and LHF submitted evidence to show that it targeted him because he had downloaded over 80 copyrighted works before *London Has Fallen*, all of which reflect similar trends in content and genre.[55] Additionally, *Cobbler Nevada* concerned a standard motion to dismiss that required mere plausibility pleading, whereas here, I dismissed Kabala's claims under Nevada's anti-SLAPP law, which functions as summary-judgment motion and required Kabala to submit evidence to demonstrate his probability of success. Kabala has thus given me no basis to reconsider my dismissal order.[56]

**B.    Kabala's Motion to Strike [ECF No. 205]**

Kabala moves to strike the entirety of LHF's opposition to his motion for reconsideration based on LHF's attachment of two exhibits that Kabala claims were not produced in discovery.[57] He cites to Federal Rule of Civil Procedure 37(c)(1) as the legal basis for his request, but he does not explain how Rule 37 is the appropriate vehicle for striking an opposition to a motion. Indeed, there is no provision in the Federal Rules of Civil Procedure for striking briefs.[58]

Even if Kabala had provided a valid legal basis for this relief, the factual basis for his request is meritless. LHF claims that Exhibits 2 and 3 of LHF's opposition were previously produced as part of a larger set of discovery under bates numbers "LHF 000147-000153," which

---

[54] *Compare* ECF No. 202 *with* ECF No. 206.

[55] ECF Nos. 202 at 18–19; 202-11 (Exhibit 6—Additional Evidence).

[56] In the alternative, Kabala asks this court to allow him additional limited discovery that he claims will allow him to defeat LHF's anti-SLAPP motion, *see* ECF No. 187 at 16, but he has given me no cause to reopen discovery because the individuals which he seeks to depose are unlikely to reveal information that LHF did not bring its action in good faith—neither are agents of LHF, they cannot bind LHF, and already provided declarations in this case.

[57] ECF No. 205.

[58] *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 229 F.R.D. 201, 203 (D.N.M. 2005) (internal citation omitted).

11

LHF provided to Kabala on a thumb drive, DVD, and through a Google Drive Link, as shown in an email from LHF to Kabala's counsel dated June 28, 2018.[59] Kabala does not contend that the exhibits were not contained in the previously-produced discovery, focusing his reply on entirely new arguments not present in his motion to strike.[60] Lastly, even if these exhibits should be disregarded, I further deny the motion to strike because these documents played no role in my denial of Kabala's motion to reconsider.

**C.    Kabala's Motion to Supplement [ECF No. 213]**

Finally, I address Kabala's motion for leave to file supplemental authority. Kabala seeks leave to supplement his reconsideration arguments and pending motion for attorneys' fees with a declaration from Oregon attorney David H. Madden.[61] Kabala describes Madden as "another BitTorrent defense attorney" in a case pending in Oregon.[62] Madden "do[es] not claim to be an expert in computer networks, BitTorrent transactions, or legal evidentiary principles," but he "believe[s] the systems used to collect case-initiating data for BitTorrent lawsuits are flawed and unreliable," so he offers "an analogy" for the court to consider.[63] Kabala contends that Madden's opinion is "new evidence" of his ability to "show with prima facie evidence a probability of prevailing on his abuse of process claim."[64] LHF opposes the motion.[65]

---

[59] *See* ECF No. 211-5 (email from LHF to Kabala's counsel providing exhibits LHF 000147–53).
[60] *See* ECF No. 212.
[61] ECF No. 213.
[62] *Id*. at 3.
[63] ECF No. 213-1.
[64] ECF No. 213 at 4.
[65] ECF No. 218.

Kabala has not shown good cause for me to consider Madden's statement. Madden is not a disclosed witness in this case, and he has not demonstrated that he is a witness with personal knowledge of the facts of this case. Nor can he serve as an expert witness in this case. Even if he were properly disclosed under the discovery rules, he has not established himself as an expert in the topics that he discusses; indeed, he admits he is not an expert in these topics.[66] Madden's opinion is simply not relevant or otherwise admissible as evidence in this case. Accordingly, I deny Kabala's motion for leave to file supplemental authority.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration **[ECF No. 187] is DENIED**.

It is FURTHER ORDERED that Defendant's Motion to Strike **[ECF No. 205] is DENIED**.

It is FURTHER ORDERED that Defendant's Motion for Leave to Supplement **[ECF No. 213] is DENIED**.

DATED September 30, 2019.

_____
Jennifer A. Dorsey
United States District Judge

---

[66] ECF No. 213-1.

13